IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PEDRO GARCIA ARRIAGA, and all others §
similarly situated under 29 U.S.C. 216(B), §
                                         §
        Plaintiff                        §
                                         §
    V.                                   §
                                         §  CIVIL ACTION NO. : 3:12-CV-00094-D
CALIFCO, LLC, JESS ENTERPRISES,          §
LLC, SEJ PROPERTIES, L.P., ELIAS         §
SHOKRIAN A/K/A ELIAS SHAKRIAN.           §
                                         §
        Defendants                       §

## OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF PEDRO GARCIA ARRIAGA

TO:   Defendants, by and through their attorneys of record, Tom Carse, Carse Law Firm, 6220 Campbell Rd., Suite 401, Dallas, Texas 75248, Fax: (972) 503-6348:

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Pedro Garcia Arriaga ("Arriaga" or "Plaintiff") serves these objections and responses to Defendants' First Request for Production to Plaintiff, Pedro Garcia Arriaga, as follows:

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Any documents identified, referenced, or relied upon by Plaintiff for information to answer Defendant's First Set of Interrogatories and Defendant's First Request for Admissions.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs.

EXHIBIT
2
PENGAD 800-631-6989

OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
PEDRO GARCIA ARRIAGA                                                   PAGE 1

**REQUEST FOR PRODUCTION NO. 2:** Documents relating to any arrest, indictment, charge, or criminal conviction of Plaintiff, including any information, indictment, warrant, plea or sentencing.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 3:** Communications, either oral or written, between you and Defendants relating to the facts underlying any claim asserted in the Lawsuit.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs. Pleadings and communications between counsel for the parties in this case to which Defendants have equal access.

**REQUEST FOR PRODUCTION NO. 4:** Communications, either oral or written, between you and any employees (former or current) of Defendants relating to the facts underlying any claim or defense asserted in the Lawsuit.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs. Pleadings and communications between counsel for the parties in this case to which Defendants have equal access.

**REQUEST FOR PRODUCTION NO. 5:** Audio or video recordings, transcripts, notes, personal and/or business diaries, chronologies, journals, calendars or other documents, whether written or electronic, concerning the factual and legal claims against Defendants as set forth in the Lawsuit.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 6:** Documents that reflect or evidence any damages you claim to have sustained for which you are seeking to recover by this action.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs.

**REQUEST FOR PRODUCTION NO. 7:** All witness statements, whether signed or unsigned, which directly or indirectly relate to the subject matter of this Lawsuit.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 8:** All documents concerning the identity or location of any person with knowledge of the subject matter of this Lawsuit.

**RESPONSE:**

Plaintiff objects to this request as it seeks information protected by the Attorney Client privilege and the Attorney Work Product privilege. Subject to and without waiving the foregoing objections: None.

**REQUEST FOR PRODUCTION NO. 9:** All documents evidencing conversations between you and any Defendant or any current or former employee, agent, or representative of Defendant, in which Defendant is mentioned, or in which the subject of your allegations in the Complaint is mentioned, including any tape recordings or transcriptions thereof.

**RESPONSE:**

Pleadings and communications between counsel for the parties in this case to which Defendants have equal access.

**REQUEST FOR PRODUCTION NO. 10:** All documents and tangible things you received or otherwise obtained from any Defendant and/or its present or former employees, agents, or representatives, at any time, including notes, memoranda, letters, handbooks, personnel manuals, and policies that in any way relate to your claims in this Lawsuit.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs. Pleadings and communications between counsel for the parties in this case to which Defendants have equal access.

**REQUEST FOR PRODUCTION NO. 11:** All documents and tangible things concerning or otherwise relating to any aspect of your employment with any named Defendant, including documents relating to your claims against Defendant, including personnel records, diaries, journals, handwritten or typed notes, memoranda, payroll records, tape recordings, calendars, phone lists, address books, rolodex cards, photographs, pictures, and/or recordings.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs. Pleadings and communications between counsel for the parties in this case to which Defendants have equal access.

**REQUEST FOR PRODUCTION NO. 12:** All documents and tangible things concerning or otherwise relating to any aspect of your employment with Defendant, that you sent, received, or read that were generated or created prior to the date this Lawsuit was filed.

**RESPONSE:**

Enclosed copies of Timesheets and Paystubs.

OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
PEDRO GARCIA ARRIAGA                                                          PAGE 3

**REQUEST FOR PRODUCTION NO. 13:** All documents and tangible things reflecting, evidencing, or concerning your complete employment history, including, but not limited to, prior work experience and job responsibilities, reasons you left each previous position, experience level and qualifications for each position held, and earnings history at each such job.

**RESPOSNE:**

Enclosed copies of Timesheets and Paystubs.

**REQUEST FOR PRODUCTION NO. 14:** All statements taken from any person or potential witness, which relate to the allegations made in this Lawsuit.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 15:** Signed federal income tax returns for the years 2004, 2005, 2006, 2007, and 2008. If the requested return was not filed or has not yet been filed, produce instead all W-2's, 1099's, or other income statements that would have been filed with the returns.

**RESPONSE:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

See enclosed copies of W-2's and federal income tax returns for the years 2005, 2006, 2007 and 2008.

**REQUEST FOR PRODUCTION NO. 16:** Any document you intend to introduce during the trial of this matter.

**RESPONSE:** Plaintiff objects to this request as it seeks information protected by the Attorney Client privilege and the Attorney Work Product privilege. Plaintiff will supplement this response in accord with the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 17:** Produce a copy of the front and back of your driver's license and Social Security card.

**RESPONSE:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
PEDRO GARCIA ARRIAGA

**REQUEST FOR PRODUCTION NO. 18:** All documents that form the basis of or support the claim in Paragraph 15 of Plaintiff's Original Complaint that "It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid the proper wages under the Fair Labor Standards Act."

**RESPONSE:**

Plaintiff will supplement this response as discovery progresses – documents responsive to this request are believed to be in the possession of Defendants.

**REQUEST FOR PRODUCTION NO. 19:** All documents that form the basis of or support the claim in Paragraph 17 of Plaintiff's Original Complaint that "Both the Defendants' business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period."

**RESPONSE:**

Plaintiff will supplement this response as discovery progresses – documents responsive to this request are believed to be in the possession of Defendants.

**REQUEST FOR PRODUCTION NO. 20:** All documents that form the basis of or support the claim in Paragraph 18 of Plaintiff's Original Complaint that "the Defendant companies had gross sales or business done in excess of $500,000.00 annually for the years 2006 through 2011."

**RESPONSE:**

Plaintiff will supplement this response as discovery progresses – documents responsive to this request are believed to be in the possession of Defendants.

**REQUEST FOR PRODUCTION NO. 21:** All documents that form the basis of or support the claim in Paragraph 19 of Plaintiff's Original Complaint that "the Defendant companies are expected to exceed $500,000.00 in gross sales or business during the year 2012."

**RESPONSE:**

Plaintiff will supplement this response as discovery progresses – documents responsive to this request are believed to be in the possession of Defendants.

Respectfully submitted,

by:    /s/ Robert L. Manteuffel

Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via certified mail and facsimile, this 14th day of September, 2012, upon the counsel of record listed below:

**Tom Carse**
Carse Law Firm
Texas Bar No. 00796310
6220 Campbell Rd., Suite 401
Dallas, Texas 75248

Facsimile    (972) 503-6348

/s/ Robert L. Manteuffel
Robert L. Manteuffel