IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b),<br>Plaintiff,<br><br>v.<br><br>JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P,<br>CALIFCO, LLC, and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 3:12-cv-00094-D-BK |

## PEDRO GARCIA ARRIAGA'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT

Plaintiff asks the Court to deny Defendants' Motion to Compel and would show the Court as follows:

## A. INTRODUCTION

1.     Plaintiff is Pedro Garcia Arriaga.  Mr. Arriaga is a day laborer with little formal education. Mr. Arriaga cannot read or write the Spanish language.  Mr. Arriaga cannot read, write, speak or understand the English language.

2.     Defendants are Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC and Elias Shokrian *also known as* Elias Shakrian.

3.     Plaintiff sued defendants for violations of the Fair Labor Standards Act.

4.     On September 14, 2012 Plaintiff timely served his Answer and Objections to Defendants' Interrogatories, Requests for Production and Requests for Admissions. On September 25, 2012 Plaintiff executed the verification page to his interrogatory responses.  The file indicates that this verification was forwarded to opposing counsel on September 26, 2012.  *See* **Exhibit A** attached hereto. Counsel for Plaintiff also sent them on October 29, 2012.  *See* **Exhibit B** attached hereto.  On October 9, 1012 Defendants filed a motion to compel Plaintiff to respond to the discovery requests objected to by Plaintiff.  Copies of the discvery responses at issue are attached as exhibits to the aforementioned Motion. Because Plaintiff properly responded to Defendants' discovery requests, the Court should deny Defendants' motion to compel.

**PEDRO GARCIA ARRIAGA'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT**          **Page 1**

## B. ARGUMENT

5.    Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

6.    A motion to compel discovery may be granted only if (1) a deponent did not answer a question asked under Federal Rule of Civil Procedure 30 or 31, (2) a corporation or other entity did not designate an organizational representative under Rule 30(b)(6) or 31(a)(4), (3) a party did not answer an interrogatory submitted under Rule 33, or (4) a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

7.    The Court should deny Defendants' motion to compel.  Plaintiff timely served his objections and responses to the discovery at issue.  The responses and objections are adequate and proper as set out below.  Plaintiff did not make the objections to thwart discovery but instead because the requests are improper and seek information outside the permissible scope of discovery or are unduly burdensome.

## INTERROGATORIES AT ISSUE

**INTERROGATORY NO. 1:**    For each named Defendant identify your immediate supervisor during the entire period of your employment, the start and end dates of your employment with each named Defendant.

## ANSWER:

Plaintiff objects to this interrogatory as it is overbroad and unduly burdensome, and seeks a narrative response that is more properly given in a deposition.  Subject to and without waiving the foregoing objections Plaintiff answers as follows:  During my entire employment with the Defendant from 2005 until 2012, My Supervisor was Mr. Albino Villanueva, employee of Mr. Elias Shokrian.

### *Argument for the Objection*

Any person who acts indirectly in the interest of Plaintiff's employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act. *See* 29 U.S.C. 203 (d).  Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act. *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).  The same can be said of supervisors, immediate or otherwise.  As set out above Plaintiff is illiterate and does not speak or write the English language.  To require him to set out a lengthy and detailed narrative response, that must be translated, transcribed, and retranslated, sufficient to satisfy the requirements of the federal court system is unduly burdensome when the vehicle of a deposition is available to Defendants.  Plaintiff's objection

**PEDRO GARCIA ARRIAGA'S RESPONSE TO**
**DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT          Page 2**

is proper and his answer is as well.

**INTERROGATORY NO. 2:**        If you contend you were employed by and not paid overtime wages by each of the named Defendants, state the basis for your contention and include your rate of pay for each named Defendant you have sued, the number of regular and overtime hours worked for each named Defendant and include the dates you allegedly worked for each, the number of hours worked each day and the total amount of money you claim is owed you for each of the Defendants you have sued.

**ANSWER:**

Plaintiff objects to this interrogatory as it is overbroad and unduly burdensome, and seeks a narrative response that is more properly given in a deposition.  Subject to and without waiving the foregoing objections Plaintiff answers as follows:  Please refer to enclosed paystubs copies.

*Argument for the Objection*

Plaintiff incorporates by reference the arguments made in support of his response and objections to interrogatory number 1. above.

**INTERROGATORY NO. 3:**        If you contend you were employed by and not paid overtime wages by Defendant Elias Shokrian, individually, state the factual basis for your contention and identify all documents in your possession that you contend contain admissible evidence in support of your contention.

**ANSWER:**

Plaintiff objects to this interrogatory as it is overbroad and unduly burdensome, and seeks a narrative response that is more properly given in a deposition.  Subject to and without waiving the foregoing objections Plaintiff answers as follows:  Please refer to Timesheets and Paystubs copies in my possession.

*Argument for the Objection*

Plaintiff incorporates by reference the arguments made in support of his response and objections to interrogatory number 1. above.

**INTERROGATORY NO. 4:**        Identify your current employer, current supervisor's name, your current rate of pay, number of days worked each week and number of hours worked each day and include the same information for all other employers and supervisors for whom you have worked since leaving the employ of any named Defendant.

**ANSWER:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

*Argument for the Objection*

Plaintiff has made no claim for retaliation.  Therefore the information sought is irrelevant and can only be sought for the purposes of harassing Plaintiff or his subsequent employers.

**INTERROGATORY NO. 5:**        For the 5 years preceding your employment with any named Defendant, Identify your former employers by including their names and business addresses, last supervisor's name, your rate of pay, and your job title.

**ANSWER:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

*Argument for the Objection*

The information sought is irrelevant and can only be sought for the purposes of harassing Plaintiff or his former employers.

**INTERROGATORY NO. 6:**        Since filing this lawsuit, identify each person other than your lawyers, with whom you spoken to about the allegations in the lawsuit including all persons you believe are employed by any of the named defendants. For each such person you identify, include their work and home address if known and their telephone number, as well as the approximate dates you spoke with each person identified.

**ANSWER:**

Plaintiff objects to this request based upon spousal privilege.  Subject to and without waiving that objection: None.

*Argument for the Objection*

This objection speaks for itself.  Plaintiff is not required to reveal the details associated with any conversation he may have had with his wife.

**PEDRO GARCIA ARRIAGA'S RESPONSE TO**
**DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT          Page 4**

## PLAINTIFF HAS PROVIDED A SIGNED VERIFICATION PAGE

As set out above Plaintiff provided a signed verification page on September 26, 2012. He is a day laborer who has difficulty getting time off from work and must have his responses read to him and translated as well. In addition Plaintiff's counsel sent the verification page again on October 29, 2012 and argues that any deficiency associated with it has been cured.

## REQUESTS FOR PRODUCTION AT ISSUE

**REQUEST FOR PRODUCTION NO. 8:** All documents concerning the identity or location of any person with knowledge of the subject matter of this Lawsuit.

**RESPONSE:**

Plaintiff objects to this request as it seeks information protected by the Attorney Client privilege and the Attorney Work Product privilege. Subject to and without waiving the foregoing objections: None.

### *Argument for the Objection*

These objections speak for themselves and involve privilege. Plaintiff has no documents that are not attorney notes or correspondence between counsel and Plaintiff. The documents are not discoverable.

**REQUEST FOR PRODUCTION NO. 15:** Signed federal income tax returns for the years 2004, 2005, 2006, 2007, and 2008. If the requested return was not filed or has not yet been filed, produce instead all W-2's, 1099's, or other income statements that would have been filed with the returns.

**RESPONSE:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

See enclosed copies of W-2's and federal income tax returns for the years 2005, 2006, 2007 and 2008.

### *Argument for the Objection*

Plaintiff did not work for Defendants until July of 2005. Therefore 2004 tax documents are irrelevant.

**PEDRO GARCIA ARRIAGA'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT          Page 5**

**REQUEST FOR PRODUCTION NO. 16:**  Any document you intend to introduce during the trial of this matter.

**RESPONSE:**  Plaintiff objects to this request as it seeks information protected by the Attorney Client privilege and the Attorney Work Product privilege.  Plaintiff will supplement this response in accord with the Court's Scheduling Order.

*Argument for the Objection*

These objections speak for themselves and are well taken.  The Defendants are not allowed to invade the mental processes of Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 17:** Produce a copy of the front and back of your driver's license and Social Security card.

**RESPONSE:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

*Argument for the Objection*

Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See*, *In re Margarito Reyes, et al.,* 814 F.2d 168, 169 (5th Cir. 1987) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant. An employee is "any individual employed by an employer." FLSA, 29 U.S.C. § 203(e).") (denying discovery on writ of mandamus).  Plaintiff has made no claim for retaliation.  Therefore the information sought is irrelevant and can only be sought for the purposes of harassing Plaintiff.

## REQUESTS FOR ADMISSIONS AT ISSUE

**REQUEST FOR ADMISSION NO. 1:**      Admit that Defendant Elias Shokrian a/k/a Elias Shakrian did not hire you.

**ANSWER:**

Plaintiff objects to this request as it is vague.  Subject to this objection, Plaintiff cannot admit or deny bases upon reasonable inquiry at this time; therefore denied.  Plaintiff will supplement this response.

*Argument for the Objection*

Any person who acts indirectly in the interest of Plaintiff's employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.  *See* 29

**PEDRO GARCIA ARRIAGA'S RESPONSE TO**
**DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT          Page 6**

U.S.C. 203 (d).  Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.  *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).  The same can be said for the "hiring" decision or approval for hiring.  Absent the depositions of Defendants, their agents and Elias Shokrian a/k/a Elias Shakrian in particular, Plaintiff will not be in apposition to answer this request.

**REQUEST FOR ADMISSION NO. 3:**    Admit that Defendant Elias Shokrian a/k/a Elias Shakrian did not supervise you.

**ANSWER:**

Plaintiff objects to this request as it is vague.  Subject to this objection, Plaintiff cannot admit or deny bases upon reasonable inquiry at this time; therefore denied.  Plaintiff will supplement this response.

*Argument for the Objection*

Any person who acts indirectly in the interest of Plaintiff's employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.  *See* 29 U.S.C. 203 (d).  Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.  *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).  The same can be said for the "supervision" of Plaintiff.  Absent the depositions of Defendants, their agents and Elias Shokrian a/k/a Elias Shakrian in particular, Plaintiff will not be in apposition to answer this request.

**REQUEST FOR ADMISSION NO. 10:**  Admit you used a false Social Security number when you applied for employment with SEJ Properties, LP.

**ANSWER:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

*Argument for the Objection*

Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See*, *In re Margarito Reyes, et al.,* 814 F.2d 168, 169 (5th Cir. 1987) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant. An employee is "any individual employed by an employer." FLSA, 29 U.S.C. § 203(e).") (denying discovery on writ of mandamus).

Plaintiff has made no claim for retaliation.  Therefore the information sought is irrelevant and can only be sought for the purposes of harassing Plaintiff.

**PEDRO GARCIA ARRIAGA'S RESPONSE TO**
**DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT**          **Page 7**

**REQUEST FOR ADMISSION NO. 11:**   Admit you used a false Social Security number when you applied for employment with Califco, LLC.

**ANSWER:**

Plaintiff objects to this request as it seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

### *Argument for the Objection*

Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See*, *In re Margarito Reyes, et al.,* 814 F.2d 168, 169 (5th Cir. 1987) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant. An employee is "any individual employed by an employer." FLSA, 29 U.S.C. § 203(e).") (denying discovery on writ of mandamus).

Plaintiff has made no claim for retaliation.  Therefore the information sought is irrelevant and can only be sought for the purposes of harassing Plaintiff.

**REQUEST FOR ADMISSION NO. 16:**   Admit that the answers to these Requests are yours and not the answers of your attorney.

**ANSWER:**

Plaintiff objects to this request as it is vague.  Subject to this objection:  Admitted as to the answers only.  The objections are made by my attorney.

### *Argument for the Objection*

This request is vague as it does not state with particularity whether or not Defendants intend to include Plaintiff's objections in their definition of "answer" and Plaintiff responded accordingly.

9. In the alternative, if the Court finds that an order compelling discovery is proper, the Court should not impose sanctions because Plaintiff believed in good faith that the discovery requests were objectionable. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

## C. CONCLUSION

10. Plaintiff complied with the rules. The Court should deny Defendants' motion to compel and should award Plaintiff reasonable expenses and attorney fees incurred in preparing this response. However, if the Court finds that an order compelling discovery is proper, the Court should not impose sanctions because Plaintiff believed in good faith that the discovery requests were objectionable.

Respectfully submitted,

by:    /s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address:  rlmanteuffel@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 29th day of October, 2012.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)