## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PEDRO GARCIA ARRIAGA and** | § | |
| **all others similarly situated** | § | |
| **under 29 U.S.C. 216(b),** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:12-cv-00094-D-BK** |
| | § | |
| **JESS ENTERPRISES, LLC,** | § | |
| **SEJ PROPERTIES, L.P,** | § | |
| **CALIFCO, LLC, and ELIAS SHOKRIAN** | § | |
| *also known as* | § | |
| **ELIAS SHAKRIAN,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION IN LIMINE

Before the voir dire examination of the jury panel, Plaintiff, Pedro Garcia Arriaga, makes this motion in limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendants, Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC and Elias Shokrian *also known as* Elias Shakrian inject these matters in this case through a party, an attorney, or a witness, defendants will cause irreparable harm to Plaintiffs' case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this motion in limine.

### A.  Grounds

Plaintiff asks the Court to prohibit defendants from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

**PLAINTIFF'S MOTION IN LIMINE**                                      **PAGE 1**

1.   **<u>References to attorney fees and costs and liquidated damages:</u>**

Any reference to attorney fees, costs and/or liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter.  Referencing attorney fees, costs or liquidated damages has absolutely no probative value and can only possibly be used to unfairly prejudice the jury. As such, any reference to attorney fees, costs or liquidated damages at trial should be excluded.  Moreover, liquidated damages, fees and costs are determined by the Court post-trial and the jury has no need to hear about them.

**AGREED:   NO**

2.   **<u>References to Plaintiffs' Immigration Status:</u>**

The Plaintiff moves to preclude all references at trial to the Plaintiff's immigration status. Immigration status is irrelevant to a claim for overtime wages under the FLSA and is otherwise highly prejudicial.  Such is also not discoverable.  *See, In re Margarito Reyes, et al.,* 814 F.2d 168, 169 (5th Cir. 1987) ("[I]t is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant. An employee is "any individual employed by an employer." FLSA, 29 U.S.C. § 203(e).") (denying discovery on writ of mandamus).

**AGREED:   NO**

**<u>PLAINTIFF'S MOTION IN LIMINE</u>**                                    **PAGE 2**

3.  **References to Income Taxes:**

Defendants will likely attempt to prejudice the jury by questioning the Plaintiff regarding income tax filing issues.  Such is irrelevant to this wage and hour matter, and whether Plaintiff filed income taxes has no connection with the issues to be decided by the jury in this suit and the Plaintiff's right to minimum and overtime wages under the law.  *See, O2 Micro International Ltd.  v. Beyond Innovation Tech. Co., Ltd., and FSP Technology, Inc. (formerly known as Spi Electronic Co., Ltd.), FSP Group, and Lien Chang Electronic Enterprise Co., Ltd.,* 2011 U.S. App. LEXIS 23125 (Fed. Cir. November 18, 2011*) (Unpublished Opinion)* (upholding sanctions order  issued by Magistrate Judge Charles Everingham, IV, E.D. Tex., for attorney's violation of *in limine* order preventing defendant from offering evidence relating to taxation, by asking questions related to tax avoidance during *voir dire*).

**AGREED:    NO**

## B. Conclusion

For these reasons, Plaintiffs ask the Court to instruct defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

By:     /s/ Robert L. Manteuffel_____
        Robert L. Manteuffel
        Texas Bar No. 12957529
        J.H. Zidell, P.C.
        6310 LBJ Freeway, Ste. 112
        Dallas, Texas 75240
        Tel:    972-233-2264
        Fax:    972-386-7610
        E-mail address: rlmanteuffel@sbcglobal.net

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Tom Carse, Counsel for the Defendants, by e-mail and telephone on July 22, 2013 with regard to the relief sought, but that at the time of the filing of this Motion agreement has not been reached.  Therefore the Motion is presented to the Court for determination.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 22nd day of July, 2013.

/s/ Robert L. Manteuffel
Robert L. Manteuffel