IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under 29 U.S.C. 216(b),<br><br>  Plaintiff,<br><br>vs.<br><br>JESS ENTERPRISES, LLC;<br>SEJ PROPERTIES, L.P;<br>CALIFCO, LLC, and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>3:12-cv-00094-D |

---

**DEFENDANTS' PROPOSED CHARGE OF THE JURY**

---

  Defendants Jess Enterprises, LLC, ("Jess") SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco") and Elias Shokrian a/k/a Elias Shakrian ("Shokrian") (collectively, "Defendants") file this Proposed Charge to the Jury as follows:

**I.**

**GENERAL INSTRUCTIONS FOR CHARGE**

**PROPOSED INSTRUCTION NO. 1[1]**

MEMBERS OF THE JURY:

  You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

  [After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are

---

[1] Adapted from the 5th Cir. Pattern Jury Instructions (Civil Cases) (2009) Instruction Nos. 2.11, 2.13, 2.23, and 3.1

intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

## Bias-Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## Burden of Proof

Unless I instruct you otherwise, you must answer all questions from a preponderance of the evidence. A "preponderance of the evidence' means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## Credibility of Witnesses

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Evidence and Inferences

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other

evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Deposition Testimony**

Certain testimony may have been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was presented and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] as if the witness had been present and had testified from the witness stand in court.

**Jurors' Notes**

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

**Deliberations**

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

Accepted: _____
Rejected: _____
Modified: _____

<br>

_____
UNITED STATES DISTRICT JUDGE

## II.

## PLAINTIFFS' CLAIMS UNDER THE FAIR LABOR STANDARDS ACT[2]

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages and/or time-and-a-half overtime pay. Plaintiff claims that Defendants did not pay him the legally required minimum wage and/or overtime pay.

In order to prevail on his claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

    1. Plaintiff was employed by Defendants during the time period involved;

    2. Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce; and

    3. Defendants failed to pay Plaintiff the minimum wage and/or overtime pay required by law.

With respect to the second fact - that Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods or commerce - the term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside the state. An enterprise engaged in commerce or

_____
[2] Adapted from the 11th Cir. Pattern Jury Instructions (Civil Cases) (2005) Instruction No. 1.7.1

the production of goods means an enterprise that has employees engaged in commerce or production of goods for commerce and has annual gross sales of at least $500,000.00.

The minimum wage that the Act required to be paid during the time involved in this case was $7.25 per hour. [3] Plaintiff was paid $8.50 per hour during the entire time of his employment with Califco, LLC and/or SEJ Properties, L.P.

In addition to the minimum wage, the FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in anyone work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Defendants Califco, LLC and SEJ Properties, L.P. claim Plaintiff did not physically work all of the overtime hours he is claiming. The evidence showed that Plaintiff, and at least one other employee of Defendants Califco, LLC and SEJ Properties, L.P., occasionally clocked each other in/out despite not being physically present at the job site.

If you find that Plaintiff has proved his claim, and that Defendants have failed to compensate Plaintiff for overtime, then you must turn to the question of damages which Plaintiff is entitled to recover.

The measure of damages is the difference between what Plaintiff should have been paid under the FLSA and the amount that you find Plaintiff actually was paid.

Plaintiff is entitled to recover lost wages from the present time back to no more than two (2) years before this lawsuit was filed on January 11, 2012, unless you find Defendants either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that Defendants knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA, Plaintiff is entitled to recover lost wages from the present time back to no more than three (3) years before this lawsuit was filed.

The following questions will ask you to determine facts regarding Plaintiff s work hours and pay for the period during which he worked for Defendants.

Accepted: _____

Rejected: _____

---

[3] 29 U.S.C. § 206

Modified: _____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED QUESTION NO. 1[4]

Do you find from a preponderance of the evidence that Plaintiff was an employee employed by an enterprise engaged in commerce or in the production of goods for commerce?

Answer "Yes" or "No"

_____

Please proceed to Question No.2.

Accepted: _____
Rejected: _____
Modified: _____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED QUESTION NO. 2[5]

Do you find from a preponderance of the evidence that Defendants failed to pay Plaintiff the minimum wage and/or overtime pay required by law?

Answer "Yes" or "No"

_____

If your answer to Question No. 1 and 2 was "Yes," then answer the following questions. Otherwise, do not answer the following questions and you are finished.

Accepted: _____
Rejected: _____
Modified: _____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED QUESTION NO. 3[6]

_____

[4] Adapted from the 11th Cir. Pattern Jury Instructions (Civil Cases) (2005) Instruction No. 1.7.1
[5] Adapted from the 11th Cir. Pattern Jury Instructions (Civil Cases) (2005) Instruction No. 1.7.1
[6] Adapted from the 11th Cir. Pattern Jury Instructions (Civil Cases) (2005) Instruction No 1.7.1

Do you find from a preponderance of the evidence that Defendants either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA?

Answer "Yes" or "No"

_____

Please proceed to Question No.4.

Accepted: _____
Rejected: _____
Modified: _____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED QUESTION NO. 4[7]

What sum of money should be awarded to Plaintiff as damages under the FLSA? Answer in dollars and cents or answer "none":

$_____

Please proceed to Question No.5.

Accepted: _____
Rejected: _____
Modified: _____

_____
UNITED STATES DISTRICT JUDGE

_____

[7] Adapted from the 11th Cir. Pattern Jury Instructions (Civil Cases) (2005) Instruction No. 1.7.1

DEFENDANTS' PROPOSED CHARGE OF THE JURY                    Page 7 of 8

## CERTIFICATION

The foregoing is the unanimous verdict of the jury.

Date: _____

_____
Foreperson

_____
Printed Name of Foreperson

Respectfully submitted,

**CARSE LAW FIRM**

By:_____*/s/ Tom Carse*_____
**Tom Carse**
State Bar No. 00796310
6220 Campbell Road, Suite 401
Dallas, Texas 75248
Telephone  972/503-6338
Facsimile  972/503-6348

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was provided to all counsel of record, via automated Notice of Electronic Filing to Filing Users and/or certified mail and/or facsimile, in accordance with the Federal Rules of Civil Procedure, on this 22nd day of July, 2013.

*/s/  Tom Carse*_____
TOM CARSE