IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PEDRO GARCIA ARRIAGA and §
all others similarly situated §
under 29 U.S.C. 216(b), §
§
        **Plaintiff,** §
§
vs. §
§
§        CIVIL ACTION NO.
JESS ENTERPRISES, LLC; §        3:12-cv-00094-D
SEJ PROPERTIES, L.P; §
CALIFCO, LLC, and ELIAS SHOKRIAN §
*also known as* §
ELIAS SHAKRIAN, §
§
        **Defendants.** §
§

---

## DEFENDANTS' MOTION IN LIMINE

---

Before the voir dire examination of the jury panel, Defendants Jess Enterprises, LLC,

("Jess") SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco") and Elias Shokrian a/k/a Elias

Shakrian ("Shokrian") (collectively, "Defendants"),  make this motion in limine. Defendants

seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in

this case.

### A.  Grounds

Defendants ask the court to prohibit Plaintiff from offering any of the following matters

without first asking for a ruling from the court outside the jury's presence, on the admissibility of

the matter.

1.  Any evidence from an expert witness who was not identified as a testifying expert in
    responses to interrogatories and not designated by the time specified in the pretrial order or
    local rule. *Coastal Fuels of P.R., Inc. v. Carribean Petroleum Copr.,* 79 F.3d 182, 202-03 (1st
    Cir. 1996); *see Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993)

AGREED:                    YES                    NO

2.  Any evidence, statement or argument supporting an issued not contained in the final pretrial order. *Life Care Ctrs. Of Am., Inc. v. Charles Town Assocs. L.P.,* 79 F.3d 496, 507-08 (6th Cir. 1996).

AGREED:                    YES                    NO

3.  Any secondary evidence presented because Plaintiff did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson,* 59 F.3d 1046, 1048 (10th Cir. 1995).

AGREED:                    YES                    NO

4.  Any evidence Plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness they did not name in their disclosures or answers to interrogatories or any evidence they did not produce in response any discovery.

AGREED:                    YES                    NO

5.  Any evidence, statement or argument suggesting Defendants, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. Fed. R. Evid. 501.

AGREED:  **YES**

6.  Any attempt to elicit testimony from Defendants about communications with their attorney. Such communications are privileged. Fed. R. Evid. 501

AGREED:                    YES                    NO

7.  Any evidence, statement or argument of the value of Defendants' assets.

AGREED:                    YES                    NO

8.  Any evidence, statement or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

AGREED:                    YES                    NO

9.  Any attempt to ask Defendants' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

AGREED:                    YES                    NO

10. Any statement of law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

   AGREED:                    YES                    NO

11. Any evidence, statement or arguments about who would pay the damages.

   AGREED:                    YES                    NO

12. Any evidence, statement or argument concerning other claims, lawsuits, verdicts or judgment, past or present, against Defendants.

   AGREED:                    YES                    NO

## B.  Conclusion

13.  For these reasons, Defendants ask the court to instruct Plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct Defendants and all attorneys to warn and caution each of their witnesses to follow the same instructions.

   Respectfully submitted,

   **CARSE LAW FIRM**

   By:___ */s/ Tom Carse*_____
   **Tom Carse**
   State Bar No. 00796310
   6220 Campbell Road, Suite 401
   Dallas, Texas 75248
   Telephone  972/503-6338
   Facsimile  972/503-6348

   **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Defendants' counsel conferred with Plaintiff's counsel via e-mail on July 22, 2013 regarding the relief sough, but at the time of the filing of this Motion, only item number 5 herein was agreed to. No agreement has been reached with the remaining items. Therefore this motion is presented to the Court for determination.

/s/  Tom Carse
TOM CARSE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was provided to all counsel of record, via automated Notice of Electronic Filing to Filing Users and/or certified mail and/or facsimile, in accordance with the Federal Rules of Civil Procedure, on this 22nd day of July, 2013.

/s/  Tom Carse
TOM CARSE