**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PEDRO GARCIA ARRIAGA and** | § | |
| **all others similarly situated** | § | |
| **under 29 U.S.C. 216(b),** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:12-cv-00094-D-BK** |
| | § | |
| **JESS ENTERPRISES, LLC,** | § | |
| **SEJ PROPERTIES, L.P,** | § | |
| **CALIFCO, LLC, and ELIAS SHOKRIAN** | § | |
| *also known as* | § | |
| **ELIAS SHAKRIAN,** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE**</u>

**TO THE HONORABLE COURT:**

Plaintiff, Pedro Garcia Arriaga ("Arriaga" or "Plaintiff"), files this response to the

Motion in Limine **DE 36** filed by Defendants, Jess Enterprises, LLC ("Jess Enterprises"),

SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco") and Elias Shokrian *also known as*

Elias Shakrian ("Shokrian") (collectively, "Defendants"), as follows:

1. Any evidence from an expert witness who was not identified as a testifying expert in responses to interrogatories and not designated by the time specified in the pretrial order or local rule. *Coastal Fuels of P.R., Inc. v. Carribean Petroleum Copr.,* 79 F.3d 182, 202-03 (1st Cir. 1996); *see Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993)

   **AGREED**

2. Any evidence, statement or argument supporting an issued not contained in the final pretrial order. *Life Care Ctrs. Of Am., Inc. v. Charles Town Assocs. L.P.,* 79 F.3d 496, 507-08 (6th Cir. 1996).

<u>**PLAINTIFFS' RESPONSE:**</u>  Defendants' argument is overbroad, vague, and gives

inadequate information to determine its applicability and the basis for exclusion, e.g.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION IN LIMINE                                                    PAGE 1 OF 8**

hearsay, irrelevant, or whether the evidence's probative value is outweighed by risk of unfair prejudice, confusion or misleading the jury, or whether the evidence wastes time. See Fed. R. Evid. 403. Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000).  Motions in limine are generally disfavored.  *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1401.  In this case if the evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled.

3.  Any secondary evidence presented because Plaintiff did not make a sufficiently diligent search for material requested during discovery. *See Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995).

**PLAINTIFFS' RESPONSE:**  Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. hearsay, irrelevant, or whether the evidence's probative value is outweighed by risk of unfair prejudice, confusion or misleading the jury, or whether the evidence wastes time. See Fed. R. Evid. 403. Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  "[A]

motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000). Motions in limine are generally disfavored. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1401. In this case if the evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled.

4. Any evidence Plaintiff did not produce in discovery. Plaintiff should not be permitted to present any witness they did not name in their disclosures or answers to interrogatories or any evidence they did not produce in response any discovery.

**PLAINTIFFS' RESPONSE:** Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. hearsay, irrelevant, or whether the evidence's probative value is outweighed by risk of unfair prejudice, confusion or misleading the jury, or whether the evidence wastes time. See Fed. R. Evid. 403. Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence. Fed. R. Evid. 401 & 402. "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000). Motions in limine are generally disfavored. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1401. In this case if the

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION IN LIMINE**                                                              **PAGE 3 OF 8**

evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled, particularly since the identities of Defendants' employees and Plaintiff's co-workers are well known to Defendants and have been known to them since the inception of this case.

5.  Any evidence, statement or argument suggesting Defendants, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. Fed. R. Evid. 501.

    **AGREED**

6.  Any attempt to elicit testimony from Defendants about communications with their attorney. Such communications are privileged. Fed. R. Evid. 501

**PLAINTIFFS' RESPONSE:** Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000).  Motions in limine are generally disfavored.  *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1401.  In this case if the evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled, particularly if the testimony on communications with Defendants' attorneys relates to the issues of intent or willfulness with regard to violation of the FLSA.

7. Any evidence, statement or argument of the value of Defendants' assets.

**PLAINTIFFS' RESPONSE:**  Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. hearsay, irrelevant, or whether the evidence's probative value is outweighed by risk of unfair prejudice, confusion or misleading the jury, or whether the evidence wastes time. See Fed. R. Evid. 403. Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000).  Motions in limine are generally disfavored.  *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1401.  In this case if the evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled particularly if the testimony or other evidence relates to  the extent of Plaintiff's work, the business done by Defendants and hours Plaintiff worked weekly.

8. Any evidence, statement or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

**PLAINTIFFS' RESPONSE:**  Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. hearsay, irrelevant, or whether the evidence's probative value is outweighed by risk of

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION IN LIMINE**                                             **PAGE 5 OF 8**

unfair prejudice, confusion or misleading the jury, or whether the evidence wastes time. See Fed. R. Evid. 403. Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence.  Fed. R. Evid. 401 & 402.  "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000).  Motions in limine are generally disfavored.  *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1401.  In this case if the evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled particularly as to the statements of party opponents and their agents or the use of depositions taken in the case.

9.  Any attempt to ask Defendants' attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

**PLAINTIFFS' RESPONSE:**  Plaintiff will agree to do his at a sidebar with the Court if Defendants afford Plaintiffs' counsel the same courtesy, otherwise Plaintiff is opposed as Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION IN LIMINE**                                                    **PAGE 6 OF 8**

10. Any statement of law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

**PLAINTIFFS' RESPONSE:** Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. it will unduly hamper Plaintiff's Counsel's ability to engage in voir dire and give a meaningful opening statement and elicit testimony relevant to the issues of willfulness or intent.

11. Any evidence, statement or arguments about who would pay the damages.

**PLAINTIFFS' RESPONSE:** Defendants' argument is overbroad, vague, and gives inadequate information to determine its applicability and the basis for exclusion, e.g. it will unduly hamper Plaintiff's Counsel's ability to engage in voir dire and give a meaningful opening statement or closing statement.

12. Any evidence, statement or argument concerning other claims, lawsuits, verdicts or judgment, past or present, against Defendants.

**PLAINTIFFS' RESPONSE:** Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as otherwise provided by the Federal Rules of Evidence. Fed. R. Evid. 401 & 402. "[A] motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose." *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill.2000). Motions in limine are generally disfavored. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1401. In this case if the

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION IN LIMINE**                                                    **PAGE 7 OF 8**

evidence, statement or argument is not clearly inadmissible it should be allowed and Defendants' motion on this point overruled, particularly if the testimony concerns claims, lawsuits, verdicts or judgment, past or present, against Defendants that relate to the issues of intent or willfulness with regard to violation of the FLSA.

## CONCLUSION

Wherefore Plaintiff prays that Defendants' Motion in Limine be denied as to issues 2, 3, 4, 6, 7, 8, 9, 10, 11 and 12 and for such other and further relief as the Court deems just.

Respectfully submitted,

By:    /s/ Robert L. Manteuffel_____
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 29th day of July, 2012.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION IN LIMINE**                                                    **PAGE 8 OF 8**