IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:12-CV-0094-D |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P, | § | |
| CALIFCO, LLC, and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| Defendants. | § | |

## JOINT PRETRIAL ORDER

Pursuant to the Court's December 3, 2012 Scheduling Order (**DE 19**), Plaintiff including

Pedro Garcia Arriaga ("Plaintiff"), and Defendants Jess Enterprises, LLC, ("Jess") SEJ

Properties, L.P. ("SEJ"), Califco, LLC ("Califco") and Elias Shokrian *also known as* Elias

Shakrian ("Shokrian") (collectively, "Defendants"), by and through their attorneys, respectfully

submit the following Joint Proposed Pretrial Order:

1.    **Summary of the Claims and Defenses of the Parties**

**Plaintiffs' Contentions:**

Plaintiff was employed by the Defendants.  Elias Shokrian is an employer under the Fair
Labor Standards Act.  Plaintiff has filed this action under the Fair Labor Standards Act
seeking overtime compensation for hours worked in excess of 40 hours per week during
his employment by the Defendants, at the rate of half his regular hourly wage for which
he has not been paid.  Plaintiff also seeks liquidated damages under the Fair Labor
Standards Act because the Defendants' nonpayment of overtime was not done in good
faith and, in addition, Plaintiff claims that Defendants willfully, intentionally and/or with
reckless disregard, violated his right to receive over-time pay for hours worked in excess
of 40 on behalf of the Defendants—which, if proven, will result in the third year of the
statute of limitations being invoked in Plaintiffs' favor for a damages calculation.
Plaintiff also seeks recovery of his attorney's fees incurred in pursuing this claim as well
as costs of suit and interest at the maximum rate allowed by law under the Fair Labor
Standards Act.

**JOINT PRETRIAL ORDER Page 1 of 5**

**Defendants' Contentions:**

Defendant Shokrian, individually, contends he is not an "employer" as defined by the FLSA. Defendant Shokrian was never Plaintiff's employer, as Plaintiff contends and yet Plaintiff stipulated in section 2 below that only Defendants Califco and SEJ employed Plaintiff. Defendant Shokrian relies upon Plaintiff's sworn deposition testimony wherein Plaintiff admitted that Defendant Shokrian did not hire or pay Plaintiff, but rather only occasionally checked on the progress of Plaintiff's work. Defendant Jess contends it is not liable to Plaintiff because Jess did not employ Plaintiff. Defendants Califco and SEJ employed Plaintiff as indicated by payroll records. Defendants contend Plaintiff did not work all of the overtime hours claimed, as Plaintiff and a co-worker devised a scheme to clock Plaintiff in and out when in fact Plaintiff was not at work. Defendants deny Plaintiff's allegations of violation of the FLSA based upon Plaintiff's false time clock entries.

**2      Statement of Stipulated Facts**

1. Pedro Garcia Arriaga was employed by SEJ Properties, L.P. and Califco, LLC from July 15, 2005 until January 7, 2012.  During that entire period of time he worked as a property maintenance man and his pay rate was $8.50 per hour.

2. Plaintiffs' immediate supervisor was Albino Villanueva.

3. Elias Shokrian is an owner and corporate officer in Jess Enterprises, LLC, SEJ Properties, L.P. and Califco, LLC.  Albino Villanueva works for him.  Elias Shokrian is a Manager in both Jess Enterprises, LLC and Califco, LLC.

4.  Jess Enterprises, LLC is the General Partner of SEJ Properties, L.P.

5. The Court has jurisdiction under the FLSA to determine Plaintiff's overtime claims. The Parties stipulate that Defendants Jess Enterprises, LLC, SEJ Properties, L.P. and Califco, LLC grossed over $500,000 annually for the relevant time period and that their business significantly affected interstate commerce for the relevant time period so that their business and Plaintiff's work for them is covered under the FLSA. In light of the stipulation to jurisdiction, no evidence will be admitted at trial as to Defendants' annual income or interstate commerce for the relevant time period.

6.  .

**3.      List of Contested Issues of Fact**

The following are the key contested issues of fact:

1. whether Elias Shokrian had control over the corporate defendants so that he is responsible in whole or in part for the alleged FLSA violations.

**JOINT PRETRIAL ORDER Page 2 of 5**

2. whether Elias Shokrian controlled the corporate defendants on a day to day basis for the relevant time period which gives rise to individual liability under the FLSA.

3. Whether Jess Enterprises was Plaintiff's employer.

4. the total number of overtime hours actually worked by Plaintiff for which he was not compensated by Defendants.

5. whether the Defendants willfully violated the FLSA in relation to Plaintiff's overtime claims and whether Defendants violated the Act in "good faith".

6. whether Defendants permitted and/or knew or should have known of Plaintiff's overtime hours for which he was improperly compensated.

7. whether overtime is owed to Plaintiff based on a just and reasonable inference.

### Defendants' Issues

8. whether Plaintiff's overtime is capable of being calculated as a liquidated damage claim based upon the Plaintiff's admission of false time clock entries

**4      List of Contested Issues of Law**

The following are the key contested issues of law:

1. whether Plaintiff can establish the amount and extent of his unpaid overtime as required by the FLSA, either under the "just and reasonable" standard; and

2. whether Plaintiff can prove his overtime claims based on the standard announced in *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946).

### Defendants' Issues

3. whether Plaintiff can prove his overtime claims based on the standard announced in *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946), based upon the issue presented by Plaintiff's admitted misuse of Defendants' time clock burdens the Plaintiff with proving his claims

**5.      Estimated Length of Trial**

Plaintiff: The estimated length of the trial is 4 days—jury trial.

Defendants: The estimated length of trial is 2 days.

**6.      List of Additional Matters that Might Aid in the Disposition of the Case**

**JOINT PRETRIAL ORDER Page 3 of 5**

## Plaintiff's Matters

In the event Plaintiff prevails on his overtime claims at jury trial, Plaintiff will file a post-trial motion for liquidated damages based on evidence adduced at trial. It is Plaintiffs' belief that the Court, and not the jury, that decides the imposition of liquidated damages pursuant to 29 USC 216(B).

## Defendants' Matters

Defendants oppose Plaintiff's attempt to submit a post-trial motion for liquidated damages based upon Plaintiff's admission that he and a co-worker clocked each other in and out when not physically present at the time clock.

Respectfully submitted,


By: _____*/s/ Robert L. Manteuffel*_____
        **ROBERT L. MANTEUFFEL**
        State Bar No. 12957529

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240
Telephone:  972.233.2264
Facsimile:  972.386.7610
E-mail:  rlmanteuffel@sbcglobal.net

**COUNSEL FOR THE PLAINTIFF(S)**

**JOINT PRETRIAL ORDER Page 4 of 5**

and

**CARSE LAW FIRM**


By:____*/s Tom Carse*_____
            **TOM CARSE**
            State Bar No. 00796310
            tom@carselaw.com

6220 Campbell Road, Suite 401
Dallas, Texas 75248
Telephone:  972.503.6338
Facsimile:   972.503.6348

**COUNSEL FOR DEFENDANTS**


SIGNED August 14, 2013.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 22nd day of July, 2013

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)


**JOINT PRETRIAL ORDER Page 5 of 5**