IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b),<br>Plaintiff,<br><br>v.<br><br>JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P,<br>CALIFCO, LLC, and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br>Defendants. | § § § § § § § § § § § § § | Cause No. 3:12-cv-00094-D-BK |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**OPINION MEMORANDUM:**

The Court makes these findings of fact and conclusions of law after a bench trial held on August 19, 2013.  Immediately before the jury trial of this cause was set to commence at 9:00 a.m. on that same date,  Defendants' Attorney appeared and advised the Court that he had been terminated the night before the trial by the Defendants and moved for an oral tenus continuance of the trial which the Plaintiff opposed. After the Court denied the continuance of the trial for reasons stated on the record, the Court ordered Defendants' Attorney to, once again, contact the Defendants through Elias Shokrian—the owner and/or manager and/or corporate officer of the business Defendants and the same individual who terminated Defendants' Counsel the night prior to the trial. Specifically, the Court ordered Defendants' Counsel to advise Mr. Shokrian that Jess Enterprises, LLC, SEJ Properties, L.P. and Califco, LLC (the "business Defendants") must be represented by Counsel and that a default judgment would be entered against each of the business Defendants if Defendants' Counsel was terminated. *In re K. M. A.,*

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**                                    Page **1** of **5**

*Inc.*, 652 F.2d 398, 399 (5th Cir.1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."). Defendants' Counsel, as well as the Defendants' corporate representative, confirmed that Mr. Shokrian was so advised and that his decision to terminate Defendants' Counsel remained unchanged. Mr. Shokrian did not appear at the trial on August 19th, 2013 and apparently was not going to appear on August 20th, 2013 either pursuant to his Counsel's representations to the Court on August 19th, 2013. The Court entered a default against the business Defendants, and Plaintiff having waived his right to trial by jury, proceeded to conduct a bench trial on the issue of liability against the individual Defendant (Shokrian) and damages against the business Defendants and Shokrian.

**FINDINGS OF FACT**:

1. The Plaintiff testified along with his ex-supervisor Albino Villanueva who also served as Defendants' Corporate Representative throughout the pre-trial proceedings. Amanda Cano, Defendants' office administrator who handled payroll matters for much of the relevant time period also testified. Plaintiff's exhibits, consisting of time cards, time sheets, and paystubs were also entered into evidence. Admissions were read into the record as well at the close of Plaintiff's case.

2. Plaintiff's work for the Defendants consisted of maintenance work for several shopping centers which were located very close to one another. The Plaintiff worked 5 to 7 days per week and averaged 62 hours weekly working for the Defendants. Plaintiff made $8.50/hr. as his normal hourly wage but was never compensated time and a half overtime for his overtime work. Plaintiff was employed by the Defendants from 2005 to January 8th, 2012. The evidence established that the Defendants intentionally failed to pay

overtime to the Plaintiff for the 3 year period applicable to this case and further established that Plaintiff is entitled to $14,500.31 in unpaid overtime.

3. The testimony at trial established that Elias Shokrian is an owner/manager of the Defendant businesses for the relevant time period. He not only visited the subject properties to inspect the condition and maintenance of the same but acted as the boss of Plaintiff's supervisor—Albino Villanueva. Shokrian regularly communicated with Villanueva and told him what to do and what needed to be done on a regular basis. Shokrian controlled issues relating to payroll and set budgets for work which needed to be performed on the subject properties. Shokrian's daughter worked in the payroll department with Amanda Cano and Shokrian's son helped to manage the subject properties as well. Shokrian maintained regular operational control over the Defendant businesses for the relevant time period.

4. Both Villanueva and Cano testified that they were instructed, several years before Plaintiff's last day of employment with the Defendants by higher management, that Defendants "did not pay overtime"—neither of them knew why.

**CONCLUSIONS OF LAW:**

5. This matter arises under the Fair Labor Standards Act, 29 U.S.C. 201-216 *et.seq.*, which entitles workers to overtime pay for all hours worked in excess of 40 weekly. Jurisdiction was stipulated to by the Parties. Elias Shokrian squarely meets the definition of "employer" as that term is defined by the Act. See 29 U.S.C. 203(d); *Gray v. Powers*, 673 F.3d 352, (5th Cir. 2012); *Castillo v. Givens*, 704 F.2d 181 (5th Cir. 1983); *Donovan v. Grim Hotel Company et.al.*, 1983 WL 2062, (E.D. Tex. 1983). The Defendants knew or showed reckless disregard concerning the non-payment of overtime to the Plaintiff and

certainly "knew" that overtime was "in the picture" vis-à-vis Plaintiff's work—in addition to oral testimony, Plaintiff's own time cards and paystubs showed that many, many overtime hours were worked but were not paid at a time and a half rate by the Defendants. *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139 (5th Cir. 1971); *Castillo,* supra.

6.   In the light of the Court's finding that the Defendants willfully failed to pay overtime to the Plaintiff, doubling of Plaintiff's overtime award is mandatory. See 29 U.S.C. 216(b); *Singer v. City of Waco, Tex*., 324 F.3d 813, 823 (5th Cir. 2003) (finding of willfulness precludes defendant from showing that it acted in good faith); see also *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008).  Defendants failed to carry their burden and produce evidence at trial that Defendants acted with both objective and subjective good faith and otherwise waived this defense by failing to plead "good faith" as an affirmative defense. See *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999*); Trinity Carton Co. v. Falstaff Brewing Corp*., 767 F.2d 184, 194 (5th Cir.1985). Therefore, doubling of Plaintiff's overtime award is not only mandatory but otherwise appropriate under the facts of this case.

7.   Lastly, Plaintiff more than met his burden of proof to establish the damages award by testifying to his hours worked, pay received, and entering his time cards and paystubs into evidence at trial. See *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *Reeves v. International Telephone and Telegraph Corp.,* 616 F.2d 1342, 1351 (5th Cir. 1980); *Marshall v. Mama's Fried Chicken Inc.,* 590 F.2d 598, 599 (5th Cir, 1979).

**DONE AND ORDERED** in Chambers at Dallas, Texas this _____ day of September, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

Copies to:    Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service or mail in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 9th day of September, 2013.

Mr. Elias Shokrian
1625 N Story Rd
Irving, TX 75061

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)