IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:12-cv-00094-D-BK |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P, | § | |
| CALIFCO, LLC, and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| Defendants. | § | |

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

Comes now Plaintiff, Pedro Garcia Arriaga ("Arriaga" or "Plaintiff"), by and through undersigned counsel, and hereby files Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. 216(b) and in support thereof states as follows:

1.  This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2.  August 19, 2013, after a bench trial, the Court entered Judgment in favor of Arriaga against Jess Enterprises, LLC ("Jess"), SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco"), and Elias Shokrian, also known as Elias Shakrian ("Shokrian") (collectively "Defendants") jointly and severally. (**D.E. 48**)  The Court awarded Arriaga his costs of court as calculated by the clerk of the court, damages in the principal sum of $14,500.31, liquidated damages in the sum of $14,500.31, and post-judgment interest thereon at the rate of 0.12% per annum. The Court also ordered that Plaintiff shall recover attorney's

fees and expenses in the sum that the Court awards by separate ruling on timely application made no later than 21 days after the date of the judgment. Plaintiff files this Motion pursuant to the Court's Order for recovery of his attorney's fees, costs and expenses incurred in this cause.

## BASIS OF THE AWARD

3. A prevailing Plaintiff is a "party in whose favor judgment is rendered, ***regardless of the amount of damages awarded***.[emphasis added]" *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the Defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d. 1162 (S.D. Fla. 2003). Pursuant to 29 USC 216(b), having prevailed on their overtime wage claims, the Plaintiffs are entitled to recover reasonable attorney fees and costs from the Defendant, as 29 U.S.C. 216(b) makes the award of fees and costs to prevailing Plaintiffs mandatory.[1]

4. The attorney's fees claimed by Plaintiffs are detailed in the Ledger attached as **Exhibits A and B**.[2]  Plaintiffs' costs incurred in this case are detailed in the Bill of Costs, Plaintiffs' Itemization and Documentation for Bill of Costs and other supporting documents attached as **Exhibit C**. Plaintiff claims fees in the amount of $ 85,245.00 and costs and expenses in the amount of $ 4,136.80.

---

[1] "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b).
[2] **Exhibit B** is the affidavit of Rosa Owens, the firm's paralegal, and the attached ledger reflecting her work on this case.

## ATTORNEY'S FEES

5.   The attorney's fees sought is this case are based on 265.1 hours of work done by the following attorneys and paralegal:

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell | JZ | $350/hr | 115.10 | $40,285.00 |
| Robert Manteuffel | RM | $350/hr | 121.00 | $42,350.00 |
| Rosa Owens | RO | $ 90/hr | 29 | $2,610.00 |

6.   The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11 th Cir. 1988). The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. See *Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972), and cases cited therein. No expert opinion evidence is required on the issue. See *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar method" to assess attorneys' fees in FLSA suits. *Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir.2006).[3] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.*

---

[3] In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).

7.  The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors set out attorneys' qualifications and skill. See *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), may be considered. *Hilton v. Exec. Self Storage Assoc.*, 2009 WL 175012 *8 (S.D. Texas 2009).[4]

8.  After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. *Id.*

9.  The most important factor to consider is the degree of success obtained. *Hilton*, at *8. In this case Plaintiff recovered over 99% of the damages claimed in his Initial Disclosures[5] and liquidated damages as well. Further even if the claimed fees are not proportional to the amount recovered for Plaintiff, the fee award need not be precisely proportionate to the result obtained. See *Saizan*, 448 F.3d at 802-03 & n. 42. And this argument should have no bearing on the fees awarded to Plaintiffs for this case.[6]

10. Moreover, while a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the   professional relationship with the client; and (12) awards in similar cases.
[5] See **Exhibit D**.
[6] See *Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera*, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'"). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Int'l., Inc.*, 547 F.Supp.2d 1281, 1286 (S.D.Fla.2008)

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)**                              **4** of **15**

protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972).

11. This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)). Furthermore, Plaintiff and many of the witnesses do not speak the English language, which required that more time be spent in any activity or task requiring communication, e.g. trial, depositions and client conferences. In addition Defendants refused to engage in meaningful settlement negotiations or offer anything more than nuisance value prior to trial.[7]

12. The attorneys that performed work on this case are listed by their initials on the fee ledger attached hereto at **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel. The hourly rates claimed for these attorneys are $350/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel.

13. The rates charged have been found to be reasonable in this district. In *Martinez et al v. Maristan d/b/a Lumar Co.*; Case No. 3:13-cv-00455-K, Judge Kinkeade awarded plaintiffs there attorney's fees at $350/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel. See **Exhibit G**.[8] Further in *Mendoza v. Valrom Enterprises, Inc. et al*; Case No. 3:10-CV-2629-P, Judge Solis awarded Robert L. Manteuffel $350.00/hr. and

---

[7] See correspondence from Defendants' Counsel attached as **Exhibits E and F**. These Exhibits are presented, not in violation of FRCP Rule 68, but after trial for the purpose of showing that Plaintiff attempted to resolve the case before incurring increasing fees, costs and expenses through trial.
[8] Judge Kinkeade also determined that the rate of $100 per hour is reasonable for work done by a paralegal in this District, which provides support for the rate of $90.00 charged for the work of Ms. Owens. The "paralegal" in the case decided by Judge Kinkeade is also an attorney who is not licensed in Texas nor the Northern District of Texas.

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)** **5** of **15**

J.H. Zidell  $325/hr.[9] in final default judgment, see **Exhibit H**, in *Madriz et al v. Wright Tree Service Inc. et al*; Case No. 3:11-CV-0251-N, Judge Godbey awarded plaintiffs there attorney's fees at $325/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel, see **Exhibit I**, and in *Erwin Carias v. KAM Restaurants Inc.,* Case No.: 3:10-CV-01899-P, Judge Solis awarded J.H. Zidell $325/hr by granting Plaintiff's full fee and costs request in default judgment, see **Exhibit J**.[10]   Therefore, the total fee that J.H. Zidell P.C. requests, $85,245.00, is an amount buttressed by analysis of the *Johnson* factors, as follows:

(1) **Time and Labor Required:** Litigating this case required significant time and labor. Defendants produced numerous documents and engaged in extensive motion practice that increased the time spent by Plaintiff's counsel.  As set out above, the case involved extensive use of translation during all phases of the litigation, which also increased the time required.  Finally, the case was hotly contested before trial.

(2) **The novelty and difficulty of the questions:** While the issue of overtime is not ordinarily a novel or complex issue, this case was complex due to the language barrier and large number of records that required detailed analysis before trial.

[9] For the cases cited herein from the Northern District of Texas wherein J.H. Zidell Esq. was awarded $325 per hour, this was the hourly rate that was requested in those cases. The $350/hr. rate requested herein is based on J.H. Zidell's qualifications to receive that rate for FLSA cases. J.H. Zidell, Esq. has been licensed by the Florida Bar since 1994; 11th Circuit Court of Appeals since 1999; Texas Bar since 2010; and the 5th Circuit Court of Appeals since 2012. J.H. Zidell, through J.H. Zidell PA in Miami Beach, Florida and J.H. Zidell P.C. in Dallas, has litigated well over 1300 FLSA cases to date and has focused almost exclusively on Plaintiff's FLSA litigation for several years. For the past several years,  approximately 95% of the Florida Office has been and is dedicated to Plaintiffs' FLSA litigation while 100% of the cases handled by the  Dallas Office  are and have been FLSA and wage related cases for Plaintiffs only.
[10] On numerous occasions, J.H. Zidell has been awarded recovery of fees at the rate of $325/hr. by Federal Courts in Florida as well.  See *Reis v. Thierry's Inc et al.,* Case No.: 1:08-cv-20992-WCT , Order (DE 110 at p.3) (S.D. Fla. Mar.25, 2010)  attached as **Exhibit K**; *Arias v. Alpine Towing, Inc. et al,* Case No.: 1:10-cv-20434-JJO, Order (DE 164 at pp. 7-8, citing *Silva v. Miller*, 547 F. Supp. 2d 1299 (S.D. Fla. 2008)) (S.D. Fla. Sep. 15, 2011) attached as **Exhibit L**; *Rodriguez v. Super Shine and Detailing, Inc. et al,* Case No.: 1:09-cv-23051-AMS, Order (DE 167 at pp. 6-7) (S.D. Fla. Jun. 11, 2012) attached as **Exhibit M**; Roldan v. *Davis Bancorp, Inc.,* 1:11-cv-20275-RNS, Order (DE 158 at p. 5) (S.D. Fla. Dec. 10, 2012) attached as **Exhibit N**.

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)**                    **6** of **15**

(3) **The skill required to perform the legal services properly:** The litigation of this case required a high level of skill to prosecute this case properly, Defendants motion practice and the difficulties associated with trying a case through translators.

(4) **The preclusion of other employment by the attorney due to acceptance of the case:** While taking on this case did not prohibit Plaintiff's Counsel from taking on other cases, it did prohibit Plaintiff's Counsel from working on other pending matters, as this case required a great concentration of time and effort to succeed at trial.

(5) **Customary fee in the community:** As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

(6) **The fee is fixed or contingent**; The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiff's Counsel.

(7) **Time limitations imposed by the client or circumstances;** While there were no time limitations imposed by the clients, the Court imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery etc.). Therefore, Plaintiff's Counsel were required to perform said work within the deadlines imposed by the Court.

(8) **The amount involved and the results obtained;** Plaintiff recovered $29,000.62. This is a significant amount especially for one who was paid approximately

$8.50/hr. for his work. Ordinarily, the amount recovered has no bearing on the fees awarded to a Plaintiff in a case of this type.[11] Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972). Nevertheless, the results obtained were quite good as Plaintiff recovered, after liquidated damages, a significant amount in light of the fact that he is an hourly worker who customarily earned approximately $8.50 /hr. Moreover Defendants declined to engage in meaningful settlement negotiations such that Plaintiff was required to incur significant fees and expenses in preparation for trial. This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

**(9)** **The experience, reputation, and ability of the attorneys;** J.H. Zidell was the lead attorney on the case and successfully tried this case. J.H. Zidell has been an attorney in the state of Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since 1999; in Texas (both State and N.D. Tex.) since 2010 and the 5th Circuit Court of Appeals since 2013. He has tried many FLSA

---

[11] See *Davis v. Locke,* 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera,* 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Tyler v. Westway Auto. Serv. Ctr., Inc.,* Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)**                                        **8** of **15**

cases.  Robert L. Manteuffel has been licensed to practice in the State of Texas since November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013.    He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings and depositions.  He served as second chair at the trial of this case.  Ms. Owens is the firm's paralegal.  She has worked as a paralegal in FLSA matters since 2010 and is fluent in Spanish.  The rates charged by these professionals are fair and reasonable as set out in Paragraph 13 above.

(10) **The "undesirability" of the case;** This was an undesirable case as this was not a simple question of employee versus employer but involved numerous documents, and a client and witnesses who required translation. Further Plaintiff cannot read or write which made communication difficult and numerous defenses raised by tenacious defense counsel.

(11) **The nature and length of the professional relationship with the client**; This was the only case that Plaintiffs and counsel had together.

(12) **Awards in similar cases**; As noted in Paragraph 13 above, Plaintiff's counsel have been awarded similar rates in other cases.

## COSTS

14. Costs are claimed herein pursuant to Rule 54(d) and 28 USC 1920. The costs incurred are listed below and total $4,136.80. They are detailed in the Bill of Costs, Plaintiffs' Itemization and Documentation for Bill of Costs and other supporting documents attached as **Exhibit C**.

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)**                    **9** of **15**

| |
|---|
| US District Court for the ND of Texas, Docket Sheet – showing Electronic filing fees payment of $350.00, Receipt No. 0539-4334302. Entered: January 11, 2012. |
| KIVA Civil Process:  Invoice No. 18, Dated January 18, 2012.  Amount $240.00 – Process of Service:  Jess Enterprises, $60.00, Califco, $60.00, SEJ Properties, $60.00, Elias Shokrian, $60.00 |
| KIVA Civil Process:  Invoice No. 145, Dated August 1, 2013.  Charges $200.00. 1 Delivery to attorney Tom Carse, 3 Deliveries to Federal Court at $35.00 each, Same Day Service Rush delivery: 4 at $15.00 each. |
| KIVA Civil Process:  Invoice No. 162, Dated August 6, 2013.  Amount $100.00. Subpoena witness Albino Villanueva $60.00. Witness Fee:  $40.00 |
| KIVA Civil Process:  Invoice No. 161, Dated August 6, 2013. Amount $100.00 Subpoena Elias Shokrian: $60.00, Witness Fee:$40.00 |
| KIVA Civil Process: Invoice No. 159, Dated August 6, 2013.  Amount $100.00. Subpoena witness Jonathan Cano-Aguilon.  Witness Fee: $40.00 |
| KIVA Civil Process:  Invoice No. 160, Dated August 6, 2013.  Amount $100.00. Subpoena Mrs. Jonathan Cano Aguilon (Amanda Cano) $60.00.  Witness Fee: $40.00 |
| KIVA Civil Process:  Invoice No. 156, Dated August 6, 2013.  Amount $60.00 Subpoena Carlos Bonilla: $60.00 |
| KIVA Civil Process:  Invoice No. 177, Dated August 27, 2013.  Amount $60.00 Subpoena Alejandro Benitez Lemo $60.00. |
| KIVA Civil Process:  Invoice No. 166, Dated August 18, 2013.  Amount $85.00 Subpoena Raul Rodriguez $60.00.  Rush Service:  $25.00 |
| KIVA Civil Process:  Invoice No. 158, Dated August 6, 2013.  Amount $100.00 Subpoena Jonathan Shokrian $60.00.  Witness Fee: $40.00 |
| KIVA Civil Process:  Invoice No. 157, Dated August 6, 2013.  Amount $60.00 Subpoena Alejandro Benitez Lemo $60.00 |
| KIVA Civil Process:  Invoice No. 165, Dated August 18, 2013.  Amount $60.00 Delivery to attorney Tom Carse $35.00.  Rush charges $25.00 |
| US Legal Support.  Invoice No. 91372541.  Amount $1,118.05 Dated 01/30/2013 Original Transcript witness Albino Villanueva |
| US Legal Support. Invoice No. 91371271.   Amount $1,008.00 Dated 12/28/2012 Interpreting Services:  Albino Villanueva:  Job Date: 12/21/2012. |
| Sandoval & Associates.  Invoice No. 36740, Dated:  08/27/2013. Amount $360.00 Spanish interpreting services provided for Trial. |
| JH Zidell, P.C. - $50.00 charge.  Copies:  Case litigation and Trial |
| R.L. Manteuffel – Mileage attending Deposition on 12/21/2012  $5.55 |
| R.L. Manteuffel – Mileage and Parking- Attending Hearing Federal Court $22.43 |
| J.H.  Zidell – Mileage and Parking – Attending Trial Federal Court $22.43 |
| Postage:  Return of Deposition Transcript Arriaga to Court Reporter:  $5.65 |
| Postage:  Tom Carse.  Witness Deposition: $3.32 |
| Certified Mail:  Tom Carse $6.65 |
| Certified Mail:  Tom Carse $6.24 |

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES**
**AND COSTS PURSUANT TO 29 USC 216 (b)**                    **10** of 15

| |
|---|
| Certified Mail:  Tom Carse $6.44 |
| Certified Mail:  Tom Carse:  $10.63 |
| ATT Teleconference.  Re: Pretrial Conference Call multi lines $150.00 |
| Office – office supplies preparation for Trial $121.18 |
| FedexOffice- Copies and preparation of Four ($4) Trial Books |
| Fedex – Pretrial Documents to JH Zidell, PA – Miami $75.00 |
| Fedex – Judge Fitzwater – Pretrial documents $75.00 |
| **TOTAL: 4, 136.80** |

15. The Costs and expenses claimed include the filing fee and fees foe service of process on the Defendants, delivery fees for the delivery of documents, pleadings and exhibits to the Court and opposing counsel before trial, and subpoena and witness fees to secure the appearance of witnesses at trial.  Plaintiff also claims recovery for costs incurred in taking the Defendants' depositions and the use of in interpreter at those depositions and trial.   The telephone conference charge was for the pre-trial conference in this case, the postage and certified mail charges were incurred in conjunction with serving opposing counsel with pleadings and discovery, and the parking and mileage were incurred in conjunction with the hearing on Defendants' Motion to Compel and trial. The charges for Fedex delivery were associated with providing documents to the court and sending materials to J.H. Zidell in Miami, Florida for use in preparing for the pretrial conference and trial. The charge for copies is associated with making copies of documents for use at trial and the Fedex charge for four books was for the reproduction of the exhibit books for trial.  The office supplies charge is for notebooks, boxes, paper and dividers for use at trial.

16. Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." *Hilton v. Exec. Self Storage Assoc* at *16.

There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Id*. citing *Cheatham v. Allstate Ins. Co*., 465 F.3d 578, 586 (5th Cir.2006). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award." *Id*. citing *Quintanilla v. A & R Demolition Inc.,* No. H-04-1965, 2007 WL 5166849, at *9 (S.D. Tex. May 7, 2007). Costs such as court-reporter fees, copying fees, and docket fees, are similarly compensable under 28 U.S.C. § 1920.12 *Id*.  Consequently the costs plaintiffs claim are all compensable under Rule 54(d) and they should be awarded recovery of those costs. See *Id*.

17. The undersigned have reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

## <u>PRAYER</u>

Wherefore, the Plaintiffs respectfully request that the Court award the fees and costs claimed herein under 29 USC 216(b), 28 USC 1920 and Rule 54(d) for the reasons stated above.

Respectfully submitted,

By:    /s/ Robert L. Manteuffel
       Robert L. Manteuffel
       Texas Bar No. 12957529
       E-mail:  rlmanteuffel@sbcglobal.net


       And

By:    _____
       J.H. Zidell
       Texas Bar No. 24071840
       Email: zabogado@aol.com

       Attorneys For Plaintiffs

       J.H. Zidell, P.C.
       6310 LBJ Freeway, Ste. 112
       Dallas, Texas 75240
       Tel:    972-233-2264
       Fax:    972-386-7610

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES
AND COSTS PURSUANT TO 29 USC 216 (b)**                    **13 of 15**

**VERIFICATION**

On *Sept. 9, 2013* appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

\

NOTARY PUBLIC/STAMP

ROSA OWENS
Notary Public, State of Texas
My Commission Expires
December 02, 2014

On _9/9/13_ appeared J.H. Zidell who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

NOTARY PUBLIC/STAMP

Aleida Menir
COMMISSION # EE037572
EXPIRES: OCT. 26, 2014
WWW.AARONNOTARY.com

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES
AND COSTS PURSUANT TO 29 USC 216 (b)**                    14 of 15

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by telephone on September 9, 2013 with Mr. Elias Shokrian with regard to this motion and the other defendants are not represented by counsel with which to confer. Mr. Shokrian and the other Defendants, per Mr. Shokrian, oppose this motion and he referred Mr. Carse to whom I have placed a call.  Given the nature if the relief sought it is assumed that all Defendants oppose the relief sought.


/s/ Robert L. Manteuffel
Robert L. Manteuffel


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service or mail in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 9th day of September, 2013.

Mr. Elias Shokrian
1625 N Story Rd
Irving, TX 75061


/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)