# PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE MARTINEZ, | § | |
| VICTOR MARTINEZ, | § | |
| RODRIGO DAMIAN PEREZ, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. § 216(b), | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:13-CV-0455-K |
| | § | |
| v. | § | |
| | § | |
| LUIS MARISTAN d/b/a LUMAR | § | |
| CO. CONTRACTORS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Final Default Judgment Pursuant to 29 U.S.C. §216(b) as to Luis Maristan Doing Business as Lumar Co. Contractors for Claims, Fees, and Costs Including Future Fees Regarding Collection of Default (Doc. No. 8). Having considered the motion, the supporting amended affidavits, and the applicable law, the Court **GRANTS in part and DENIES in part** the motion and enters a separate final default judgment.

## I.    Factual and Procedural Background

On January 31, 2013, Plaintiffs Jorge Martinez, Victor Martinez, and Rodrigo Damian Perez (collectively "Plaintiffs") filed their complaint in this Court for overtime wage violations under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 216(b).

ORDER – PAGE 1

Defendant Luis Maristan, doing business as Lumar Co. Contractors ("Defendant"), was served with a summons and a copy of Plaintiffs' Complaint on February 15, 2013 (Doc. No. 7).  Defendant did not answer, file a motion to dismiss, or otherwise respond to Plaintiffs' Complaint as required by law.  FED. R. CIV. P. 12.  On June 10, 2013, Plaintiffs filed a motion with the Court requesting both(1) Entry of Default by the Clerk, and (2) Final Default Judgment.  The Clerk entered a default against Defendant that same day.  To date, Defendant has not made an appearance in this case, responded, or requested an extension of time to respond to Plaintiffs' Complaint.  Accordingly, Plaintiffs' motion for final default judgment against Defendant is ripe and before the Court.

## II.    Analysis

A party is entitled to entry of default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  FED. R. CIV. P. 55(a).  In this case, the Clerk of the Court entered a default against Defendant, and Plaintiffs request the Court enter a final default judgment against Defendant for violations of the FLSA, specifically unpaid overtime wage compensation.  Taking the well-pleaded allegations in Plaintiffs' Complaint as true, as well as accepting the amended affidavits of Plaintiffs (Doc. Nos. 11-1, 11-2, 11-3), the Court concludes that Defendant has violated the FLSA by failing to pay Plaintiffs overtime wages as required under the statute.

In each of their respective affidavits, Plaintiffs testify as to their hourly wage rate and to the number of overtime hours Plaintiffs worked.  Plaintiff Jorge Martinez

ORDER – PAGE 2

testified his unpaid overtime wages total **$6,400.00**. Plaintiff Victor Martinez testified his unpaid overtime wages total **$6,400.00**. Finally, Plaintiff Rodrigo Damian Perez testified his unpaid overtime wages total **$6,200.00**. In addition to their unpaid overtime wages, Plaintiffs may recover an equal amount in liquidated damages if the failure to pay them is a willful violation. *See* 29 U.S.C. § 216(b). This amount may not be reduced or eliminated by the Court unless the employer first carries its burden of showing that its failure to comply with the FLSA was done in good faith. *See Nero v. Indus. Molding Corp.,* 167 F.3d 921, 928 (5th Cir. 1999)("If an employer proves that it acted 'in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA],' then the court may reduce the damages."). By failing to answer or otherwise respond to Plaintiffs' Complaint, Defendant admitted the well-pleaded allegations and is precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Because Defendant did not carry his burden, the Court may not reduce or eliminate the liquidated damages. *See Nero*, 167 F.3d at 928. As required under the FLSA, the Court awards an equal amount in liquidated damages to each Plaintiff. Accordingly, the total amount of damages for each Plaintiff is as follows: (1) Plaintiff Jorge Martinez is entitled to **$12,800.00**; (2) Plaintiff Victor Martinez, is entitled to **$12,800.00**; and (3) Plaintiff Rodrigo Damian Perez is entitled to **$12,400.00**.

ORDER – PAGE 3

As the prevailing party, Plaintiffs are also entitled to attorneys' fees under the FLSA, and Plaintiffs seek to recover their attorneys' fees and costs. The Court concludes an award of attorneys' fees is appropriate, but only as to the fees incurred to date. Plaintiffs request attorneys' fees in the amount of $2,845.00. The Court must determine whether the requested amount is reasonable. The supporting documentation reflects that three attorneys worked on this case. Mr. Robert L. Manteuffel, has been licensed by the State of Texas since 1991. Mr. Manteuffel has practiced in Dallas, Texas, for over twenty years. Since December 2011, he has represented plaintiffs solely in FLSA cases. Mr. Manteuffel is familiar with the fees charged by attorneys in this area for similar work done. The Court finds that, based on Mr. Manteuffel's affidavit and its experience in setting fees in labor and employment cases, the hourly rate charged by Mr. Manteuffel is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiffs' counsel for the services performed in cases of this nature. Therefore, the Court concludes that, as to Mr. Manteuffel, the hourly rate of $350.00 is reasonable and the 5.0 hours he expended were reasonable and necessary for the success of the case. Plaintiffs may recover $1,750.00 for Mr. Manteuffel's fees.

Mr. J.H. Zidell also represented Plaintiffs in this case. Mr. Zidell has been a licensed attorney in the State of Florida since 1994 and in the State of Texas since 2010. Mr. Zidell's firm, which represented Plaintiffs, has offices in Dallas and in Florida. In Dallas, the firm exclusively represents plaintiffs in FLSA and/or wage-related cases. In

ORDER – PAGE 4

Florida, 95% of the firm's practice is FLSA and/or wage-related claims. Mr. Zidell testified that he and the lawyers at his firm have litigated over 1,300 FLSA cases to date. The Court finds that, based on Mr. Zidell's amended affidavit and its experience in setting fees in labor and employment cases, the hourly rate charged by Mr. Zidell is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiffs' counsel for the services performed in cases of this nature. Therefore, the Court concludes that, as to Mr. Zidell, the hourly rate of $350.00 is reasonable and the 1.7 hours he expended were reasonable and necessary for the success of the case. Plaintiffs may recover $595.00 for Mr. Zidell's fees.

Finally, Mr. Christopher Cochran worked on this case. Mr. Cochran has been a licensed attorney in the State of Florida since 2010; he is not currently licensed in the State of Texas. Mr. Cochran has limited his practice almost entirely to FLSA cases since March 2012. In this case, however, Mr. Cochran did not perform any legal duties or functions; he acted more as a paralegal, assisting Texas licensed attorneys with work on this case, since he himself is not licensed to practice law in this state. In his amended affidavit (Doc. No. 13-1), Mr. Manteuffel testified that review of the time ledger revealed Mr. Cochran performed tasks more akin to a paralegal, so his hourly rate should be reduced from $200 (as originally requested) to $100 to more accurately reflect this. The Court finds that, based on Mr. Cochran's amended affidavit, Mr. Manteuffel's amended affidavit, and its own experience in setting fees in labor and employment cases,

ORDER – PAGE 5

this adjusted hourly rate is within the range of the usual and customary rate charged by paralegals in the Dallas legal community with similar ability, competence, experience, and skill as that of Mr. Cochran for the services performed in cases of this nature. Therefore, the Court concludes that the hourly rate of $100.00 for Mr. Cochran is reasonable and the 5.0 hours he expended were reasonable and necessary for the success of the case. Plaintiffs may recover $500.00 for Mr. Cochran's fees. The total amount of attorneys' fees Plaintiffs may recover is $2,845.00.

Plaintiffs also request an award for future attorneys' fees that may be incurred in attempting to collect the judgment. The Court **denies without prejudice** this request. Plaintiffs may seek an award of such attorneys' fees if and when such fees are incurred, and at which time, the Court will determine whether they are reasonable.

Finally, the Court finds that the $410.00 submitted for costs was reasonably incurred by Plaintiffs. They may recover their costs.

III.     Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Final Default Judgment. Accordingly, Plaintiffs are entitled to a judgment against Defendant  for the following amounts:  **$12,800.00** as damages for Plaintiff Jorge Martinez, **$12,800.00** as damages for Plaintiff Victor Martinez, and **$12,400.00** as damages for Plaintiff Rodrigo Damian Perez; **$2,845.00** as attorneys' fees incurred to date; and **$410.00** as costs. The Court denies an award for future

ORDER – PAGE 6

attorneys' fees without prejudice to Plaintiffs seeking an award if such fees are incurred.

Judgment will issue by separate document.  FED. R. CIV. P. 58.

**SO ORDERED.**

Signed August 29th, 2013.


_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE