# PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MADRIZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0251-N |
| | § | |
| WRIGHT TREE SERVICE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiffs Madriz and Mancilla's motion for attorneys' fees and costs [90], pursuant to 29 U.S.C. § 216(b).  The Court grants the motion is part and denies it in part.

Plaintiffs request attorneys' fees on behalf of their attorneys as follows:

| | | | |
|---|---|---|---|
| Zidell | $325/hr | 188.6 hours | $61,295 |
| Siegel | $200/hr | 13.8 hours | $2,760 |
| Hutson | $300/hr | 9.95 hours | $2,985 |
| Kelly | $300/hr | 4.4 hours | $1,320 |
| Manteuffel | $350/hr | 268.1 hours | $93,835 |
| Total | | | $162,235 |

Plaintiffs recovered a total of $50,670 as wages and liquidated damages.  Though Defendant Wright Tree Service, Inc. ("Wright") raises a variety of objections, its primary objection is

ORDER – PAGE 1

that the attorneys' fees requested are excessive in view of the amount of recovery.[1]  The Court will address the various objections in turn.

### A. Specific Time Entries

Initially, Wright objects to several specific items as inappropriate.  First, Wright objects to time incurred in connection with untimely filed responses to Wright's request for admissions.  The Court agrees that Wright should not have to pay for fees incurred on account of Plaintiffs' late responses.  This results in the following deductions: Zidell – 6.5 hours; Kelly – 2.1 hours; Hutson – 3.55 hours.

Wright objects to time incurred in Plaintiffs' unsuccessful motion to extend the discovery deadline.  For the same reasons the Court denied the motion, the Court agrees with Wright that it should not have to pay Plaintiffs' attorneys' fees in connection with the motion.  This results in the following deductions: Manteuffel – 24.8 hours; Zidell – 1.9 hours.

Wright objects to time incurred in Plaintiffs' two motions to extend time to respond to Wright's motion for summary judgment.  The Court agrees.  This results in the following deductions: Manteuffel – 7.6 hours; Zidell – 4.5 hours.

Wright objects to Plaintiffs having two attorneys present throughout trial.  The Court disagrees.  Zidell was Plaintiffs' lead trial counsel.  Manteuffel had greater involvement in discovery and pretrial matters.  The Court cannot say that it was unreasonable for Manteuffel to assist at trial, albeit in a nonspeaking role, given his greater familiarity with the discovery and pretrial proceedings.  The Court notes that Wright was represented at trial by more than

---

[1]Wright does not object to the hourly rates.

ORDER – PAGE 2

one attorney.  While the Court recalls the days when a lone lawyer would gird his/her loins for battle and try a case single-handedly, that is no longer the norm.  The Court overrules this objection.

Wright objects to Plaintiffs' multiple requests for corporate representative depositions. The multiple requests were a result of the limited knowledge of the original corporate representative regarding operations in the Dallas area.  The Court finds it to be reasonable to pursue the deposition of another corporate representative when it turns out the first representative was unaware of subject areas on which discovery was desired.  The Court overrules this objection.

Wright objects to 0.7 hours spent by Manteuffel on coming up to speed on the case when he appeared as replacement counsel.  While the Court does not find that time to be unreasonable, the Court agrees with Wright that it should not have to pay for new counsel to get familiar with the case and therefore sustains this objection.

Wright objects that the amount of time incurred in Plaintiffs' brief in opposition to Wright's motion for summary judgment was excessive, at 58.4 hours.  Upon review of the brief, the Court agrees the time incurred is excessive and reduces the time by appoximately one third.  This results in the following deductions: Manteuffel – 9 hours; Zidell – 9 hours.

Finally, Wright objects to billing 2.3 hours by Kelly at attorney rates for performing clerical work, such as calculating deadlines, checking on status of filings, checking dockets. The Court will reduce the rate for those items to $100/hour.

ORDER – PAGE 3

### B. Categorical Objections

In addition to its objections to specific time entries, Wright raises further objections to Plaintiffs' overall request. First, Wright objects to the failure to exercise billing judgment. Plaintiffs argue that they exercised billing judgment before recording their time, i.e., they did not record time that was not productive, and so their billing records reflect only productive time. While the Court is sympathetic to that argument, the Fifth Circuit has held that "[b]illing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The Court is of the opinion that Wright has in the preceding section gone over the billing records with a fine-toothed comb and identified any unproductive hours incurred by Plaintiffs' attorneys. Any reduction for lack of billing judgment then reflects the Court's view that Plaintiffs failed to document the unproductive time incurred in their billing records as the Fifth Circuit requires. The Court will deduct 10% of the requested fees for this lapse in record keeping.

Wright objects to Plaintiffs' "block billing." This refers to the practice of billing all of the activities in a single day as a lump sum of hours, rather than itemizing the time incurred in each activity. The gravamen of the practice is that it prevents the Court from being able to tell if the time incurred on any given activity is reasonable. *See Barrow v. Greenville Indep. School Dist.*, 2005 WL 6789456, at *4 (N.D. Tex. 2005) ("When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus hindered in determining whether the hours billed are

ORDER – PAGE 4

reasonable."). Again, the Court finds Plaintiffs' shortcoming here to be one of record keeping, rather than any specific instances of excessive time. The Court will deduct an additional 10% of the requested fees due to block billing. *See id.* at *5 ("The reduction [for block billing] usually ranges between 10% to 30%.") (citing cases).

Wright next objects to the number of attorneys working on the case for Plaintiffs as resulting in duplication of efforts. Specifically, Wright requests a 30% reduction in Manteuffel's time. The Court has already addressed in the first section of this Order the specific examples of duplication of effort that Wright identifies. Any additional reduction would be double counting. The Court therefore overrules this objection.

Wright then turns to the familiar factors of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Wright primarily argues for a downward adjustment due to Plaintiffs' limited success at trial. Wright points out that Plaintiffs seek attorneys' fees in excess of three times the amount of damages recovered. Plaintiffs argue that cases under the Fair Labor Standards Act are similar to civil rights cases, and that it is not unusual for fees to exceed the amount of recovery; this is not a problem, Plaintiffs contend, because the litigation vindicates the important public policy that overtime should be correctly compensated. The Court can see both sides of this argument. If courts routinely reduce attorneys' fees in FLSA cases for this reason, it would result in fewer attorneys being willing to take them on and vindicate this important policy. On the other hand, *Johnson* instructs that there should be some relation between fees incurred and the amount of recovery. On balance the Court finds that an additional 10% reduction is appropriate.

ORDER – PAGE 5

The parties both argue, somewhat half-heartedly, that the other *Johnson* factors further support their respective positions. To the extent the other *Johnson* factors are applicable, the Court finds they have been adequately addressed in the Court's adjustment of the lodestar amounts and that further adjustment on account of those factors is not required. After making all of the adjustments discussed above, the Court finds that an award of attorneys' fees in the amount of $96,731.25 is reasonable and necessary.

### C. Costs

Wright further objects to Plaintiffs' bill of costs. The Court sustains the objections to: mediation fees, private process servers, mileage and parking, office supplies, and FedEx services. Wright also objects to Plaintiffs' request for $300 of copying as insufficiently documented; the Court finds that amount reasonable and overrules the objection. Wright also objects to Plaintiffs' request for costs for interpreters on the basis that Plaintiffs did not pay for the interpreters. Plaintiffs adequately explain the parties' agreement regarding interpreters in their reply, so the Court also overrules that objection. This results in a reduction of taxable costs by $1,598.05, for an award of costs to Plaintiffs in the amount of $5,309.20.

Signed June 14, 2013.

David C. Godbey
United States District Judge

ORDER – PAGE 6