# PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20434-CIV-O'SULLIVAN
CONSENT CASE

FERNANDO ARIAS, and all others
similarly situated under 29 USC 216(B),

     Plaintiff,

vs.

ALPINE TOWING, INC.,
LARRY J. SARAVIA
YULEXIS LLUVET

     Defendants.
_____/

**ORDER**

This matter is before the Court on the Plaintiff's Verified Motion for Attorney Fees

and Costs Pursuant to 29 USC 216(B) and Local Rule 7.3 (DE # 116, 3/11/11) and

Plaintiff's Supplemental Fee and Cost Motion (DE # 157, 7/5/11).  The parties jointly

consented to Magistrate Judge jurisdiction on all matters other than summary judgment

pursuant to 28 U.S.C. §636(c).  (DE # 29, 7/12/10).  Having carefully considered the

motions, the responses and the reply thereto, the court file and the applicable law, it is

**ORDERED AND ADJUDGED** that the Plaintiff's Verified Motion for Attorney Fees and

Costs Pursuant to 29 USC 216(B) and Local Rule 73 (DE # 116, 3/11/11) and the

Plaintiff's Supplemental Fee and Cost Motion (DE # 157, 7/5/11) are both **GRANTED in**

**part** and **DENIED in part** in accordance with this order and as more fully described

below.

**BACKGROUND**

The plaintiff filed this lawsuit pursuant to the Fair Labor Standards Act and in his amended complaint alleges unpaid overtime wages, unpaid minimum wages and retaliation. (DE # 8, 3/2/10). On February 25, 2011, a jury returned a verdict in favor of the plaintiff on the unpaid minimum and overtime wage counts.

On March 11, 2011, the plaintiff filed their initial motion seeking $3,054.46 in costs and $68,230.50[1] in fees (DE # 116). The defendant filed a response on June 17, 2011, (DE # 153) and on June 21, 2011, the plaintiff filed a reply (DE # 154). On July 5, 2011, plaintiff filed a supplemental fee and cost motion (DE # 157) seeking an additional $12,199.00 in fees and $135.00 in costs. The defendant filed a response and objection to the supplemental motion on July 19, 2011, (DE # 162).

**ANALYSIS**

**I. Costs**

The plaintiff is seeking costs pursuant to the Fair Labor Standards Act. Section 216 of the Fair Labor Standards Act directs the Court to award a prevailing plaintiff the costs of the action. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No. 02-21089-CIV, 2003 U.S. Dist. LEXIS 25642,

---

[1]In the reply, the plaintiff agreed to reduce the fee request by $1,695.00 to $66,535.50.

at *5 (S.D. Fla. July 3, 2003).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at p. 1248.  The plaintiff prevailed in the present case because the jury returned a verdict in his favor.  The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. § 1920.  Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs

3

specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir.  2000).

In Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988), the Eleventh Circuit did not extend the costs recoverable under the Fair Labor Standards Act beyond those costs recoverable under 28 U.S.C. § 1920.  See Glenn, 841 F.2d at 1575.  The plaintiff in this case is only entitled to recover those costs he would be entitled to under 28 U.S.C. § 1920.  The plaintiff seeks to recover a total of $3,189.46 in costs, which is comprised of a request for $3,054.46 in the initial motion and $135.00 in the supplemental motion.[2]

## A. Filing Fee and Fees for Service

The plaintiff seeks to recover $350.00 for the filing fee of the complaint and $450.00 for service fees for depositions and trial.  (DE # 116, 3/11/11).  Additionally the plaintiff seeks to recover $100 for the issuance of the writ of garnishment and $35 for service of the writ of garnishment.  (DE # 157, 7/5/11).  These costs are permitted under 28 U.S.C. § 1920(1).  The defendant does not object to these costs.  The undersigned finds that the plaintiff is entitled to receive **$935.00** for these costs.

## B. Court Reporter Fees

The plaintiff requests $1,526.44 in costs for court reporters in this matter.  (DE # 116, 3/11/11); (DE # 154, 6/21/11). These costs are permitted under 28 U.S.C. § 1920(2) if the printed or electronically recorded transcripts were necessarily obtained for

---

[2]Pursuant to the undersigned's calculations, the costs sought and documented in the initial motion only total $2,821.44, which is $233.02 less than requested.

use in the case. The defendants object on the basis that the depositions were investigatory and thus not taxable. (DE # 153, 6/17/11). The undersigned finds that the aforementioned depositions were necessarily obtained for use in the case because each of the witnesses testified during the trial. (DE # 93, 2/22/11; DE # 95, 2/23/11). The undersigned finds that the plaintiff is entitled to receive **$1,526.44** for these costs.

### C. Interpreter Fees for Depositions

The plaintiff requests $170.00 (2 hours at $85.00 per hour) for the use of interpreters at depositions in this matter. Interpreter fees are permitted under 28 U.S.C. § 1920(6). The defendants object on the grounds that not all courts allow recovery for privately retained interpreters and the rate requested for interpreters "exceeds the public rates adopted by the Twentieth Judicial Circuit's Indigent Services Committee for Spanish interpreters ($50 per hour for skilled interpreter / $60 per hour for qualified interpreter)." (DE # 153, 6/17/11). The undersigned finds that costs of interpreters are reasonable and recoverable and the plaintiff is entitled to receive **$170.00** for these costs.

### D. Mediation

In addition to the costs recoverable under 28 U.S.C. § 1920, the plaintiff seeks to recover $325.00 for mediation expenses on the ground that mediation was required during the pretrial phase of this case. Even though the defendant does not object, reimbursement for costs associated with mediation is not expressly permitted under 28 U.S.C. § 1920, and should not be awarded. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 107 S. Ct. 2494, 2497 (1987). The undersigned finds that the

5

plaintiff is not entitled to recover costs associated mediation.

In sum, the plaintiff's cost request should be reduced by $558.02 ($325.00 for the mediation and $233.02 for costs that are not elaborated on in the motion). The undersigned finds that the plaintiffs is entitled to be awarded costs in the amount of $2.631.44.

## II. Attorney's Fees

### A. Entitlement to Attorney's Fees

The Fair Labor Standards Act clearly provides for the recovery of attorney's fees for a prevailing plaintiff, see 29 U.S.C. § 216(b). The plaintiff prevailed in this case and is entitled to receive attorney's fees.

### B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541,

1544 (1984).

      1. <u>Reasonable Hourly Rate</u>

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  <u>See</u> <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  <u>Blum v. Stenson</u>, 465 U.S. at 895.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  <u>Mallory v. Harkness</u>, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing,  <u>Dillard v. City of Elba</u>, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993).

The plaintiff requests an hourly rate of $325.00 for J.H. Zidell, $300.00 for David Kelly, $175.00 for Daniel Feld for his work done until December 31, 2010, and $215.00 for his work thereafter, and $150.00 for Isaac Mamane.  The defendants object to the hourly rates requested by J.H. Zidell, David Kelly, Daniel Feld, and Isaac Mamane as excessive.  The defendants "urge the court to severely pare down the rate requested for each of plaintiff's attorneys."  (DE # 153, 6/17/11).  The defendants emphasize that Mr.

Zidell was admitted to the Florida Bar in 1994 and is not board certified in Labor and Employment law.  The defendants also emphasize that Mr. Kelly was admitted to the Florida Bar in 1997 and that Mr. Feld was admitted in 2007.  Id.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836 F.2d at 1303 citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).  In Reis v. Thierry's Inc., No. 08-20992-Civ-Turnoff, a Fair Labor Standards Act case, hourly rates of $330.00 per hour for Mr. Zidell, $300.00 per hour for Mr. Kelly, $175.00 for Mr. Feld, and $150.00 per hour for Mr. Mamane were found to be reasonable and similar to the rates charged by similarly experienced, skilled and educated attorneys in the South Florida area.  Additionally, in Silva v. Miller, 547 F. Supp. 2d 1299 (S.D. Fla. 2008), also a Fair Labor Standards Act case, the Court awarded hourly rates of $330.00 per hour for Mr. Zidell and Mr. Kelly, and an hourly rate of $137.50 for the junior associates. Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that hourly rates of $325.00 for J.H. Zidell, $300.00 for David Kelly, $175.00 for Daniel Feld, and $150.00 for Isaac Mamane, are reasonable.

2. <u>Hours Reasonably Expended</u>

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel.  The total fee request by the plaintiff made in the initial motion after the agreed to reduction of $1,695.00, is for $66,535.50.  The Supplemental Motion further requests $12,199.00 in fees.  The plaintiff supports his motion by submitting itemized time sheets.

The defendant seeks to reduce the amount of requested attorneys fees.  The defendant argues that the fees amount should be reduced due to the plaintiff's limited success, inefficient staffing, unreasonable amounts of time taken on specific tasks and reimbursement requests for clerical and administrative tasks.  The defendant states that inefficient staffing is evident in the duplication of effort, more than one attorney working on the same task, and senior attorneys doing work more suited for attorneys with less experience.  The defendant also argues that the Court should not award fees associated with administrative tasks.  The defendant further argues that a reduction of hours is warranted for ten specific billing entries due to the amounts being "inordinately exorbitant."  (DE # 153, 6/17/11).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  <u>See</u> <u>Norman</u>, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills.  <u>See</u> <u>Hensley</u>, 461 U.S. at 437.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which

accurately reflect the work done by each attorney." National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures. Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Because the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis.  Loranger, 10 F.3d at 783;  Trujillo v. Banco Central del Ecuador, 229 F. Supp. 2d 1369, 1375 (S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783.  The rule in Loranger differs from the rule articulated in Norman.  Trujillo, 229 F. Supp. at 1375.  "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing Norman, 836 F. 2d at 1304).

Reductions in the amount of requested fees are warranted in accordance with the following list and for the reasons stated below.  First, the tasks were performed by more than one attorney.  Second, there are a considerable amount of charges for administrative tasks and review of filings, such as receipt and review of

correspondence, that do not take the requested hours to complete.  Therefore, the undersigned finds that a 10% reduction of attorneys' fees in both the original and supplemental motion is appropriate.  A 10% reduction of the $66,535.50 requested in the initial motion results in a reduction of $6,653.55, for an award of $59,881.95 from the initial motion.  A 10% reduction of the $12,199.00 requested in the supplemental motion results in a reduction of $1,219.90, for an award of $10,979.10 from the supplemental motion. $59,881.95 plus $10,979.10 equals a total fee award of $70,861.05.

The defendant also asserts that the plaintiff's recovery of fees should be further reduced because of its limited success.  (DE #153, 6/17/11).  The defendant argues that as a result of the plaintiff not prevailing on the retaliation claim, the jury not finding that the defendants' actions were willful, and obtaining an award of less than the amount proffered in the statement of claim, this Court should only allow for a partial recovery of attorneys' fees.  The plaintiff is not required to prevail on all claims in order to awarded full recovery of attorneys' fees.  In Hensley, the Supreme Court stated that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley, 461 U.S. at 435.  The plaintiff's retaliation and willfulness claims were intertwined with the wage hour case.  The jury returned a verdict in favor of the plaintiff for unpaid minimum and overtime wages.  The recovery of fees should not be reduced because of the plaintiff's partial success.

**ORDERED AND ADJUDGED** that the Plaintiff's Verified Motion for Attorney Fees and Costs Pursuant to 29 USC 216(B) and Local Rule 7.3 (DE # 116, 3/11/11) be

**GRANTED** in part and **DENIED** in part and the Plaintiff's Supplemental Fee and Cost Motion be **GRANTED** in part and **DENIED** in part and the plaintiff be awarded a total of $70,861.05 in fees and $2,631.44 in costs.

**DONE AND ORDERED** at the United States Courthouse, Miami, Florida this 15th day of September, 2011.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record