# PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

# EXHIBIT M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23051-CIV-SIMONTON

<u>CONSENT CASE</u>

GIOVANNI RODRIGUEZ

      Plaintiff,

v.

SUPER SHINE AND DETAILING, INC.,
CRAIG GREENBERG,

      Defendants.

                                     /

<u>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS</u>

Presently pending before the Court is the Plaintiffs' Verified Motion for Attorney Fees and Costs (DE # 56). The Defendant has filed a Response (DE # 62) and the Plaintiff has filed a Reply (DE # 64). In addition, the Plaintiff has filed cost receipts (DE # 61) and a Notice of Filing Supplemental Authority (DE # 65), to which the Defendant filed a Response (DE # 66). The undersigned has thoroughly reviewed the record and, for the reasons stated herein, grants the Plaintiff's Motion for Attorney Fees and Costs and awards the Plaintiff $43,134.71, which represents $41,252.50 in attorney's fees, and $1,882.21 in costs.

I.      <u>BACKGROUND</u>

This action was initiated when Plaintiff Giovanni Rodriguez filed a complaint alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., ("FLSA") against Defendants Super Shine and Detailing, Inc., and Craig Greenberg (DE # 1). In the Complaint, the Plaintiff claimed he worked an average of 77 hours per week as a car wash detail man for which he was not paid overtime wages as

required by the FLSA.  In his Statement of Claim, Plaintiff claimed that he was not properly paid for 148 weeks and sought to recover $24,861.04 in uncompensated wages, and the same amount in liquidated damages, for a total of $49,722.08 plus attorneys' fees and costs (DE # 8 at 1).  In their Answer, the Defendants denied that the Plaintiff worked an average of 77 hours a week and further denied that the Plaintiff was owed any overtime or other wages (DE # 10 at 2).  In their Affirmative Defenses, the Defendants contended that the Plaintiff was paid all money owed to him (DE # 10 at 3).

Plaintiff filed a Motion for Partial Summary Judgment requesting that the Court find that: 1) FLSA enterprise subject-matter jurisdiction existed in this case; 2) Defendant Craig A. Greenberg was individually liable under the FLSA; and, 3) Defendants were not entitled to claim any type of tip credit related to Plaintiff's overtime wages (DE # 29).  The Defendants filed an opposition to the Motion for Summary Judgment only contending that there were material facts in dispute over whether the Defendants could claim a tip credit (DE # 36).  The Defendants did not respond in opposition to the other arguments raised in the Plaintiff's Motion for Summary Judgment.

The Defendants also filed a Motion for Partial Summary Judgment claiming that: 1) Defendants' computerized time records accurately reflected the hours worked by Plaintiff for the three years prior to his termination; 2) for the three years prior to his termination, Plaintiff was paid for every hour worked, and the only viable claim was that he did not receive half-time pay for every hour worked over 40 in a week; and, 3) Plaintiff understood the meaning of overtime (DE # 31).  The Plaintiff filed a written opposition to the Defendants' Motion for Summary Judgment contending that the Defendants' computer records did not accurately reflect the hours the Plaintiff worked (DE # 32 at 2-3).  The Court orally denied the Defendants' Motion for Summary Judgment on the issue

2

of the accuracy of the time records and granted the Plaintiff's Motion for Summary Judgment regarding the inapplicability of the tip credit (DE ## 43, 52).

The Plaintiff and Defendants settled the case just before the trial began (DE # 55). The Court denied the remaining issues in the Plaintiff's and Defendants' respective Motions for Summary Judgment as moot pursuant to the settlement (DE # 58).   As part of the settlement, the Defendants agreed to pay the Plaintiff's reasonable attorney's fees and costs, the amount to be determined by the Court, if the Parties were unable to agree. The Plaintiff then filed the instant Motion for Attorney Fees and Costs (DE # 56).

II.     ATTORNEY FEES

A.      The Positions of the Parties

In the Motion for Attorney's Fees and Costs, the Plaintiff claims he is the prevailing party pursuant to the settlement agreement (DE # 56 at 2) and is therefore entitled to $41,252.50 in attorney's fees, representing $40,440.00 for litigating the action, and an additional $812.50 for time spent litigating the issue of attorney's fees (DE # 56 at 4)(DE # 64 at 4).

In response to the Motion, the Defendants state that they do not object to the hourly rate charged by the Plaintiff's counsel but do object to the total amount of attorney's fees sought, contending that throughout the case, the Plaintiff fraudulently claimed that he worked an average of 77 hours a week.[1]  Defendants contend that the Plaintiff's insistence on litigating this fraudulent claim made it impossible to reach a

---

[1] The Defendants have styled their response as a "Motion to Deny Motion for Attorneys' Fees and Costs or to Require Filing Under Seal and Defendants' Response to Plaintiff's Verified Motion for Attorney Fees and Costs." (DE # 62).  As discussed below, the Court has already ordered the Plaintiff's Motion for Attorney's Fees to be sealed.  The Court treats the remainder of the "Motion to Deny Motion for Attorney's Fees" as part of the opposition to the fee request, rather than as a Motion.

reasonable settlement at an earlier date (DE # 62 at 3). The Defendants request that the Court only award the Plaintiff attorney's fees in the total amount of $15,000 or, in the alternative, for the Court to reduce the Plaintiff's attorneys' fees by 35 percent (DE ## 62 at 4, 66 at 3).[2] In addition, the Defendant contends that the Plaintiff should not be awarded any attorney's fees for work performed after December 24, 2010, "because all of that time was incurred as a result of Plaintiff's continuous insisting on a recovery that was not sustainable even given the Court's summary judgment ruling in Plaintiff's favor." (DE # 62 at 4).

In response to these objections, the Plaintiff contends that he did not press a fraudulent claim because Defendant's summary judgment motion was denied with respect to the hours the Plaintiff worked and the accuracy of the Defendants' time records (DE # 52)(DE # 64 at 2). The Plaintiff asserts that it is entitled to all of the requested attorney's fees rather than the $15,000 suggested by the Defendant because the Defendant did not object to any of the Plaintiff's billing entries. *Id.*

B.      Entitlement to Fees

Title 29 U.S.C. § 216(b) authorizes a prevailing plaintiff in an FLSA case to recover attorneys' fees and costs. In order to be a prevailing plaintiff, a plaintiff must only "obtain some relief on the merits of his claim," which can arise from a judgment on the

---

[2] The Defendants also claim that the Plaintiff's Motion should be "denied in its entirety," because the Plaintiff disregarded the confidentiality provision of the settlement agreement by revealing the terms of that agreement by filing the Motion for Attorney's Fees (DE # 62 at 2). In the alternative, the Defendants claim that the Plaintiff should be required to file his Motion for Attorney Fees under seal and that the Court should direct the Clerk of the Court to expunge the unsealed motion from the public records. The Court previously ordered the Plaintiff's Motion for Attorney Fees to be sealed by the Clerk of Court thereby curing any alleged breach of the settlement agreement (DE # 63). The undersigned therefore declines to deny the Plaintiff's Motion in its entirety on this ground.

merits as well as a settlement agreement enforced through a consent decree, as both are "court ordered changes in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. and Care Home, Inc., v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 604 (2001); *See Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792 (1989); *See Maher v. Gagne*, 448 U.S. 122, 129 (1980). In this case, the Plaintiff settled his case with the Defendants and this Court has retained jurisdiction in order to enforce the terms of the settlement (DE # 55). Thus, there has been a court ordered change in the Parties' legal relationship such that the Plaintiff is the prevailing party.

In addition, although the Defendants have filed an opposition to the Plaintiff's Motion for Attorney's Fees, wherein the Defendants assert that the Plaintiff should only recover a limited amount of attorneys fees due to the purported fraudulent nature of his claim, the Defendants do not dispute that the Plaintiff is a prevailing party in this action. As such, the Plaintiff is entitled to recover his reasonable attorney's fees and costs.

C.       The Lodestar Method of Calculating Reasonable Attorneys' Fees

Under the lodestar method applied by the Courts in this Circuit, attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The Plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. *See Barnes*, 168 F.3d at 427.

## 1.    Reasonable Hourly Rate

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rates are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

In the Motion for fees, the Plaintiff requests that the Court compensate Mr. Zidell at a rate of $325.00 an hour, Mr. Kelly at a rate of $300.00 an hour, Mr. Feld at a rate of $175.00 an hour, and Mr. Mamane at a rate of $150.00 an hour (DE # 56 at 4 n 2).  In addition, by way of a footnote, the Plaintiff also requests a 10 percent upward adjustment of these rates since the case of *Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008), in which Mr. Zidell and Mr. Kelly received $330.00 an hour and in which junior attorneys in Mr. Zidell's law firm received $137.50 an hour, was decided three years ago.  The Plaintiff also points to the case of *Reis v. Thierry's, Inc.*, 2010 WL 1249076, No. 08-20992-CIV, at * 2 (S.D. Fla. 2010), in which Mr. Zidell received $325.00 an hour, Mr. Kelly received $300.00 an hour, Mr. Feld received $175.00 an hour, and Mr. Mamane received $150.00 an hour in support of his request (DE # 56 at 4).  The Defendants do not object to the requested hourly rates (DE # 62 at 3).

The Court finds that the hourly rates, not including the ten percent increase,

requested by Plaintiff's Counsel to be fair and reasonable.[3]  However, the Court concludes that a ten percent increase is not warranted in this matter.  Counsel for the Plaintiff has failed to provide any persuasive evidence to the Court that demonstrates that a ten percent increase of the requested hourly rates would comport with the "prevailing market rate" in this legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Indeed, in *Silva*, the hourly rates in question included a 10 percent upward adjustment and were described as "at the high-end of prevailing market rates for attorney's with counsel's respective levels of experience handling FLSA cases." 547 F. Supp. 2d at 1306, 1306 n.11.  Moreover, in 2011, the undersigned compensated Mr. Zidell at an hourly rate of $325.00 an hour and compensated Mr. Kelly at an hourly rate of $300.00, adding that these rates were at the "upper end of reasonableness." *Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379, No. 07-20129, at *8 (S.D. Fla. 2011).  Thus, the undersigned concludes that it is reasonable to compensate Mr. Zidell at a rate of $325.00 an hour, Mr. Kelly at a rate of $300.00 an hour, Mr. Feld at a rate of $175.00 an hour, and Mr. Mamane at a rate of $150.00 an hour, but declines to adjust their hourly rates upwards by 10 percent.

### 2.    Reasonable Hours Expended

The Court must next determine whether the number of hours spent on the matter by counsel were reasonable.  Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley*

---

[3] Although the Defendants have objected to the Plaintiff's filing of Supplemental Authority as "improper" the undersigned need not reach that issue because the Court did not rely on that authority in reaching its determinations in this matter.

*v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427.  Although the party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable, "objections and proof concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  In addition, "when a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The Plaintiff herein requests attorneys fees for 137.5 hours of legal work performed in this matter by four different attorneys; Jamie Zidell, Esq.; Karl David Kelly, Esq.; Daniel Feld, Esq.; and, Isaac Mamane, Esq.  In support of this request, the Plaintiff notes that in it is not unusual for attorneys' fees requests to exceed the amount recovered by a plaintiff in an FLSA case, such as the case at bar.[4]  In addition, the Plaintiff contends that the amount sought in the fee request is appropriate because those fees were necessitated by the Defendants' tenacious defense of this matter.

In their opposition, the Defendants assert that the Plaintiff should receive a reduced attorney fee award because the Plaintiff pursued a fraudulent claim that prevented the Defendants from reaching a settlement with the Plaintiff earlier in the matter (DE # 62 at 3).  Specifically, Defendants contend that the Plaintiff should not be entitled to recover any fees after December 24, 2010, the day following the pretrial

---

[4] The amount of the actual settlement received by the Plaintiff is confidential pursuant to the Parties' agreement.  Therefore, the undersigned does not reveal the exact amount of the settlement but notes that the amount requested in attorney's fees by the Plaintiff exceeds the amount the Plaintiff received from the Defendants pursuant to that settlement.

conference and summary judgment arguments, and further assert that the Plaintiff

should only recover a reduced amount of attorney's fees for time incurred prior to that

date because the "Defendants were forced to continue to litigate this matter after

Plaintiff's deposition because of the outrageous amount of overtime Plaintiff continued

to claim." (DE # 62 at 4).  Defendants contend that the Plaintiff should only be permitted

to recover no more than $15,000 in attorney's fees.  For the following reasons, the

undersigned concludes that the Plaintiff is entitled to recover attorney's fees for the

137.5 hours of work performed in this matter.

At the outset, the Court notes that the Defendants have not identified any specific

billing entries as being duplicative, redundant or unnecessary.  Thus, the Defendants

have failed to raise specific and reasonably precise objections to the Plaintiff's fee

request.  Nevertheless, as stated by the Court in *Godoy v. New River Pizza, Inc.*, 565 F.

Supp. 2d 1345 (S.D. Fla. 2008),

> While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such an award is reasonable. See *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

*Id*. at 1347.  Accordingly, the Court has independently and carefully reviewed the billing

records submitted by the Plaintiff to determine whether the amounts sought are

reasonable.  Based upon the record as a whole, the undersigned concludes that the

number of hours spent litigating this matter by Plaintiff's counsel, over the course of

more than two years and three months, is reasonable. In particular, given the litigious

nature of this action, the fact that the Parties continued to litigate this matter until the

eve of trial, and the fact that the Plaintiff recovered a significant portion of the wages that he sought to recoup despite the Defendants' steadfast contention that the Plaintiff was not entitled to recover any wages, the number of hours spent litigating this matter was not excessive. In this regard, the undersigned notes that although this matter only involved one Plaintiff, the issue related to the application of the tip credit under the FLSA was somewhat complex and necessarily required significant legal analysis by the Parties. In Plaintiff's Motion for Partial Summary Judgment, for example, more than six of the thirteen pages were devoted to discussing the tip credit, including the applicable Code of Federal Regulations (DE # 29).

In addition, summary judgment was denied on the issue of the accuracy of the Defendant's time records because there were disputed facts as to whether the records were accurate. Thus, the number of hours that the Plaintiff actually worked remained in dispute throughout the course of this litigation, and up to the eve of trial. In their opposition to the Plaintiff's Motion for Attorney's Fees the Defendants state, ". . . Defendant settled the case because it made no economic sense to continue the litigation." (DE # 62 at 4). If the Defendants desired to dispute the Plaintiff's claim regarding the number of overtime hours he worked, if any, the Defendants could have proceeded to trial rather than settling the case. To escape this conclusion, the Defendants contend that meaningful settlement negotiations were only possible after the Plaintiff conceded that the Defendants' time records were essentially accurate. However, as late as January 3, 2011, less than three weeks before trial, the Plaintiff filed an Affidavit setting forth his contentions regarding the inaccuracies of the Defendants' Weekly Scheduling Reports which reflected the number of hours Plaintiff was scheduled to work (DE # 44-1). Further, at the January 10, 2011 continuation of the final pretrial

**10**

conference, Counsel for the Plaintiff argued that the statements the Plaintiff made at his deposition should not preclude him from challenging the accuracy of Defendants' time records at trial.  Thus, the record belies the Defendants' contention that the Plaintiff conceded that the Defendants' time records were accurate.

Further, although the Court is aware that it has the discretion to reduce or refuse to award attorney's fees in certain circumstances, the undersigned concludes that such circumstances are not present in the case at bar. In *Goss v. Killian Oaks House of Learning*, 248 F. Supp.2d 1162, 1168 (S.D. Fla. 2003), for example, the Court declined to award a prevailing party attorney's fees finding that "special circumstances" existed that "render[ed] an . . . award of attorney's fees unjust." In *Goss*, the plaintiff's counsel spent 49.1 hours litigating a claim for $316.00, of which 23.2 of those hours were litigated after "the case had settled due to full and complete payment of the claims." 248 F. Supp. 2d at 1167-68.  Under those circumstances, the Court concluded that the matter could have settled without litigation had the plaintiff's counsel acted in good faith, and had plaintiff's counsel not "engage[d] in a pattern of behavior aimed at inflating the level of attorney's fees," which "shock[ed] the conscience of the Court." *Goss*, 248 F. Supp. 2d at 1168-69.

Similarly, an award of attorney's fees can be reduced for raising unsupported claims that prolong litigation and prevent settlement negotiations. *See Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1286, 1288 (S.D. Fla. 2008).  In *Powell*, the Court reduced the plaintiff's requested attorney's fees by 67 percent, in part due to plaintiffs' counsel's "unrealistic and legally unsupported damage calculations" that "precluded pursuit of settlement, unnecessarily prolonged the litigation, and increased costs." *Id*.  Further, several of the plaintiffs ultimately recovered less than they would have if they had

accepted the Defendants' preliminary offers to settle the case prior to bringing the lawsuit. 547 F. Supp. 2d at 1288.

In this case, the Plaintiff claimed damages of $49,722.08, which, unlike the $316.00 at issue in *Goss*, was not such a small amount of money that the claim likely could have been resolved prior the filing the action.  Moreover, the billing records do not support a finding that Plaintiff's counsel engaged in a pattern of behavior designed to increase attorney's fees.  Rather, as referenced above, Plaintiff's counsel filed a Motion for Partial Summary Judgment raising three grounds to which the Defendants only opposed one (DE # 29).  In addition, although Plaintiff's Counsel opposed the Defendants' Motion for Partial Summary Judgment, Plaintiff conceded the issues raised in the Defendants' Motion for Partial Summary Judgment except for the accuracy of the Defendants' time records (*See* DE # 32 at 2-3).   Furthermore, unlike in *Goss*, the Plaintiff's counsel in this case only worked 10.6 hours of the 137.5 hours for which the Plaintiff is claiming attorney's fees after the case was settled, and those hours were spent working on the settlement agreement, as well as the issue of attorney's fees, an issue that cannot be litigated until after the case is resolved (*See* DE # 64 at 4).  Further, unlike in *Powell*, there is no suggestion that the Plaintiff refused a reasonable settlement offer made by the Defendants, as there is no evidence of any prior settlement offers in the record. For these reasons, the undersigned concludes that there are no "special circumstances" in this case that would "render an . . . award of attorney's fees unjust." *Goss*, 248 F. Supp. 2d at 1168.

### 3.    Calculating the Lodestar

Upon a through review of the record, including Plaintiff's Counsel's detailed billing records, and considering that the Defendants have not raised specific objections

**12**

to those billing records, the undersigned finds that the hourly rate and the number of hours billed in prosecuting this action by Plaintiff's Counsel is reasonable.[5]  The undersigned therefore concludes that Plaintiff is entitled to recover the calculated lodestar total amount of $41,252.50, which represents the $40,440.00 requested by the Plaintiff as attorney's fees, as well as an additional $812.50 for time spent litigating the issue of attorney's fees.

>    D.    Adjustments to the Loadstar

>       1.    Legal Standard

After calculating the lodestar, the Court may apply an across the board reduction to the lodestar where "the plaintiff achieved only partial or limited success," even if the plaintiff's claims are "interrelated, non-frivolous, and raised in good faith." *Hensley*, 461 U.S. at 436.  In fact, the Supreme Court has stated that the degree of success obtained by the prevailing party is a "crucial factor that district courts should consider carefully in determining the amount of fees to be awarded." *Hensley*, 461 U.S. at 440.  When making this reduction, the Court does not have to conduct an hour-by-hour analysis. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  "[I]t is sufficient for the court to provide a

---

[5]  In reaching this conclusion, the Court has also considered the "*Johnson* factors," including (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340-41 (11th Cir. 1999)(*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).

concise but clear explanation of its reasons for the reduction." *Id.* This means that when a plaintiff obtains a result that is "limited in comparison to the scope of the litigation as a whole," it is appropriate for them to receive a reduced award of attorney's fees. *Id.*

While reduced fee awards are proper in many cases, "[f]ee awards should not simply be proportionate to the results obtained," especially in FLSA cases, as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff. *See James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007). This is to ensure "that individuals with small claims can obtain representation necessary to enforce their rights." *Brandt*, 2011 WL 4625379 at *12. However, although prevailing parties in FLSA actions are entitled to attorney's fees, "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiff's to outrageously and in bad faith run up attorney fees without any threat of sanction." *See* 29 U.S.C. § 216(b). *See Goss*, 248 F. Supp. 2d at 1168-69.

### 2.   Analysis

Although not explicitly argued in the Defendants' objections, the Court recognizes that the Defendants may be attempting to assert that the fee award should be reduced because the settlement in the Plaintiff's favor reflected a partial or limited success when compared to his original claim. The Court notes that generally courts that have reduced the lodestar due to a "partial or limited success" have reduced the lodestar only when the recovery was extremely limited in light of the plaintiff's original claim. *See, e.g., James*, 489 F. Supp. 2d at 1353.

In this case, it is not surprising that the Plaintiff did not recover the total amount that he sought in his Statement of Claim, because settlements typically result in each party compromising a portion of his/her claim or defense. Moreover, the Plaintiff's

**14**

recovery in the instant case is far greater than those cases where a plaintiff made extremely small recoveries that have warranted a reduction in the lodestar due to a prevailing Plaintiff's "partial or limited success."  In *James*, the Court reduced the lodestar by 50 percent when the plaintiff originally requested $600,000 but only recovered approximately $3,500, less than half of one percent of his original claim. 489 F. Supp. 2d at 1351, 1353.  Similarly, in *Brandt*, the Court reduced the lodestar by 70 percent when the plaintiff originally requested $56,160 but only recovered $1,208.52, less than 3 percent of him original claim. 2011 WL 4625379 at 12.  Thus, the undersigned concludes that the lodestar should not be reduced based on the Plaintiff's recovery in this case.

Based upon a determination of the reasonableness of the requested attorney's fees, the undersigned concludes that the Plaintiff is entitled to recover a total of $41,252.50 in attorney's fees, which represents $40,440.00 in attorney's fees, as well as an additional $812.50 for time spent litigating the issue of attorney's fees.

III.     COSTS

A.     The Positions of the Parties

The Plaintiff initially requested $2,487.51 in costs incurred in litigating this case pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and the settlement agreement (DE # 56).  However, based upon a review of the receipts submitted by the Plaintiff in support of his request, it appears that Plaintiff actually seeks recovery for costs totaling $ $2654.46.[6]  These costs consist of filing and service

---

[6] The discrepancy in the total amount sought is due to the difference between the amount initially submitted to the Court related to the deposition costs of $975.00, rather than the $1066.95 subsequently submitted in receipts for deposition costs (DE # 61); and the $300.00 initially sought for subpoena and witness fees, rather than the $375.00

fees, expedited deposition transcripts costs, subpoenas and witness fees, postage costs and copy costs, and, mediation and parking expenses.

In their written opposition, the Defendants have only objected to certain costs that the Plaintiff seeks recover.  Specifically, the Defendants object to the Plaintiffs's request for costs associated with expediting transcripts of the depositions of two of the witnesses, costs for subpoenaing various witnesses for trial that were not listed on Plaintiff's initial disclosures, costs for subpoenaing one of the Defendants' managers, and costs associated with mediating this matter (DE # 62 at 5).

In response to these objections, the Plaintiff claims that the expedited transcripts were necessary because of the summary judgment deadlines at issue in the case (DE # 64 at 3).  The Plaintiff also contends that the testimony of the witnesses that were subpoenaed was necessary because those witnesses had knowledge of the hours the Plaintiff worked, his job duties, and the accuracy of the Defendants' time records. *Id*. The Plaintiff contends that the subpoena for the Defendants' manager was necessary because the Defendants never offered to produce that witness at trial without a subpoena. *Id*.  With respect to the other subpoenaed witnesses, the Plaintiff asserts that the Parties agreed all witnesses listed in the pretrial stipulation could testify at trial without objection, and that these witnesses could have potentially been called as rebuttal witnesses, for which disclosure was not required (DE # 64 at 4).[7]

B.      Legal Analysis

At the outset, it bears noting that the Plaintiff contends that because the Parties'

_____

requested in the affidavit submitted in support of the Motion (DE # 56-2 at 1).

[7]The Plaintiff did not respond to the Defendants' claims that mediation costs should not be taxed against the Defendants (DE # 62 at 5)(*See* DE # 64).

**16**

settlement did not limit costs recoverable in this action to those costs available under 28

U.S.C. § 1920, the statute which governs costs recoverable in FLSA actions, the Plaintiff

is entitled to recoup all costs and not just those enumerated in that statute.  In their

Response to the Plaintiff's request for costs, the Defendants did not dispute this

assertion, and thus the undersigned presumes that the Plaintiff is correct in his

characterization of the settlement agreement.  In addition, the Defendants did not even

reference 28 U.S.C. § 1920, or its limitations, in their Response to the request for costs.

Accordingly, in determining the amount of costs that the Plaintiff is entitled to recover in

this action, the undersigned will only address those particular costs to which the

Defendants have raised objections even where certain categories of costs fall outside of

those costs enumerated in § 1920.[8]

### 1.    Filing and Service Fees

The Plaintiff requests costs for filing and service fees that amount to $420.00,

---

[8] Typically, prevailing plaintiffs in FLSA cases governed by 29 U.S.C. § 216(b) are entitled to recover costs pursuant to 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The following may be taxed as costs pursuant to 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court cannot go outside the parameters of 28 U.S.C. § 1920 "absent explicit statutory or contractual authorization." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

which represents $350.00 for the cost of filing the complaint (DE # 1), and $70.00 for the cost of serving process on the Defendants (DE # 2).  The Defendants do not object to these costs, therefore the undersigned finds that the Plaintiff is entitled to recover the filing and service fees.

### 2.        Deposition Costs

The Plaintiff seeks to recover costs for the deposition transcripts in the amount of $1066.95.[9]  Specifically, the Plaintiff requests costs for his own deposition transcript, in the amount of  $320.70 and costs for the expedited deposition transcripts of Defendant Greenberg and Don Johnson in the amount of $746.25 (DE # 61-1 at 4)(DE # 64 at 3).  The Defendants do not object to the costs of the deposition transcripts themselves but do object to the costs associated with expediting the transcripts of Greenberg and Johnson, claiming there was no reason for them to be expedited (DE # 62 at 4). In responding to the Defendants' objection, the Plaintiff has requested that if the Court determines that awarding costs of the expedited transcripts is not appropriate, that the Court instead award costs in the amount of $504.00, representing the costs of regular delivery of those deposition transcripts, including the cost of the courier (DE # 64 at 3 n. 5).

Although, as discussed above, the Plaintiff does not seek costs solely pursuant to § 1920, the Court notes that under that section, normally, deposition costs are recoverable by the prevailing party so long as they are "necessarily obtained for use in the case.".  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Thus, costs

---

[9] Although the billing records initially submitted to the Court reflect deposition costs totaling $975.00 (DE # 56-1 at 7), the receipts subsequently submitted by the Plaintiff reflect a total of $1066.95 incurred by the Plaintiff for deposition costs (DE # 61).

**18**

associated with the expedited delivery of deposition transcripts, however, are not taxable as costs under 28 U.S.C. § 1920, as they are considered solely for the convenience of counsel absent a showing that there is a "need or extraordinary circumstance to justify [the] expense." *Licausi v. Symantec Corp.*, 2009 WL 3177566, No. 08-60544, at *3-*4 (S. D. Fla. 2009).

In this case, the Plaintiff only makes the conclusory claim that "in conjunction with Summary Judgment deadlines, it was determined that these transcripts were necessary" (DE # 64 at 3). However, a review of the billing records and invoice for the expedited transcripts reveals that although the depositions of Mr. Greenberg and Mr. Johnson were taken on July 1, 2010, the first billing entry for work performed related to the Plaintiff's Motion for Partial Summary Judgment was not until September 8, 2010, and the Summary Judgment Motion was not filed until September 15, 2010 (DE # 29). Similarly, the invoice submitted for the expedited transcripts reflects that the date of the depositions was July 1, 2010, but the shipping date for the expedited transcripts was September 13, 2010. Thus, the Plaintiff has failed to demonstrate that there was a need to expedite the deposition transcripts as there was sufficient time to order the transcripts on a non-expedited basis prior to the time Counsel's work on the summary judgment motion commenced. Therefore, the undersigned deducts the costs for the expedited transcripts and finds that the Plaintiff is only entitled to recover $824.70 in costs associated with the deposition transcripts representing $320.70 for the Plaintiff's deposition, and $504.00 for the depositions and transcripts of Mr. Greenberg and Mr. Johnson on a non-expedited basis.

3.      Subpoena Costs

The Plaintiff requests a total of $375.00 in subpoena costs, which represents the

costs associated with issuing subpoenas for Don Johnson, George Coulson, Jose Menjivar, Ayner Palacios, and Rafael Quinceno, all at a rate of $35.00 per subpoena plus a witness fee of $40.00 per subpoena issued (DE # 56-2 at 1).  The Defendants object to these costs in their entirety, claiming that Don Johnson, as a manager of Defendant Super Shine, was to appear at trial and did not need to be subpoenaed, and asserting that the other witnesses were not on the Plaintiff's initial disclosure list and that the Plaintiff has not proffered why their testimony would be relevant (DE # 62 at 5).

As to Don Johnson, the fact that a witness has a relationship with a party does not make a subpoena unnecessary. *See O. Thronas, Inc., v. Blake*, 2010 WL 3946433, No. 09-00353, at *6 (D. Haw. 2010) (stating fact that witness was defendant's accountant did not make his subpoena unnecessary).  Moreover, the fact that opposing counsel gives his assurances that a witness will appear does not render a subpoena unnecessary. *See Owens v. Sprint/United Mgmt. Co.*, 2005 WL 147419, No. 03-2371, at *2 (D. Kan. 2005).  In addition, subpoenas are reasonably necessary when the witnesses are listed as possible trial witnesses in the parties' joint final pretrial statement. *United States v. Degayner*, 2009 WL 111673, No. 06-cv-1462, at *5 (M.D. Fla. 2009).

In this case, the Court finds that Plaintiff issuing a subpoena for Mr. Johnson was reasonable.  As one of Defendant Super Shine's managers, Johnson would likely have been able to testify as to the hours the Plaintiff worked, the Plaintiff's job duties, and the accuracy of the Defendants' time records, which were the key issues in this case (*See* DE # 64 at 3).  Thus, because Mr. Johnson is not a Defendant in this action, his presence was not mandated at trial, and Plaintiff therefore took steps to secure his presence at the trail.  The undersigned therefore will allow the Plaintiff to recover the costs associated with subpoenaing Johnson.

With respect to the other witnesses, the Plaintiff has not responded to the Defendant's claim that these witnesses were not listed in the Plaintiff's initial disclosures; however, the Court notes that these witnesses were listed in the Plaintiff's witness list (DE # 41) that accompanied the Parties' Joint Pretrial Stipulation (DE # 41). The Defendant does not contend otherwise.[10]  Additionally, although the Defendants reiterated many of their objections in their Response to the Plaintiff's Notice of Filing Supplemental Authority (DE # 66), they did not object to the Plaintiff's claim that the Parties agreed that these witnesses were potential trial witnesses at the pretrial conference and that they would be allowed to testify without objection (*See* DE # 64 at 4). The Plaintiff also stated that he believed these subpoenas were necessary because these witnesses had knowledge of hours the Plaintiff worked, the Plaintiff's job duties, and the accuracy of the Defendants' time records (*See* DE # 64 at 3).  For these reasons, the undersigned concludes that the Plaintiff can tax the $375.00 associated with subpoenaing these witnesses.

### 4.      Mediation Expenses

The Plaintiff requests $525.00 in costs associated with attending court ordered mediation and $5.00 for parking at that mediation (DE ## 56 at 5, 56-1 at 2, 56-2 at 3). Plaintiff asserts that those costs constitute expenses that are normally included in a lawyer's bill for professional services and therefore are recoverable.

Normally, court ordered mediation expenses are not awarded in the Eleventh

---

[10]Ayner Palacios is also listed in the Defendant's witness list (DE # 41, Ex. B) that accompanied the Parties Joint Pretrial Stipulation (DE # 41).  Palacios first name is spelled "Aeiner" in this witness list (DE # 41, Ex. B).  The undersigned has spelled Palacios' first name "Ayner" as stated in the Plaintiff's witness list for the purposes of this Motion.

**21**

Circuit as they fall outside the parameters of 28 U.S.C. § 1920. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. App'x 837, 845-46 (11th Cir. 2008). In *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, 2010 WL 2985695, No. 07-cv-1786, at *2 (M.D. Fla. 2010), an FLSA case that involved court ordered mediation, the Court noted that mediation costs are not recoverable under 28 U.S.C. § 1920. Moreover, the Court noted that even if it had the discretion to tax mediation costs, it would not tax them, "reasoning that [mediation] expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case." *Id*.

As stated previously, the Court is aware that the Plaintiff claims that he is entitled to recover costs above those allowed by 28 U.S.C. § 1920 due to the Parties' settlement agreement which purportedly did not limit the recovery of costs to § 1920. However, the Court, nevertheless, finds the holding in *Rivera Santiago* persuasive, and concludes that the mediation costs should be equally shared by the Parties in this action. The Court's determination on this issue is bolstered by the fact that the Plaintiff did not reply to the Defendants' contention that mediation costs are not recoverable in this action (DE # 56 at 5). As such, the Court determines that the Plaintiff is not entitled to recover the costs for mediation. The Court will therefore deduct $530.00 ($525.00 for the mediation and $5.00 for parking for that mediation) from the total amount of costs requested by the Plaintiff.

### 5. Other Costs

As stated above, the Defendants did not raise objections to the other costs sought by the Plaintiff. Therefore the undersigned will award the Plaintiffs the costs as requested for postage ($2.51) and copying ($260.00).

Accordingly, the Plaintiff may recover costs in the amount of $1,882.21 rather than the requested $2,654.46.  This amount reflects costs in the amount of: (1) $420.00 in filing and service fees; (2) $824.70 in non-expedited deposition fees; (3) $375.00 in subpoena costs; (4) $260 in copying costs; and, (5) $2.51 in postage.

IV.     **CONCLUSION**

Accordingly it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff is entitled to recover $43,134.71, which represents $41,252.50 in attorney's fees and $1,882,21 in costs,

**DONE AND ORDERED** at Miami, Florida, this 11th day of June, 2012.


_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**


Copies furnished to:
All counsel of record via CM/ECF