# PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216 (b)

# EXHIBIT N

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES
AND COSTS PURSUANT TO 29 USC 216 (b)**                    **EXHIBIT N**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 11-20275-CIV-SCOLA/BANDSTRA

MANEUL GUILLERMO CATRILLON
ROLDAN, *et. al.*,

      Plaintiffs,

v.

DAVIS BANCORP. INC., *et. al.*,

      Defendants.

_____/

## **ORDER**

THIS CAUSE came before the Court on Plaintiffs' Motion to Tax Cost (D.E. 124) filed on July 9, 2012[1]; Plaintiffs' Verified Motion for Attorney Fees (D.E. 125) filed on August 6, 2012; Plaintiffs' Motion to Compel Defendants' Counsels' Billing Records (D.E. 135) filed on September 12, 2012; and Plaintiffs' Motion and Notice of Filing Supplemental Time Records in Conjunction with Verified Motion for Attorney Fees and Costs (D.E. 136) filed on September 12, 2012. On August 15, 2012, these motions were referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A). Having carefully reviewed the motions, the responses and replies thereto, all supporting documentation, the court file and applicable law, it is hereby

---

[1] On August 14, 2012, Plaintiff filed a Notice of Filing Supplemental Cost Regarding Bill of Costs and Motion for Costs (D.E. 129) requesting an additional $525.20 for court reporting services.

ORDERED AND ADJUDGED as follows:

(1) Plaintiffs' Motion to Tax Cost (D.E. 124) is GRANTED IN PART in the amount of $4,839.70.[2]

(2) Plaintiffs' Verified Motion for Attorney Fees (D.E. 125) is GRANTED IN PART in the amount of $137,041.00.

(3) Plaintiffs' Motion to Compel Defendants' Counsels' Billing Records (D.E. 135) is DENIED AS MOOT, the Court finding same unnecessary and irrelevant for the resolution of the underlying substantive motions.

(4) Plaintiffs' Motion and Notice of Filing Supplemental Time Records in Conjunction with Verified Motion for Attorney Fees and Costs (D.E. 136) is GRANTED IN PART in the amount of $2,385.00 in additional attorneys' fees.

## PROCEDURAL HISTORY

This is an action for unpaid wages and retaliation brought under the Fair Labor Standards Act, 29 U.S.C. §206(a). After contentious pretrial litigation, and a five day jury trial, plaintiffs prevailed on their claims. Defendant does not contest that plaintiffs prevailed but oppose the requested amount of fees challenging certain time entries as duplicative or unrecoverable based on the success of the individual motions referenced in defendants' response.[3] Defendants argue that these particular plaintiffs should have had their claims

---

[2]This amount reflects the original amount of costs requested in the amount of $5,064.50 and the supplemental cost of $525.20 inadvertently omitted in the original motion, minus the request for $750.00 for mediation fees which are not statutorily mandated as recoverable.

[3] The undersigned notes that no fees were reduced for "lack of success."

resolved with similarly situated plaintiffs in an earlier and separately filed action which was filed against the same defendan, *Vergara v. Davis Bancorp, et. al.*, 10-21746-CIV-GRAHAM (S.D. Fla.), but chose instead to file a second, separate action resulting in an alleged windfall of fees in these cases.[4]   Plaintiffs oppose this notion and seek $165,392.50 in fees[5] and $5,589.70 in costs.[6]

## ANALYSIS

### I. Attorneys' Fees

Plaintiff seeks an award of attorneys' fees in the amount of $165,392.50 under 29 U.S.C. §216(b) of the Fair Labor Standards Act.

Finding that plaintiff is the prevailing party, the undersigned addresses the appropriate amount of the fee award.  In order to determine a reasonable and proper fee, the Court must ordinarily consider the number of attorney hours expended on the case together with the customary fee charged in this community for similar legal services.  See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee

---

[4] These plaintiffs had every right to file a separate action and were not compelled to bring the action with the *Vergara* plaintiffs.  Further, these plaintiffs unlike in *Vergara* had retaliation claims. Accordingly, the *Vergara* case did not afford these plaintiffs "a cut and paste scenario" but rather compounded the analysis of the instant case because the deposition testimony and pleadings of *Vergara* needed to be analyzed in this case due to the involvement of the same defendants. Therefore, the undersigned finds this argument to be irrelevant to the issues presented herein on the reasonableness of the fees and costs incurred in the instant litigation. Further, any such argument should have been raised procedurally on the merits in the underlying litigation which was never done or ruled on by the trial court.  Thus, the undersigned finds no merit to the argument that these cases were brought separately to collect a "windfall of fees."

[5] In plaintiffs' initial fee petition, plaintiffs submitted a request for $159,803.00 and then later filed a supplemental fee request in the amount of $4,532.50, totaling $165,392.50.

[6] Plaintiffs' initially requested costs in the amount of $5,064.50 and then filed a supplemental cost request of $525.20, for a total of $5,589.70.

applicant bears the burden of demonstrating the reasonableness of the hours claimed and the requested hourly rate. Id. at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332 (11th Cir. 1987)). In addition, Southern District of Florida, Local Rule 7.3, provides, in pertinent part:

> Any motion for attorney's fees and/or to tax costs must specify: the judgment and the statute, rule, or other grounds entitling the moving party to the award; must state the amount or provide a fair estimate of the amount sought; shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; shall be supported with particularity; shall be verified; and shall be filed and served within 30 days of entry of Final Judgment or other dispositive order.

Plaintiffs' attorneys have submitted their computerized internal time sheets. This billing record lists the service performed and the amount of time expended by each attorney working on this case and their corresponding billing rates. These records provide details sufficient for this Court to assess the reasonableness of the tasks involved for each attorney.

After a line by line review of these time sheets, the undersigned was able to make an objective estimate of the value of the lawyer's services and the reasonableness of the hours billed. The undersigned finds that plaintiffs have satisfied in part their burden of demonstrating the reasonableness of the majority of the hours expended to achieve a favorable result. However, the undersigned has deducted some of the hours requested based on duplication and reasonableness. Five attorneys worked on this matter which, on its own, is not problematic. However, the undersigned finds instances of duplication and excessiveness that required revision.[7] Fee applicants must exercise "billing judgment" by

---

[7] The undersigned also evaluated the expertise, competence and experience of the attorneys involved in the case in reviewing the reasonableness of the hours

excluding excessive, redundant or otherwise unnecessary hours from their fee applications. *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).

The undersigned conducted a detailed review of plaintiffs' counsels' billing statement and adjusted it to remove instances of duplication, excessiveness or unnecessary expenditure of time in light of counsels' experience. The undersigned allowed the hourly rates requested due to the specialization of the attorneys in handling these matters. In light of same, however, the undersigned finds that the request for two attorneys' trial attendance was not necessary given Mr. Zidell's trial experience. As such, the time requested for the additional attorney was deducted. The undersigned also cut time requested for a junior attorney when both a senior and junior attorney met with clients and billed for the same tasks. Additionally, the undersigned made deductions from entries that, given these attorneys' years of experience, evidenced excessive time for the tasks performed (ie. reviewing defense motions and revising and editing plaintiffs' pleadings). The undersigned also deducted excessive time for strategizing between attorneys at the firm. Therefore, after the deductions made of $25,966.50, the undersigned finds that plaintiff is entitled to an award of attorneys' fees in the amount of $137,041.00 (of the initial request) and $2,385.00 (of the supplemental request) based on hours reasonably expended at the hourly rates requested for each attorney,[8] for a total sum for attorneys' fees of $139,426.00.

_____

requested.

[8] The undersigned did not modify the hourly rates of the attorneys finding them to be reasonable under the circumstances of this case.

## II. <u>Costs</u>

Plaintiff also seeks costs in the amount of $5,589.70. Rule 54(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The award of costs is largely controlled by statute. Additionally, under 28 U.S.C. § 1920, the court may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services of Section 1828 of this title.

Although Rule 54(d) gives federal courts discretion to deny costs under these subsections, it does not authorize courts to award costs beyond the statutory levels. <u>See</u> <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987). Accordingly, plaintiffs are entitled to reimbursement of their reasonable costs only as authorized by 28 U.S.C. § 1920.

The undersigned has reviewed plaintiffs' listed costs and finds that all the costs requested other than the mediation cost of $750.00 are statutorily recoverable. The documentation provided was clear and provided the required detail to determine recovery. As such, the undersigned awards plaintiff the total sum of $4,839.70 for their compensable

costs for filing fees, summonses, transcripts of depositions, witness fees and interpreter

costs incurred in this litigation.

DONE AND ORDERED at Miami, Florida this ⌐ day of December 2012.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
The Honorable Robert N. Scola
All Counsel of Record