IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:12-CV-0094-D |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P, | § | |
| CALIFCO, LLC, and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court enters these findings of fact and conclusions of law in support of the judgment entered in this case following a bench trial. If a finding of fact should be construed as a conclusion of law, and vice versa, it shall be so construed.

FINDINGS OF FACT:

1. Plaintiff Pedro Garcia Arriaga's ("Arriaga's") work for defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian, also known as Elias Shakrian ("Shokrian") (collectively, "defendants") consisted of maintenance work for several shopping centers that were located in close proximity to one another. Arriaga worked five to seven days per week and averaged 62 hours weekly working for defendants. He made $8.50/hr. as his normal hourly wage but was never compensated time and one half overtime for his overtime work. Arriaga was employed by defendants from 2005 to January 8, 2012. Defendants intentionally failed to pay overtime to Arriaga

FINDINGS OF FACT AND CONCLUSIONS OF LAW                    Page **1** of **3**

for the three-year period applicable to this case. Arriaga is therefore entitled to $14,500.31 in unpaid overtime.

2. Shokrian was an owner/manager of the defendant businesses for the relevant time period. He visited the subject properties to inspect the condition and maintenance of them and also acted as the boss of Arriaga's supervisor—Albino Villanueva ("Villanueva"). Shokrian regularly communicated with Villanueva and told him what to do and what needed to be done on a regular basis. Shokrian controlled issues relating to payroll and set budgets for work that needed to be performed on the subject properties. Shokrian's daughter worked in the payroll department with Amanda Cano ("Cano"), and Shokrian's son also helped manage the subject properties. Shokrian maintained regular operational control over the defendant businesses for the relevant time period.

3. Several years before Arriaga's last day of employment with defendants, Villanueva and Cano were both instructed by higher management that defendants did not pay overtime, although neither of them knew why.

CONCLUSIONS OF LAW:

1. This matter arises under the Fair Labor Standards Act ("FLSA"). Shokrian is an "employer" within the meaning of the FLSA. Defendants knew or showed reckless disregard concerning the non-payment of overtime to Arriaga and "knew" that overtime was "in the picture" vis-à-vis Arriaga's work

2. Because defendants willfully failed to pay overtime Arriaga, he is entitled to an award of twice the amount of unpaid overtime. Defendants did not produce evidence that they acted with both objective and subjective good faith.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**                    Page **2** of **3**

3.  Arriaga proved the amount of damages to which he is entitled by testifying to his hours worked, pay received, and entering his time cards and paystubs into evidence at trial.

November 5, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE