# PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA, and all others similarly situated under 29 U.S.C. § 216(B), | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:12-CV-0094-D |
| VS. | § § | |
| CALIFCO, LLC, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Following a bench trial in this action for unpaid overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, plaintiff Pedro Garcia Arriaga ("Arriaga") moves for an award of attorney's fees and costs under 29 U.S.C. § 216(b). For the reasons that follow, the court grants the motion as to attorney's fees and denies without prejudice the motion as to costs.

I

Arriaga brought this suit under the FLSA against defendants Jess Enterprises, LLC ("Jess"), SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco"), and Elias Shokrian, also known as Elias Shakrian ("Shokrian") for unpaid overtime pay. On the eve of the scheduled jury trial (and after the pretrial conference was conducted), defendants terminated their counsel. The court struck the responsive pleadings of Jess, SEJ, and Califco and entered default judgments against them. Although Shokrian had the right as a natural person to

Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 2 of 5   PageID 439

appear *pro se*, he did not appear for trial. Arriaga waived a jury trial, and the court convened a bench trial. The same evidence offered against Shokrian established Arriaga's damages claims against Jess, SEJ, and Califco. The court awarded Arriaga judgment against all defendants, jointly and severally, in the principal sum of $14,500.31, liquidated damages in the sum of $14,500.31, and post-judgment interest. Arriaga now moves for an award of $85,245.00 in attorney's fees and $4,136.80 in costs. Defendants have not responded to the motion.

## II

### A

"Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, ___ F.3d ___, 2013 WL 5612304, at *7 (5th Cir. Oct. 11, 2013) (citing 29 U.S.C. § 216(b)). The Fifth Circuit "use[s] the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Id.* (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir.2006)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work. There is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citation omitted).

### B

Arriaga's attorneys expended a total of 265.1 hours prosecuting his case. After reviewing their billing records—and in the absence of any opposition response—the court finds no basis to conclude that any expenditure of time was unreasonable. Arriaga requests that his attorneys be compensated at an hourly rate of $350 per hour and that a paralegal be

compensated at an hourly rate of $90. Given the attorneys' respective levels of experience and the relevant prevailing rates, together with Arriaga's showing that courts have awarded fees using similar rates, the court, as an expert as to the reasonableness of attorney's fees, finds that these hourly rates are customarily charged in this locality for similar legal services and that the rates for the attorneys and paralegal are reasonable. The rates will therefore be used in calculating the lodestar. *See, e.g., Gromer v. Mack*, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, C.J.) (collecting cases holding that courts are experts regarding reasonableness of attorney's fees).

C

There is a "strong presumption that the lodestar award is the reasonable fee." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999). Nevertheless, "the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (internal quotation marks and citation omitted). District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009). Because defendants have not opposed Arriaga's motion, the court will not discuss each of the applicable factors individually.

The court notes that Arriaga's attorneys achieved nearly complete success in their suit against defendants. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)

- 3 -

(reiterating that results obtained is crucial factor in determining proper fee award). Although the requested fees exceed the award obtained, this is not uncommon in cases brought under the FLSA. *See, e.g., Hilton v. Exec. Self Storage Assocs., Inc.*, 2009 WL 1750121, at *8 (S.D. Tex. June 18, 2009) ("Given the nature of claims under [t]he FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." (quoting *Powell v. Carey Int'l, Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008)). The prosecution of Arriaga's case consumed considerable time because defendants diligently litigated the case until the eve of trial, when they terminated their counsel, and then failed to appear for trial. *Cf. Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 234 (5th Cir. 2011) (per curiam) (noting that defendant "never offered to settle the case"). The court has already found that the requested hourly rates are reasonable. The court further finds that Arriaga's attorneys have experience and ability in litigating FLSA cases. All of these findings confirm the reasonableness of the fees calculated according to the lodestar amount. Based on its application of the pertinent *Johnson* factors, the court holds that the lodestar amount is reasonable and should not be adjusted.

III

Arriaga moves for an award of $4,136.80 in costs. In the court's judgment in this case, it awarded Arriaga his taxable costs of court, as calculated by the clerk of court. Because Arriaga seeks in his motion only costs that he maintains are taxable, this request should have been presented to the clerk of court, as provided in the judgment. His motion for costs is therefore denied without prejudice.

\* \* \*

For the foregoing reasons, the court grants Arriaga's motion for attorney's fees. The court awards Arriaga the sum of $85,245.00 in attorneys' fees ($350 x 236.1 hours for J.H. Zidell, Esquire and Robert Manteuffel, Esquire's services, together with $90 x 29 hours for paralegal services) against defendants, jointly and severally. The court denies without prejudice the motion as to costs.

**SO ORDERED**.

November 5, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 5 -