**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**PEDRO GARCIA ARRIAGA,**

      **Plaintiff,**

**v.**                                           **Civil Action No. 3:12-CV-00094-D-BK**

**JESS ENTERPRISES, SEJ
PROPERTIES, L.P., CALIFCO,
LLC, and ELIAS SHOKRIAN,**

      **Defendants.**

## ORDER

Pursuant to the District Court's *Order of Reference* dated December 4, 2013, Plaintiff's *First Amended Motion for Issuance of Writ of Garnishment* (Doc. 59) was referred to the undersigned. For the reasons that follow, the motion is **DENIED AS UNNECESSARY.**

Following a bench trial, the District Court entered judgment in Plaintiff's favor for $29,000.62 in damages, $85,245.00 in attorneys' fees, and $4,136.80 in costs.  (Docs. 48, 52, 58). On January 14, 2014, the Clerk of Court issued a writ of garnishment filed by Plaintiff directed to Bank of America, NA as garnishee in an apparent effort by Plaintiff to collect on the amounts due. (Doc. 65).

Pursuant to Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution.  The procedure for execution and proceedings supplementary, including garnishment, must accord with the procedure of the state where the court is located, in this case Texas. *See FG Hemisphere Assoc., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (noting that "as actions supplemental to or in aid of execution according to [Rule 69], garnishment actions are governed by state law").  Pursuant to Texas Civil Practice & Remedies Code § 63.001, a post-

judgment writ of garnishment is available if, *inter alia*, "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Plaintiff did not file any such affidavit in connection with his request for a writ of garnishment directed to Bank of America. Accordingly, the Clerk's issuance of the writ at Docket Number 65 is **QUASHED** due to Plaintiff's failure to comply with section 63.001 of the Texas Civil Practice & Remedies Code.

Plaintiff did, however, file the required affidavit with his requested writ of garnishment directed to JPMorgan Chase Bank, NA. (Doc. 59-4 at 2-3). In federal court, a post-judgment writ may be issued by the Clerk without a court order. *See DAP Fin. Svcs., Inc. v. Bank One Texas, N.A.*, Case No. 3:96-CV-2797-D, Doc. 7 at 2 (stating that in "federal court, a post-judgment writ [of garnishment] may be issued by a clerk without a court order."). Accordingly, Plaintiff's *First Amended Motion for Issuance of Writ of Garnishment* (Doc. 59) is **DENIED AS UNNECESSARY**.

**SO ORDERED** on March 3, 2014.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2