**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others | § | |
| similarly situated under U.S.C. 216(b), | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P., | § | |
| CALIFCO, LLC and ELIAS SHOKRIAN | § | |
| also known as | § | |
| ELIAS SHAKRIAN, | | |
| | | |
| Defendants. | | |

## MOTION TO DISSOLVE WRIT OF GARNISHMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC and Elias Shokrian (collectively, "Defendants") file the Motion to Dissolve the March 3, 2014 Writ of Garnishment ("Writ") served upon garnishee JP Morgan Chase ("Garnishee") and in support show as follows:

### I.    INTRODUCTION

Texas Courts have long observed writs of garnishment as a harsh remedy, requiring strict statutory compliance. Plaintiff has failed to strictly abide by his statutory obligations: Plaintiff has completely failed to serve Defendants with the Writ "as soon as practicable" following his service upon the Garnishee, as required under Texas Rule of Civil Procedure 663(a). ("Rule 663") Texas Supreme Court precedent dictates that Plaintiff's failure to strictly abide by this rule in apparent attempt to deny Defendants due process, requires the court to act immediately to dissolve the Writ.

The Court should also dissolve the Writ on jurisdictional grounds. The Court issued the writ of garnishment on March 3, 2014—nearly four months after it relinquished control over this case and the ancillary garnishment proceeding to the 5th Circuit. While Plaintiff will predictably argue Defendants needed a supersedeas bond to halt garnishment efforts, his argument will miss the mark: No supersedeas bond should be required to supersede the effectiveness of an invalidly obtained Writ issuance. As a result, the Court should dissolve the Writ on this additional jurisdictional ground.

## II.    RELEVANT FACTS

1.   On August 19, 2013, the Court entered a damages award in favor of Plaintiff. (Doc. 48)

2.   On November 5, 2013, the Court entered a cost and attorneys' fees award in Plaintiff's favor. (Doc. 52).

3.   On November 25, 2013, Plaintiff filed his First Amended Motion for Issuance of Writ of Garnishment for Garnishee JP Morgan Chase Bank, National Association. (Doc. 59)  Plaintiff failed to recognize that he should have properly requested issuance of the Writ of Garnishment from the clerk, as post-judgment writs of final judgments may be issued without a court order. (*See* Doc. 66)

4.   Defendants filed their Notice of Appeal on December 4, 2013. (Doc. 62)

5.   The case was docketed and jurisdiction transferred to the Fifth Circuit Court of Appeals on December 9, 2013. (App. Doc. 1)

6.   On January 14, 2014, following transfer of jurisdiction to the Fifth Circuit, Defendant requested two writ of garnishments—lacking required affidavits—pertaining to Bank of America. (Doc. 64. 65)

7. On March 3, 2014, the Court issued an Order confirming that Plaintiff should have requested the Writ from the Court directly from the clerk. (Doc. 66).

8. The Court issued the Writ on March 3, 2014, which Plaintiff subsequently served on the Garnishee on March 6, 2014. (Doc. 70).  At the time of this filing, fifteen days have passed since Plaintiff served the guarantor and froze Defendants' bank account.

9. Despite fifteen days passing since service on Garnishee, Plaintiff—at no time whatsoever—has supplied Defendants proper notice of the Writ in compliance with Rule 663.

## III.    ARGUMENT

### A.    A Stay Is Prescribed Until a Hearing on the Instant Motion

Texas Law provides the legal framework for the Court to utilize in regards to garnishment actions.[1]  Under Texas Law, the filing of a motion for garnishment dissolution or modification stays all proceedings under the writ, except for orders concerning the prayer preservation or sale of any perishable property, until a hearing is had and the issue is determined. Tex. R. Civ. P. 664(a).  As a result, the Court should suspend the writ of garnishment execution and freeze of Defendant's bank account until oral argument on this motion.

### B.    The Court Should Dissolve the Writ Because Defendants Violated Rule 663 by Failing to Serve Defendants with Proper Notice of the Writ

#### 1.    Only a Writ of Garnishment Proceeding Which Strictly Complies with the Texas Rules of Procedure is Sustainable

Texas Courts, including the Supreme Court of Texas,[2] have long observed that writ of garnishment proceedings afford a harsh remedy that are unsustainable absent strict

---

[1] *See* Doc. 66 (citing to *FG Hemisphere Assoc., LLC v. Republique due Congo*, 455 F.3d 575, 595 (5th Cir. 2006)(internal citations omitted).

[2] *See Bank One Tex., N.A. v. Sunbelt Sav., F.S.B.,* 824 S.W.2d 557, 558 (Tex.1992); *Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039, 1042 (1939).

compliance with statutory requirements and related rules.[3] Garnishment proceedings in Texas are governed by Chapter 63 of the civil practice and remedies code and rules 657 through 679 of the Texas Rules of Civil Procedure.[4] The Texas Rules of Civil Procedure have the same force and effect as statutes.[5]

> **2. Rule 663 Requires Service of Writ Notice with Required Advisement of Rights within Reasonably Practicable Period of Time Following Service of Garnishee**

Texas Rule of Civil Procedure 663 requires that a judgment debtor be served with a copy of the writ, with a specified notice regarding garnishment rights, as soon as practicable following writ service:

> The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court *as soon as practicable* following the service of the writ. There *shall* be prominently *displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents*, the following:
>
> "To _____ , Defendant:
>
> "You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:
>
> "YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

(Tex. R. Civ. P. 663(a))(emphasis added)

---

[3] *See e.g. Walnut Equip. Leasing Co. v. J–V Dirt & Loam, a Div. of J–V Marble Mfg., Inc.,* 907 S.W.2d 912, 915 (Tex.App.-Austin 1995, writ denied)(upholding trial court's judgment dissolving writ of garnishment for failure to properly adhere to service guidelines); *Hering v. Norbanco Austin I, Ltd.,* 735 S.W.2d 638, 641 (Tex.App.-Austin 1987, writ denied) ("It has long been the law of the State that if a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules.")

[4] *See* Tex.R. Civ. P. 657–79; Tex. Civ. Prac. & Rem.Code Ann. §§ 63.001–.008.

[5] *In re City of Georgetown,* 53 S.W. 3d 328, 332 (Tex. 2001).

## 2.      Compliance with Rule 663 is Essential to Due Process

In *Zeecon Wireless*, the Austin Court of Appeals explained the origins of Rule 663(a), elaborating that the Texas Supreme Court enacted the rule to protect individuals from deprivation of property without due process in accordance with U.S. Supreme Court Precedence:

> Rule 663a was added to the rules of civil procedure relating to garnishment actions as part of a 1978 amendment of the rules in response to several prejudgment-seizure cases decided by the United States Supreme Court. The Supreme Court had held that statutes permitting prejudgment deprivation of a person's property without notice and an opportunity to be heard violated due process. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Based on these cases, the Texas Supreme Court added rule 663a requiring the garnishor to serve the debtor with "a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court." Tex.R. Civ. P. 663a; *see Southwest Metal Fabricators, Inc. v. Internacional De Aceros,* 503 F.Supp. 76, 78 (S.D.Tex.1980) ("As modified, the Rules meet the constitutional test; property may no longer be frozen without notice and a hearing."). Whether due process requires such notice in a postjudgment setting is not material to our case, because Texas law requiring service on the debtor makes no distinction between prejudgment and postjudgment garnishment proceedings. *Hering,* 735 S.W.2d at 640–41.[6]

The *Zeecon Wireless* Court further explained that the purpose of the statute is not only advise the debtor of writ issuance, but also inform him of his rights to contest the garnishment:

> Rule 663a is "unambiguous in its requirement that the debtor be given notice of the garnishment and of his rights to regain his property." *Id.* at 641. The rule not only requires that the garnishor serve the debtor with the writ of garnishment and other documents, but also provides that the face of the writ must contain specific language advising the debtor of his right to regain possession of the property at issue by filing a replevy bond or by filing a motion to dissolve the writ. It also prescribes the precise language and typeface that must be used to notify the debtor of his rights. *See* Tex.R. Civ. P. 663a. Thus, the purpose of the service requirement is not only to advise the debtor that the writ has issued but also to inform him *818 of his rights to contest the garnishment.

---

[6] *Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.*, 305 S.W.3d 813, 817 (Tex.App. Austin 2010)

Texas Courts, including the *Zeecon Wireless* Court, have universally held that the requirement to properly serve Defendant pursuant to Rule 663 amounts to more than a mere technicality, but rather constitutes an integral part of the statutory requirements in a garnishment proceeding.[7]

> **3.    Failure to Serve Debtors with Service "as soon as practicable following Service of the Writ," Warrants Writ Dissolution; Actual Notice is Insufficient**

Although rule 663a does not entitle a debtor to a minimum of twenty days' notice as with service of an original petition,[8] the debtor does have the right to service of the writ of garnishment and related documents "as soon as practicable following the service of the writ" on the garnishee.[9]  While courts have determined that "as soon as practicable" is not susceptible to a definitive definition applicable in all cases, they have decided that a fifteen-day delay before serving a judgment debtor unquestionably fails to satisfy the strict requirements of Rule 663.[10] Moreover, a trial court will err in granting a writ of garnishment when no proof of strict compliance with Rule 663(a) *even if* the judgment debtor has obtained actual knowledge of the garnishment action or others appears therein.[11]

> **4.    The Court Must Dissolve the Writ Due to Plaintiff's *Prima Facie* Failure to Comply with Rule 663**

---

[7] *See e.g.* Id. at 818; *Walnut Equip. Leasing Co.*, 907 S.W. 2d at 915.

[8] *Mullins v. Main Bank & Trust*, 592 S.W.2d 24, 26 (Tex.Civ.App.-Beaumont 1979, no writ)

[9] Tex. R. Civ. P. 663(a); *See also Hering v. Norbanco Austin I, Ltd*., 735 S.W.2d 638, 641 (Tex.App.-Austin 1987, writ denied); *Texas Lease Finance Group, LLC v. Childers*, 310 S.W. 3d 120, 124-25 (Tex. App.-Ft. Worth 2010).

[10] *See Texas Lease*, 310 S.W.3d at 126 (citing to *Requeza*, 2002 WL 356696 at *4)(holding garnishor did not serve judgment debtor "as soon as practicable" where garnishor could have reasonably serve judgment debtor fifteen days before it did).

[11] *In re Tasty Moments, LLC*, No. 13-10-00274, 2011 WL 1204093, at *7 (Tex.App.-Corpus Christi Edinburg March 11, 2011) *Lease Fin. Group, LLC,* 310 S.W.3d at 125; *Zeecon Wireless Internet, LLC,* 305 S.W.3d at 817–18;*Abdullah v. State,* 211 S.W.3d 938, 942–43 (Tex.App.-Texarkana 2007, no pet.); *Mendoza,* 962 S.W.3d at 651–52; *Walnut Equip. Leasing Co.,* 907 S.W.2d at 914; *Hering,* 735 S.W.2d at 642; *see also Williamson v. State,* No. 07–09–0248–CV, 2010 WL 4644502 at *1 (Tex.App.-Amarillo Nov.17, 2010, no pet.) (mem.op.); *Requena v. Salomon Smith Barney, Inc.,* No. 01–00–00783–CV, 2002 WL 1701, at *3  (Tex.App.-Houston [1st Dist.] March 7, 2002, no pet.) (not designated for publication under the former appellate rules).

As provided *supra*, under Texas Law a trial errs in granting a writ of garnishment when a Plaintiff fails to show proof of strict compliance with Rule 663 *even if* the judgment debtor has actual notice of the garnishment preceding.  In the instant case, 15 days have passed since Plaintiff served the Garnishee. The Plaintiff's failure to provide proper notice—including an advisement regarding Defendants' rights—within this time period establishes a *prima facie* failure to serve Defendants "as soon as practicable" as required under Rule 63.  As a result of Plaintiff's non-compliance, the court must act immediately to dissolve the Writ in accordance with Defendants' right to due process.

**C.      The Court Lacked Jurisdiction to Issue the Writ of Garnishment on March 3, 2014**

   **1.      The Court Lacked Jurisdiction at the Time of Issuance Because It Had No Jurisdiction to Issue the Writ Following Appeal**

The Court should also dissolve the Writ because it lacked jurisdiction to issue the document on March 3, 2014[12]—nearly four months after relinquishing jurisdiction to the Court of Appeals.[13]  In Texas, garnishment actions obtain their jurisdiction from, and are ancillary to, the underlying suit on the merits.[14]  As the Texas Supreme Court has recognized, a trial court's jurisdiction over a garnishment action depends entirely on its continued jurisdiction over the main suit;[15]  When a trial court loses jurisdiction on appeal, it also loses jurisdiction over an ancillary garnishment action.[16]  If the Appeals Court affirms the Court's judgment, the trial court would logically regain jurisdiction over the garnishment action; If reversed, the garnishment proceedings would become a nullity and the writs issued would have no further force or

---

[12] App. Doc. 1.

[13] App. Doc. 1.
[14] *King & King v. Porter*, 252 S.W. 1022 (Tex. 1923); *Baca v. Hoover, Bax, & Shearer*, 823 S.W.2d 734, 738 (Tex. App.-Houston [14th Dist.] 1992, writ denied).
[15] *King*, 252 S.W. 2d at 102 (Tex. 1923); *Kelly v. Gibbs*, 19 S.W. 563, 563-564 (Tex. 1892); *Baca*, 823 S.W.2d at 738 (Tex. App.-Houston 1992).
[16] *McMurrey v. Bank of America*, 1994 WL 416676 at *1 (Tex. App.—Houston [1st Dis.] 1994) (citing to Baca S.W. 2d at 738).

authority.[17]  Because the Court lacked jurisdiction over the ancillary garnishment preceding at the time of Writ issuance, the Court should dissolve the invalidly issued writ.

### 2. The Court Lacked Jurisdiction at the Time of Issuance Because No Requisite Final Judgment Existed for Writ Issuance

Under Texas Law, the validity of a garnishment action rests on the existence of a final judgment.[18] A "final judgment" exists only when a trial court may no longer set aside the judgment or be reversed on appeal.[19]  Consequently, the court's judgment entry subject to determination by the 5th Circuit fails to provide the Court with the requisite "final judgment" required to issue the Writ.  Because the Court did not have jurisdiction on this alternative ground, the Court should dissolve the Writ.

### 3. Defendants' Predictable Argument Regarding the Necessity of a Supersedeas is Inconsequential if the Court Lacked Jurisdiction to Issue the Writ

While Defendants expect Plaintiff to attempt circumvention of  Defendants' jurisdictional argument by contending a supersedeas bonds is necessary for garnishment cessation, Plaintiff cannot rebut—based on case law or statute—that that the Court had no jurisdiction to issue the Writ after relinquishing jurisdiction to the 5th Circuit.  While Defendants admit that would have needed a supersedeas if Plaintiff had validly obtained the Writ through a court with jurisdiction, no bond is necessary to void the effectiveness of an invalidly obtained writ.

---

[17] Baca, S.W.2d at 738;  *Taylor v. Trans–Continental Properties, Ltd.*, 670 S.W.2d 417, 419(Tex.App.—Tyler 1984, *rev'd on other grounds,* 717 S.W.2d 890 (Tex.1986).

[18] *Baca,* 823 S.W.2d at 738; *Taylor v. Trans-Continental Properties, Ltd.*, 670 S.W.2d 417, 419 (Tex. App.-Tyler 1984), rev'd on other grounds, 717 S.W.2d 890 (Tex. 1986); *King v. Tom*, 352 S.W.2d 910, 913 (Tex. Civ. App.-El Paso 1961, no writ).

[19] *Id.*; *McMurrey v. Bank of America*, 1994 WL 416676 at *1; *Baca*, S.W.2d at 738.

WHEREFORE, premises considered, Defendants pray that the enforcement of the judgment be dissolved and the funds be released to the Defendants, and for such and further relief to which Defendants may be entitled.

Dated: March 21, 2014                                      Respectfully Submitted,

The SIEGEL Law Group

By: /s/ Jack L. Siegel
Jack Siegel
Texas Bar No. 24070621
Jack@Siegellawgroup.biz
2728 Welborn, Suite 106
Dallas, TX 75219
Tel. 469.249.2889
Fac. 469.339.0204
www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel
Jack Siegel