## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PEDRO GARCIA ARRIAGA and** | § | |
| **all others similarly situated** | § | |
| **under 29 U.S.C. 216(b),** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause No. 3:12-cv-00094-D-BK** |
| | § | |
| **JESS ENTERPRISES, LLC,** | § | |
| **SEJ PROPERTIES, L.P.,** | § | |
| **CALIFCO, LLC and ELIAS SHOKRIAN** | § | |
| *also known as* | § | |
| **ELIAS SHAKRIAN,** | § | |
| *Defendants.* | § | |

### NOTICE OF GARNISHMENT

TO:  **Califco LLC.**, by and through Shokrian Jonathan, located at 1625 North Story Rd., Suite 168, Irving, TX 75061, Defendant:

TO:  **Elias Shokrian a/k/a Elias Shakrian**, located at 1625 North Story Rd., Suite 168, Irving, TX 75061, Defendant:

TO:  **JESS Enterprises, LLC**, by and through Johnathan Shokrian, located at 1625 North Story Rd., Suite 168, Irving, TX 75061, Defendant:

TO:  **SEJ Properties, L.P.**, by and through Gary Lacey, located at 1625 North Story Rd., Suite 168, Irving, TX 75061, Defendant:

You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:

"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

---

Respectfully submitted,

By:    /s/ Robert L. Manteuffel_____
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address:  rlmanteuffel@sbcglobal.net

**ATTORNEY FOR PLAINTFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Notice of Garnishment, the Writ of Garnishment with notice language thereon, Amended Motion for Issuance of Writ of Garnishment after Judgment, accompanying exhibits and affidavit, Writ of Garnishment, and a copy of the Officer's Return and copy of the Writ of Garnishment reflecting service of the Writ on the Garnishee was served on all counsel and parties of record by electronic service and by certified mail, return receipt requested, and by regular mail to JESS Enterprises, LLC, SEJ Properties, L.P., Califco, LLC,  Gary Lacey, Johnathan Shokrian, Shokrian Jonathan, and Elias Shokrian a/k/a Elias Shakrian, at the addresses set out below, in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of March, 2014.

**Gary Lacey**
1625 North Story Road, Suite 168
Irving, Texas 75061

**Johnathan Shokrian**
1625 North Story Road, Suite 168
Irving, Texas 75061

**Shokrian Jonathan**
1625 North Story Road, Suite 168
Irving, Texas 75061

**Elias Shokrian a/k/a Elias Shakrian**
1625 North Story Road, Suite 168
Irving, Texas 75061

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Cause No. 3:12-cv-00094-D-BK |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P, | § | |
| CALIFCO, LLC and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| *Defendants.* | § | |

THE STATE OF TEXAS
TO EACH SHERIFF OF THE STATE:

## WRIT OF GARNISHMENT

YOU ARE COMMANDED to summon the Garnishee, JPMorgan Chase Bank, National Association with Texas registered agent, C T Corporation, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201, to serve an answer to this writ on J.H. Zidell, Esq., Plaintiff's Attorney, whose address is 6310 LBJ Freeway, Ste. 112, Dallas, Texas 75240, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian (S.S.N. XXX-XX-7417), who upon information and belief, maintain a bank account with Garnishee, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendant Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian the Garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendant or who may be in possession or control of any of the property of the Defendant such as Certificate of deposits, bonds or money market accounts. The amount set in Plaintiff's motion is for $$118,382.42.

Dated on __*March 03*__, 2014.

KAREN MITCHELL
As Clerk of the Court

By:_____ as Deputy Clerk.

TO: JESS Enterprises, LLC, SEJ Properties, LP, Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian
Defendants: You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised: "YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b),<br>*Plaintiff,*<br><br>v.<br><br>JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P,<br>CALIFCO, LLC and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Cause No. 3:12-cv-00094-D-BK** |

## PLAINTIFF'S FIRST AMENDED MOTION FOR ISSUANCE OF WRIT
## OF GARNISHMENT AFTER JUDGMENT

Plaintiff, by and through undersigned Counsel, pursuant to Tex. Civ. Prac. & Rem. Code § 63.001, moves for the issuance of a writ of garnishment after judgment as to Garnishee JPMorgan Chase Bank, National Association ("Chase") and as grounds therefore, states as follows:

1. Plaintiff Pedro Garcia Arriaga obtained a final judgment in favor of Plaintiff and against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally, in the amount of $29,000.62 [D.E. 48, para. 2].

2. Plaintiff's Counsel obtained a judgment against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally, in the amount of $89,381.80 as attorney's fees [D.E. 52, pg. 5]. and costs [D.E. 58].

3. The combined amount of the judgment is for $118,382.42. A true and correct copy of the Judgment is attached hereto as **Exhibit A**. A true and correct copy of the Memorandum

Opinion and Order for attorneys' fee is attached hereto as **Exhibit B**.  A true and correct copy of the Taxation of Costs is attached hereto as **Exhibit C**.

4.  Plaintiff, through undersigned counsel, requests that a writ of garnishment after judgment as to Chase be issued in the amount of $118,382.42.

5.  The judgment is in all things final, valid and subsisting, and it is wholly unsatisfied and unpaid.

6.  Within Plaintiff's knowledge, Defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, do not possess property in Texas subject to execution sufficient to satisfy the judgment. This Motion is supported by the Affidavit of Pedro Garcia Arriaga attached hereto as **Exhibit D**.

7.  Plaintiff has reason to believe that Garnishee Chase is indebted to, or possess non-exempt property belonging to, Defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally.

### Request for Relief

Wherefore, Plaintiff requests that the writ of garnishment be issued as to Garnishee Chase.

Respectfully submitted,

By:    /s/ Niki W. Zhou
       Niki W. Zhou
       Email: nzhou78@yahoo.com
       Texas Bar No. 24085680
       Robert L. Manteuffel
       Email: rlmanteuffel@sbcglobal.net
       Texas Bar No. 12957529
       J.H. ZIDELL, P.C.
       6310 LBJ Freeway, Ste. 112
       Dallas, Texas 75240
       Tel:   972-233-2264
       Fax:   972-386-7610

# PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT

# EXHIBIT A

Case 3:12-cv-00094-D   Document 59-1   Filed 11/25/13   Page 2 of 3   PageID 616
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 7 of 22   PageID 664
Case 3:12-cv-00094-D   Document 48   Filed 08/19/13   Page 1 of 2   PageID 224

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA, and all others similarly situated under 29 U.S.C. § 216(B), | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:12-CV-0094-D |
| VS. | § § | |
| JESS ENTERPRISES, LLC, et al., | § § | |
| Defendants. | § | |

## JUDGMENT

This civil action came on for trial on August 19, 2013. Counsel for defendants Jess Enterprises, LLC ("Jess"), SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco"), and Elias Shokrian, also known as Elias Shakrian ("Shokrian"), announced that he had been terminated as defendants' counsel, and he was permitted to withdraw. Because Jess, SEJ, and Califco are not permitted to appear in this court *pro se*, the court entered default judgments as to these defendants. Plaintiff waived a jury trial, and the court convened a bench trial of plaintiff's action against Shokrian. The same evidence offered against Shokrian established plaintiff's damages claims against Jess, SEJ, and Califco.

Accordingly, it is ordered and adjudged that plaintiff recover judgment against Jess, SEJ, Califco, and Shokrian, jointly and severally, in the principal sum of $14,500.31, liquidated damages in the sum of $14,500.31, and post-judgment interest thereon at the rate of 0.12% per annum. Plaintiff shall also recover attorney's fees and expenses in the sum that the court awards by separate ruling on timely application made no later than 21 days after the date of this judgment.

Case 3:12-cv-00094-D   Document 59-1   Filed 11/25/13   Page 3 of 3   PageID 617
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 8 of 22   PageID 665
Case 3:12-cv-00094-D   Document 48   Filed 08/19/13   Page 2 of 2   PageID 225

Plaintiff's taxable costs of court, as calculated by the clerk of court, are taxed against defendants Jess, SEJ, Califco, and Shokrian, jointly and severally.  Defendants shall bear their own taxable costs of court.

Done at Dallas, Texas August 19, 2013.



_____
SIDNEY A. FITZWATER
CHIEF JUDGE

# PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT

# EXHIBIT B

Case 3:12-cv-00094-D   Document 59-2   Filed 11/25/13   Page 2 of 6   PageID 619
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 10 of 22   PageID 667
Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 1 of 5   PageID 438

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA, and all others similarly situated under 29 U.S.C. § 216(B), | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:12-CV-0094-D |
| VS. | § § | |
| CALIFCO, LLC, et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Following a bench trial in this action for unpaid overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, plaintiff Pedro Garcia Arriaga ("Arriaga") moves for an award of attorney's fees and costs under 29 U.S.C. § 216(b). For the reasons that follow, the court grants the motion as to attorney's fees and denies without prejudice the motion as to costs.

I

Arriaga brought this suit under the FLSA against defendants Jess Enterprises, LLC ("Jess"), SEJ Properties, L.P. ("SEJ"), Califco, LLC ("Califco"), and Elias Shokrian, also known as Elias Shakrian ("Shokrian") for unpaid overtime pay. On the eve of the scheduled jury trial (and after the pretrial conference was conducted), defendants terminated their counsel. The court struck the responsive pleadings of Jess, SEJ, and Califco and entered default judgments against them. Although Shokrian had the right as a natural person to

Case 3:12-cv-00094-D   Document 59-2   Filed 11/25/13   Page 3 of 6   PageID 620
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 11 of 22   PageID 668
Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 2 of 5   PageID 439

appear *pro se*, he did not appear for trial. Arriaga waived a jury trial, and the court convened a bench trial. The same evidence offered against Shokrian established Arriaga's damages claims against Jess, SEJ, and Califco. The court awarded Arriaga judgment against all defendants, jointly and severally, in the principal sum of $14,500.31, liquidated damages in the sum of $14,500.31, and post-judgment interest. Arriaga now moves for an award of $85,245.00 in attorney's fees and $4,136.80 in costs. Defendants have not responded to the motion.

## II

## A

"Under the FLSA, an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, ___ F.3d ___, 2013 WL 5612304, at *7 (5th Cir. Oct. 11, 2013) (citing 29 U.S.C. § 216(b)). The Fifth Circuit "use[s] the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Id.* (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir.2006)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work. There is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citation omitted).

## B

Arriaga's attorneys expended a total of 265.1 hours prosecuting his case. After reviewing their billing records—and in the absence of any opposition response—the court finds no basis to conclude that any expenditure of time was unreasonable. Arriaga requests that his attorneys be compensated at an hourly rate of $350 per hour and that a paralegal be

- 2 -

Case 3:12-cv-00094-D   Document 59-2   Filed 11/25/13   Page 4 of 6   PageID 621
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 12 of 22   PageID 669
Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 3 of 5   PageID 440

compensated at an hourly rate of $90.  Given the attorneys' respective levels of experience and the relevant prevailing rates, together with Arriaga's showing that courts have awarded fees using similar rates, the court, as an expert as to the reasonableness of attorney's fees, finds that these hourly rates are customarily charged in this locality for similar legal services and that the rates for the attorneys and paralegal are reasonable.  The rates will therefore be used in calculating the lodestar.  *See, e.g., Gromer v. Mack*, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, C.J.) (collecting cases holding that courts are experts regarding reasonableness of attorney's fees).

C

There is a "strong presumption that the lodestar award is the reasonable fee." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999).  Nevertheless, "the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (internal quotation marks and citation omitted).  District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009).  Because defendants have not opposed Arriaga's motion, the court will not discuss each of the applicable factors individually.

The court notes that Arriaga's attorneys achieved nearly complete success in their suit against defendants.  *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)

- 3 -

Case 3:12-cv-00094-D   Document 59-2   Filed 11/25/13   Page 5 of 6   PageID 622
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 13 of 22   PageID 670
Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 4 of 5   PageID 441

(reiterating that results obtained is crucial factor in determining proper fee award). Although the requested fees exceed the award obtained, this is not uncommon in cases brought under the FLSA. *See, e.g., Hilton v. Exec. Self Storage Assocs., Inc.*, 2009 WL 1750121, at *8 (S.D. Tex. June 18, 2009) ("Given the nature of claims under [t]he FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." (quoting *Powell v. Carey Int'l, Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008)). The prosecution of Arriaga's case consumed considerable time because defendants diligently litigated the case until the eve of trial, when they terminated their counsel, and then failed to appear for trial. *Cf. Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 234 (5th Cir. 2011) (per curiam) (noting that defendant "never offered to settle the case"). The court has already found that the requested hourly rates are reasonable. The court further finds that Arriaga's attorneys have experience and ability in litigating FLSA cases. All of these findings confirm the reasonableness of the fees calculated according to the lodestar amount. Based on its application of the pertinent *Johnson* factors, the court holds that the lodestar amount is reasonable and should not be adjusted.

### III

Arriaga moves for an award of $4,136.80 in costs. In the court's judgment in this case, it awarded Arriaga his taxable costs of court, as calculated by the clerk of court. Because Arriaga seeks in his motion only costs that he maintains are taxable, this request should have been presented to the clerk of court, as provided in the judgment. His motion for costs is therefore denied without prejudice.

- 4 -

Case 3:12-cv-00094-D   Document 59-2   Filed 11/25/13   Page 6 of 6   PageID 623
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 14 of 22   PageID 671
Case 3:12-cv-00094-D   Document 52   Filed 11/05/13   Page 5 of 5   PageID 442

\* \* \*

For the foregoing reasons, the court grants Arriaga's motion for attorney's fees. The court awards Arriaga the sum of $85,245.00 in attorneys' fees ($350 x 236.1 hours for J.H. Zidell, Esquire and Robert Manteuffel, Esquire's services, together with $90 x 29 hours for paralegal services) against defendants, jointly and severally. The court denies without prejudice the motion as to costs.

**SO ORDERED**.

November 5, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 5 -

# PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT

# EXHIBIT C

Case 3:12-cv-00094-D   Document 59-3   Filed 11/25/13   Page 2 of 2   PageID 625
Case 3:12-cv-00094-BK   Document 72   Filed 03/24/14   Page 16 of 22   PageID 673
Case 3:12-cv-00094-D   Document 58   Filed 11/19/13   Page 1 of 1   PageID 612

AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Texas   ▾

| | | |
|---|---|---|
| ARRIAGA | ) | |
| | ) | |
| v. | ) | Case No.:3:12-cv-00094-D |
| JESS ENTERPRISES, ET AL | ) | |
| | ) | |

**BILL OF COSTS**

Jess Enterprises, LLC,
SEJ Properties L.P.,
CALIFCO LLC, and
Elias Shokrian, a/k/a
Elias Shokrian

Judgment having been entered in the above entitled action on **August 19, 2013** against

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk .................................................. $ | |
| Fees for service of summons and subpoena ......................... | 780.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | 1,118.05 |
| Fees and disbursements for printing ............................... | 50.00 |
| Fees for witnesses *(itemize on page two)* ........................ | 200.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case........................ | 269.85 |
| Docket fees under 28 U.S.C. 1923 ................................. | 350.00 |
| Costs as shown on Mandate of Court of Appeals .................... | |
| Compensation of court-appointed experts .......................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | 1,368.90 |
| Other costs *(please itemize)* .................................... | |
| **TOTAL   $** | **4,136.80** |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☑ Electronic service          ☑ First class mail, postage prepaid

☐ Other:

s/ Attorney: _____

Name of Attorney: Robert L Mantenthu

For: Plaintiff Pedro Garcia Arriaga          Date: November 5, 2013

*Name of Claiming Party*

### Taxation of Costs

| | | | |
|---|---|---|---|
| Costs are taxed in the amount of | $4,136.80 | | and included in the judgment. |
| KAREN MITCHELL | By: | S/Thomas Drew | 11/19/2013 |
| *Clerk of Court* | | *Deputy Clerk* | *Date* |

# PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b),<br>*Plaintiff,*<br><br>v.<br><br>JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P.,<br>CALIFCO, LLC, and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 3:12-cv-00094-D-BK |

### AFFIDAVIT OF PEDRO GARCIA ARRIAGA

STATE OF TEXAS      )
                              )     S.S.:
COUNTY OF _Dallas_  )

1.  My name is Pedro Garcia Arriaga, I am over eighteen years of age; I reside in the United States and I have personal knowledge of the matters set forth herein.

2.  I am the named Plaintiff in the case of Pedro Garcia Arriaga v. Jess Enterprises, LLC, et al, Case number 3:11-cv-00094-D-BK.

3.  The amount of the final judgment in favor of Pedro Garcia Arriaga for damages and attorneys' fees, combined, against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC and Elias Shokrian a/k/a Elias Shakrian, jointly and severally, is in the sum of $118,382.42.

4.  This judgment is just, due and unpaid.

5.  Upon information and belief, based upon the knowledge gained during my employment with Defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC and Elias

AFFIDAVIT OF PEDRO GARCIA ARRIAGA                                          PAGE 1

Shokrian a/k/a Elias Shakrian, do not possess property in Texas subject to execution sufficient to satisfy the judgment.

6. The garnishment is not sought to injure the Defendants or the garnishee

FURTHER AFFIANT SAYETH NAUGHT.

DATED this _25_ day of November, 2013.

_____

**AFFIANT**
**PEDRO GARCIA ARRIAGA**

SWORN TO and SUBSCRIBED before me by Pedro Garcia Arriaga, personally known to me,

on _November 25th_, 2013.

_____
Notary Public in and for the
State of Texas

> ROSA OWENS
> Notary Public, State of Texas
> My Commission Expires
> December 02, 2014

**INTERPRETER'S ACKNOWLEDGEMENT**:

On _November 25_, 2013, Rosa Owens, personally known to me, affirmed that the foregoing was translated for PEDRO GARCIA ARRIAGA and that he fully understood and affirmed the contents of the foregoing.

_____
Rosa Owens
(Interpreter's signature)

SWORN TO and SUBSCRIBED before me by Rosa Owens on _November 25_, 2013.

> ROBERT LEE MANTEUFFEL
> Notary Public, State of Texas
> My Commission Expires
> December 12, 2015

_____
Notary Public in and for the
State of Texas

**AFFIDAVIT OF PEDRO GARCIA ARRIAGA**                                    **PAGE 2**

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**FILED**

MAR 1 2 2014

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

# OFFICER'S RETURN

CAUSE #: _3 12 CV 00094 D BK_

STYLED: _Pedro Garcia Arriaga_
_____ Vs
_Jess Enterprises LLC_
_Ral CT Corp_

## ON INDIVIDUALS:

CAME TO HAND on this the _6_ day of _March_ _____, 20 _14_,
at _8.29_ o'clock _A_ m, and delivered to the defendant, _JP Morgan Chase bank_
_____ located at _____
in the County of Dallas, State of Texas, on the _6_ day of _March_ _____, 20 _14_
at _____ _6_ m.

~~By delivering to its Registered Agent for Service C. T. Corporation System, by delivering to its Registered Agent for service *WMM Emet* at 1999 Bryan Ste. 900, Dallas, Texas 75201~~

## ON CORPORATIONS

CAME TO HAND on this the _____ day of _____ 20_____, at _____
_____ o'clock _____ m, and delivered to the defendant, _____
_____ a Corporation by delivering to _____
_____ President, Vice-President, Registered Agent, in person,
located at _____ in the County
of Dallas, State of Texas, on the _____ day of _____ 20____, at _____
o'clock m.

## ON BUSINESS & COMPANIES:

CAME TO HAND on this the _____ day of _____, 20____,
at _____ o'clock _____ m, and delivered to the defendant, _____
_____ doing business as _____
_____ in person, located at _____
_____ in the County of Dallas, State of Texas, on the _____ day of
_____ 20_____, at _____ o'clock _____ m.

**BEN ADAMCIK**
**CONSTABLE PCT.3,**
**DALLAS COUNTY**

**CONSTABLE BEN ADAMCIK**
Precinct 3, Dallas County, Texas

_____ Badge# _374_
Signature: Deputy Constable

Fee for Service: $ _140_

SWORN TO BEFORE ME THE UNDERSIGNED AUTHORITY, this the _____ day
of _____, 20_____.

_____
Notary Public – Dallas County

2014 MAR -6 AM 9:29
DALLAS COUNTY
CONSTABLE PCT. 3

Case 3:12-cv-00094-D Document 70 Filed 03/12/14 Page 2 of 3 PageID 646
Case 3:12-cv-00094-BK Document 72 Filed 03/24/14 Page 21 of 22 PageID 678
Case 3:12-cv-00094-D Document 67 Filed 03/03/14 Page 1 of 1 PageID 640

002798 3/3

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

PEDRO GARCIA ARRIAGA and §
all others similarly situated §
under 29 U.S.C. 216(b), §
*Plaintiff,* §
§
v. §      **Cause No. 3:12-cv-00094-D-BK**
§
JESS ENTERPRISES, LLC, §
SEJ PROPERTIES, L.P, §
CALIFCO, LLC and ELIAS SHOKRIAN §
*also known as* §
ELIAS SHAKRIAN, §
*Defendants.* §

THE STATE OF TEXAS
TO EACH SHERIFF OF THE STATE:

## WRIT OF GARNISHMENT

YOU ARE COMMANDED to summon the Garnishee, JPMorgan Chase Bank, National Association with Texas registered agent, C T Corporation, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201, to serve an answer to this writ on J.H. Zidell, Esq., Plaintiff's Attorney, whose address is 6310 LBJ Freeway, Ste. 112, Dallas, Texas 75240, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian (S.S.N. XXX-XX-7417), who upon information and belief, maintain a bank account with Garnishee, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Defendant Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian the Garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendant or who may be in possession or control of any of the property of the Defendant such as Certificate of deposits, bonds or money market accounts. The amount set in Plaintiff's motion is for $$118,382.42.

Dated on ___March 03__, 2014.

KAREN MITCHELL
As Clerk of the Court

By:_____ as Deputy Clerk.



CONSTABLE, PRECINCT 3
BEN ADAMCIK
10056 Marsh Ln., Rm. 230
Dallas, Texas 75229-6067

RETURN SERVICE REQUESTED

FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES

02 1R
0002010651    MAR 10  2014
MAILED FROM ZIP CODE 75202

$ 01.61⁰

US Northern District Court
1100 Commerce St
#1452
Dallas  TX  75242

MAR  2 2014

7524281310 C001