## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | § § § | |
| Plaintiff, | § § | |
| v. | § § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | § § § § | |
| Defendants. | | |

## MOTION TO STAY GARNISHMENT PROCEEDINGS AND REQUEST FOR EMERGENCY HEARING

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Jess Enterprises, SEJ Properties, L..P, Califco, LLC and Elias Shokrian ("Defendants") file this Motion to Stay Garnishment Proceedings and Request for Emergency Hearing, and in support show as follows:

1. The 5th Circuit docketed and took jurisdiction over this matter on December 9, 2013.

2. The Court issued a Writ of Garnishment ("Writ") on March 3, 2014.

3. Plaintiff served the Writ on Garnishee JP Morgan Chase on March 6, 2014. (Doc. 70) Defendants have been unable to access their funds in the garnished bank account for 20 days and have incurred banking expenses as a result of the Writ.

4. Defendants filed their Motion to Dissolve Writ of Garnishment ("Motion to Dissolve") on March 21, 2014 on grounds of insufficient service and the court's lack of jurisdiction to issue the writ following transfer of jurisdiction to the Court of Appeals. (Doc. 71) Under Texas Rule of

Civil Procedure 663(a), Defendants were entitled to a stay of all garnishment proceedings pending a hearing on the motion. Tex. R. Civ. P. 663(a).

5.   Plaintiff filed his Notice of Garnishment on March 24, 2014. (Doc. 72)  Plaintiff's Notice of Garnishment 18 days after serving the Garnishee failed to comply with Texas Rule of Civil Procedure 663(a)'s requirement to serve Defendants "as soon" as reasonably practicable," rendering the writ invalid.[1]

6.   Garnishee JP Morgan Chase filed its Original Answer to Writ of Garnishment and Original Counter Claim on March 26, 2014. (Doc. 73)  Garnishee asserted a counterclaim for attorneys' fees of $600 against Defendants and Plaintiff.

7.   Under Texas Rule of Civil Procedure 664(a), a motion to dissolve a writ of garnishment "shall be heard promptly, after notice to the plaintiff [], and the issue shall be determined not later than 10 days after the motion is filed." Tex. R. Civ. P. 663(a).

8.   In order to comply with the Texas Rules of Civil Procedure, discontinue the deprivation of Defendants' due process rights, and avoid any other necessary legal proceedings or expense to the parties, Defendants request a (1) stay of the garnishment proceedings pending hearing; and (2) a hearing on Defendants' Motion  to Dissolve by Monday March, 31, 2014.

**WHEREFORE**, Defendants hereby request this Court grant this Motion to Stay Garnishment Proceedings and set a hearing on their Motion to Dissolve by March 31, 2014.

Dated: March 26, 2014                           Respectfully Submitted,

                                                  The SIEGEL Law Group

                                                  By: /s/ Jack L. Siegel

---

[1] *See* Doc. 71, p. 9.

Jack Siegel
Texas Bar No. 24070621
Jack@Siegellawgroup.biz
2728 Welborn, Suite 106
Dallas, TX 75219
Tel. 469.249.2889
Fac. 469.339.0204
www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a  "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel
Jack Siegel