**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEDRO GARCIA ARRIAGA and** | § | |
| **all others similarly situated** | § | |
| **under 29 U.S.C. 216(b),** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause No. 3:12-cv-00094-D-BK** |
| | § | |
| **JESS ENTERPRISES, LLC,** | § | |
| **SEJ PROPERTIES, L.P.,** | § | |
| **CALIFCO, LLC and ELIAS SHOKRIAN** | § | |
| *also known as* | § | |
| **ELIAS SHAKRIAN,** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**TO DISSOLVE WRIT OF GARNISHMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Pedro Garcia Arriaga, by and through his undersigned counsel, files this

Response to the Defendants' Motion to Dissolve Writ of Garnishment (Doc. 71) ("Motion") and

in support shows as follows:

**I. INTRODUCTION**

Without the proper security of the March 3, 2014 Writ of Garnishment ("Writ"), the

Plaintiff would be left at a severe risk of never recovering on the valid and subsisting judgment

he has against the Defendants. The writ needs to stay in place in order to give the Plaintiff the

security that he will not lose his judgment if and when he prevails on appeal.

Alternatively, the Plaintiff argues that the Defendants should have timely filed a

supersedeas bond pursuant to Federal Rules of Civil Procedure, Rule 62(d). Other than guessing

the predictability of this argument, the Defendant is incorrect in his argument that this Court is without jurisdiction to issue the writ after notice of appeal was filed. This Court has the proper jurisdiction to issue the writ and the Plaintiff, for the reasons stated below, requests that the motion to dissolve writ be denied.

## II. RELEVANT FACTS

1.  Plaintiff Pedro Garcia Arriaga obtained a final judgment in favor of Plaintiff and against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally in the amount of $29,000.62 on August 19, 2013. (Doc 48, Para. 2).

2.  Plaintiff's Counsel obtained a judgment against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally in the amount of $89,381.80 as attorney's fees and costs on November 5, 2013. (Doc 52, P. 5; Doc. 58).

3.  The combined amount of the judgment is for $118,382.42. (Doc. 48; Doc. 52).

4.  The judgment is in all things final, valid, and subsisting, and it is wholly unsatisfied and unpaid.

5.  Plaintiff was issued a Writ of Garnishment in order to garnish Defendants' bank account and protect its final, valid, and subsisting judgment against Defendants on March 3, 2014. (Doc. 67).

6.  On March 12, 2014, the Constable's Return of Service for the Writ was filed with this court. Doc. 70. This was the first notice that the undersigned Firm received from the Constable as to when the writ was served.

7.  The Plaintiff filed a Notice of Garnishment on the Defendants on March 24, 2014. (Doc 72).

### III. ARGUMENT

**A.    THE DISTRICT COURT HAD PROPER JURISDICTION TO ISSUE THE WRIT OF GARNISHMENT—UNDER BOTH FEDERAL AND STATE LAWS—AS IT WAS THE COURT WHERE THE ORIGINAL CASE WAS FILED.**

8. Texas laws provide that a Judgment-Creditor may obtain a post-judgment writ of garnishment if:

   (1) The Plaintiff has a valid and subsisting judgment (Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2)(B));

   (2) The Plaintiff swears, to the best of his knowledge, that the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment (*Id.*); and,

   (3) The Defendant has not filed an approved Supersedeas Bond to suspend execution on the judgment (Tex. R. Civ. P. 657).

9. For purposes of a post-judgment garnishment, the plaintiff must show that it owns the judgment. *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Allied Bank of Texas*, 704 S.W.2d 919, 920 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). A judgment is considered "final and subsisting from and after the date it is signed, unless a supersedeas bond shall have been approved and filed in accordance with Texas Rules of Appellate Procedure 47." Tex. R. Civ. P. 657.

10. The Plaintiff owns a valid judgment against the Defendants as issued by this Court on November 5th, 2013. DE 52. This judgment has been final and subsisting since that day. Defendants chose not to file a superseades bond and, instead, filed a notice of appeal. Therefore, the Plaintiff was entitled to seek and pursue a Writ of Garnishment through this court.

11. Texas laws control this Court's approach to issuance of a writ of garnishment. DE 66 (citing to *FG Hemisphere Assoc., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006)(internal citations omitted)). The process for obtaining a writ of garnishment under Texas law first requires jurisdiction of the court.

12. Under Texas law, this Court has proper jurisdiction to issue the writ of garnishment. A post-judgment garnishment action is an "ancillary proceeding that takes its jurisdiction from the underlying suit." *Park v. W. Union Fin. Services, Inc.*, 03-08-00292-CV, 2009 WL 3486373 (Tex. App.—Austin Oct. 30, 2009, no pet.). Subject matter over a garnishment action lies in the court where the original suit was filed. *Id.* (citing *King & King v. Porter*, 252 S.W. 1022, 1022 (Tex.1923)); see also *Townsend v. Fleming*, 64 S.W. 1006 (Tex. Civ. App. 1901, no writ).

13. Likewise, under Federal law, this Court has the proper jurisdiction to enter a post-judgment writ of garnishment. Even though jurisdiction is conferred on the court of appeals upon the filing of a notice of appeal, it only divests the district court of those issues involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). The divestiture is not absolute, and the district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163 (2001)(citing *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922)). The Supreme Court has stated that the district court may preserve the status quo as proper justice requires. *Newton*, 258 U.S. at 177. The only restriction is "it may not finally adjudicate substantial rights directly involved in the appeal." *Id.* Because an action for garnishment is an ancillary proceeding to the original suit, the grant of a writ ensuring the judgment would not be a final adjudication on a substantial right involved in the appeal.

14. Additionally, the Defendants have only appealed the November 5, 2013, Memorandum Opinion and Order for Attorneys' Fees. (Doc. 62). Because the Plaintiff's judgment from his Fair Labor Standards Act claim was entered in a different Order (*see* Doc. 48), that judgment is not covered under the Defendants' Notice of Appeal. The Plaintiff's judgment of $29,000.62 is not being appealed and cannot be stayed by a superseades bond. The Court should enforce the writ so the Plaintiff may recover the amount owed to him under his valid and subsisting judgment, and so that he may be protected as to his Attorneys' Fees while that issue is being appealed.

15. This Court had proper jurisdiction to issue a writ of garnishment, and retains that proper jurisdiction to affirm it—both under Federal and State laws. The Court should deny the motion to dissolve accordingly.

**B.      THE DEFENDANTS FAILED TO POST A SUPERSEADES BOND AND HAVE NECESSITATED THE INSTANT WRIT IN ORDER TO PROTECT THE PLAINTIFF'S JUDGMENT.**

16. Federal Rule of Civil Procedure 62(d) provides that a party may post a superseades bond in order to effectuate a stay on the proceedings while the case is up for appeal. The bond may be posted upon the filing of the notice of appeal, after that filing, or after the order for appeal has been granted. The stay does not take place until the Court has approved the bond. Fed. R. Civ. P. 62(d).

17. The court may accept alternate forms of security; the only requirement is that the judgment-creditor be protected as to the full amount of the judgment. Athridge v. Iglesias, 464 F. Supp. 2d 19, 23 (D.D.C. 2006)(quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 760 (D.C.Cir.1980)("Because the stay operates for the appellant's benefit and deprives

the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances . . . .").

18. Since no bond was posted by Defendants, they should not be heard to complain that the instant writ is unfair or otherwise unnecessary.

**C.    PLAINTIFF PROPERLY FILED NOTICE TO DEFENDANT AS SOON AS WAS PRACTICABLE FOLLOWING SERVICE OF THE WRIT TO THE GARNISHEE.**

19. Rule 663a requires that notice be given to the defendant as soon as practicable after service of the writ, and in a manner described in Rule 21a—by electronic filing ("ECF") or, if the person being served is not registered on ECF, then "in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Tex. R. Civ. P. 663a; 21a.

20. The requirement that service be given "as soon as practicable" is not constrained by a specific definition; the court has discretion to determine what is practicable. *Id.* There is sparse Texas state case law giving guidance to what would be considered "as soon as practicable." The majority of the cases discussing the issue appear to fault plaintiff when no notice is issued to the defendant whatsoever. *See Zeecon*, 305 S.W.3d at 818 (the court held that plaintiff had not abided by Rule 663a because it never served notice to the defendant); *Walnut Equip.*, 907 S.W.2d 912 (court found against plaintiff's argument that defendants waived notice by appearing; plaintiffs never served notice); *Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 642 (Tex. App.—Austin 1987, writ denied)(plaintiff never served notice; court found constructive notice did not satisfy Rule 663a).

21. One particular Texas case deciding whether notice was given *as soon as practicably* primarily relied upon a 15-day limitation set out in *Requena v. Saloman Smith Barney, Inc.*, No. 01-00-00783-CV, 2002 WL 356696 (Tex. App.—Houston [1st Dist.] Mar. 7, 2002, no

pet.)); *see Lease Fin.*, 310 S.W.3d at 126. However, *Requena* is distinguishable from the case at hand because the 15-day lapse in *Requena* was a period from when the plaintiff's attorney learned the defendant was represented by counsel, until a day *after* the hearing on the writ had transpired. *Requena*, 2002 WL 256696, at *4. The Defendants herein suffered no prejudice whatsoever akin to the Requena Defendants. The Defendants were properly notified as soon as practicable and prior to any hearing or dispositions on the matter.

22. The Plaintiff properly served notice on the Defendants on March 24, 2014. The Plaintiff received notice that the writ was served on the garnishee on March 12, 2014. If the Court decides to adopt the 15-day limitation prescribed in *Requena*, the notice to the defendants was properly completed within this time frame. Additionally, the time between when the writ was served and when notice was given to the Defendants should be considered to be as soon as practicable. After learning about the March 6th service date on March 12th, 2014, the Plaintiff served the Defendants with notice within 8 business days—or 12 total days—of March 12th.[1] After learning the writ was served, Notice was given to the Defendants as soon as was practicable.[2]

23. The Plaintiffs herein properly served Notice on the Defendants pursuant to Rule 663a and, therefore, should have the garnishment upheld. (Doc. 72).

### IV. CONCLUSION

For the reasons stated above, Plaintiff prays that the motion to dissolve the writ be DENIED and that the Court enter an order releasing the garnished funds to the Plaintiff and his

---

[1] If the Court analyzes "as soon as practicable" by the date of service of March, 6th, 2014, then notice was served by Plaintiff 12 business days or 18 total days excluding, for counting purposes, the date of service as per TEX. R. CIV. P. 3.

[2] Plaintiff would also like to note that the day after the Return of Service was received filed on ECF, the attorney in charge of handling the case left the firm (*See* Doc. 69). This caused a new attorney, unfamiliar with the status of the case, to take over. Considering the strain on proper case administration during a time of attorney turnover, the delay between when the writ was served and when notice was given to the Defendants should be considered to have been "as soon as practicable."

Counsel to satisfy the underlying judgment.[3] In the event that the Court grants the Motion the

Plaintiff prays that the Court immediately direct the clerk to issue a new writ, in order to provide

the Plaintiff with the necessary security for his valid and subsisting judgment.

Respectfully submitted,

By: /s/ Robert L. Manteuffel
Robert L. Manteuffel
Email: rlmanteuffel@sbcglobal.net
State Bar No. 12957529
J.H. Zidell
Texas Bar No. 24071840
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 27th day of March, 2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

---

[3] Plaintiff anticipates filing a motion to enter a final judgment in garnishment and to disburse the garnished funds as soon as possible after conferring with opposing counsel.

PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISSOLVE WRIT OF GARNISHMENT                                                    PAGE 8 OF 8