**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | § § § | |
| Plaintiff, | § § | |
| v. | § § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | § § § § | |
| Defendants. | | |

**OPPOSED MOTION FOR PERMISSION TO FILE IRREVOCABLE LETTER OF CREDIT IN LIEU OF SUPERSEDEAS BOND AND  STAY OF GARNISHMENT PROCEEDINGS**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Jess Enterprises, SEJ Properties, L..P, Califco, LLC and Elias Shokrian ("Defendants") file this Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings, ("Motion") and in support show as follows:

1. The 5th Circuit took jurisdiction over this cause of action on December 9, 2014.

2. The Court issued the writ of garnishment ("Writ") at issue on March 3, 2014 and Defendant served the Writ on Garnishee JP Morgan Chase ("Ganishee") on March 6, 2014. (Doc. 70)

3. Defendants' lead counsel entered his appearance in this case on March 13, 2014. (Doc. 68).

4. Defendants filed their currently pending Motion to Dissolve Writ of Garnishment ("Motion to Dissolve") on March 21, 2014. (Doc. 71). Defendants were entitled to a stay of all garnishment proceedings pending a Motion to Dissolve Hearing. Tex. R. Civ. P. 663(a).

5. Plaintiff tardily filed his Notice of Garnishment on March 24, 2014—18 days after serving the Garnishee. (Doc. 72).

6. Garnishee JP Morgan Chase filed its Original Answer to Writ of Garnishment and Original Counter Claim on March 26, 2014. (Doc. 73) Garnishee asserted a counterclaim for attorneys' fees of $600 against Defendants and Plaintiff.

7. Defendants filed their Motion to Stay Garnishment and Request for Emergency Hearing. (Doc. 74)

8. Plaintiff then filed his Response to Writ of Garnishment and Response to Defendants' Motion to Stay Garnishment Proceeding on March 27, 2014. (Doc. 75, 76).

9. On March 28, 2014, Plaintiff—despite knowing that the Motion to Dissolve the Writ is currently pending and a hearing will occur regarding the matter—announced his intention to file a premature Motion to Disburse Garnished Funds.

10. Defendants, in an effort of precaution, have decided to put up full security for the judgment in the amount of $142,308.90. This amount complies with Local Rule 62.1, which requiring post-judgment defendants to post a security equivalent to the total award plus 20% for interest and $250.00 for administrative costs.

11. On March 28, 2014, Defendants conferred with Plaintiff's counsel regarding the use of a an irrevocable letter of credit in lieu of supersedeas bond for the above referenced amount. Plaintiff unjustifiably refused Plaintiff's common-sense request.

12.  The use of the letter of credit in lieu of the supersedeas bond will avoid unnecessary fees and premiums associated with bond procurement while assuring the same level of judgment security for Plaintiffs. Such fees would be passed onto either the Plaintiff or Defendants depending the outcome of appeal.

**WHEREFORE**, premises considered, Defendants pray that that the Court (1) grant Defendant permission to file an irrevocable letter of credit in lieu of a supersedeas bond to stay execution of Plaintiff's garnishment proceedings pending appeal of this matter; and (2) grant a stay of ten days while Defendants procure and file the irrevocable letter of credit with the Court.

Dated: March 28, 2014                                    Respectfully Submitted,

The SIEGEL Law Group

By: /s/ Jack L. Siegel
Jack Siegel
Texas Bar No. 24070621
Jack@Siegellawgroup.biz
2728 Welborn, Suite 106
Dallas, TX 75219
Tel. 469.249.2889
Fac. 469.339.0204
www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel
Jack Siegel

**CERTIFICATE OF CONFERENCE**

On March 28, 2014 I conferred with Robert Manteuffel, attorney for Plaintiff, who stated that Plaintiff opposes this Motion.

_____
Jane Doe, Attorney for Defendant