IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b), | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Cause No. 3:12-cv-0094-L |
| JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P.,<br>CALIFCO, LLC and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN, | § § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED OPPOSED MOTION FOR PERMISSION TO FILE IRREVOCABLE LETTER OF CREDIT IN LIEU OF SUPERSEDEAS BOND AND STAY OF GARNISHMENT PROCEEDINGS**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Pedro Garcia Arriaga ("Plaintiff") files this Response to Defendants' Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings ("Motion") (Doc. 78). The Plaintiff requests that this Motion be DENIED and, in support, shows as follows:

**I. BACKGROUND**

1. Plaintiff Pedro Garcia Arriaga obtained a final judgment in favor of Plaintiff and against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally in the amount of $29,000.62 on August 19, 2013. (Doc 48, Para. 2).

2. Plaintiff's Counsel obtained a judgment against Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC, and Elias Shokrian a/k/a Elias Shakrian, jointly and severally in the amount of $89,381.80 as attorney's fees and costs on November 5, 2013. (Doc 52, P. 5; Doc. 58).

3. The combined amount of the judgment is for $118,382.42. (Doc. 48; Doc. 52).

4. The judgment is in all things final, valid, and subsisting, and it is wholly unsatisfied and unpaid.

5. Defendants filed a Notice of Appeal with the District Court on December 4, 2013, appealing the Memorandum Opinion and Order for Attorneys' Fees and failed to post a Supersedeas Bond in order to effectuate a stay on the judgment. (Doc. 62).

6. Plaintiff was issued a Writ of Garnishment in order to garnish Defendants' bank account and protect its final, valid, and subsisting judgment against Defendants on March 3, 2014. (Doc. 67).

7. The Writ was served on Garnishee JPMorgan Chase Bank, N.A., by the Constable on March 6, 2014. The Constable filed Return of Service on March 12, 2014. (Doc. 70).

8. Defendants filed a Motion to Dissolve Writ of Garnishment on March 21, 2014, without Conferencing the Attorneys of Record. (Doc. 71). Plaintiff filed a Response to Defendants' Motion to Dissolve Writ of Garnishment on March 27, 2014. (Doc. 75).

9. The Plaintiff filed a Notice of Garnishment on the Defendants, complying with Tex. R. Civ. P. 663a, on March 24, 2014. (Doc 72).

10. Defendants filed a Motion to Stay Garnishment Proceedings and Request for Emergency Hearing on March 26, 2014. (Doc. 74). Plaintiff responded to that Motion on March 27 requesting the Court provide a schedule of available times for the hearing, stating that only

one attorney was available to attend the hearing for the Plaintiff, and his schedule had many conflicts. (Doc. 76).

11. After the Plaintiff conferred with the opposing parties regarding Plaintiff's intention to continue with the Garnishment proceedings, the Defendants filed their Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings on March 28, 2014 (Doc. 78).

## II. ARGUMENT AND AUTHORITIES

12. In their Motion for Alternative Security, the Defendants offered to post a Letter of Credit in lieu of a supersedeas bond, but provide no justification or evidence concerning the necessity for the alternative security or the sufficiency of the "letter of credit" to protect Plaintiff. In fact the Motion provides not details with regard to the "letter of credit" at all. For this and the other reasons set out below, Defendants' Motion should be denied.

13. The burden of objectively demonstrating the reasons for alternative security rests on the judgment debtor. *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 10979). "It is not the burden of the judgment creditor to initiate contrary proof." *Id.* The Defendants offered no justifications for their retreat from filing a supersedeas bond upon their notice of appeal, or for their desire to file alternative security.

14. The Defendants have not provided any evidence depicting the necessity of an alternative method of security; nor have they shown what steps they will take in order to ensure the alternative security achieves the same purposes as a supersedeas bond. The purpose of a supersedeas bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Id.* at 1190-91. In order to protect the bond's protective role, the Fifth Circuit opined that the minimum and usual requirements for a supersedeas bond are that it

covers "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing for good cause shown fixes a different amount or orders security other than the bond." *Id.* at 1191 (internal quotations omitted)(quoting Civil Rule 73(d), the predecessor to Fed.R.Civ.P. 62(d), and stating that the bond's protective role requires these conditions normally be imposed).

15. The test to determine whether a proposal for alternative security is either necessary and/or sufficient, is stated as follows:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor. Poplar Grove Planting & Refining Co., Inc. v. Stuart, 600 F.2d 1189, 1191 (5th Cir. 1970) (citing *Trans World Airlines, Inc. v. Hughes*, 314 F. Supp. 94; *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F. Supp. 501).

Additionally, other factors have been cited by Texas District Courts in their consideration of whether to waive or modify a bond requirement:

(1) The complexity of the collection process;

(2) The amount of time required to obtain judgment after it is affirmed on appeal;

(3) The degree of confidence the district court has in the availability of funds to pay the judgment;

(4) Whether the defendant's ability to pay the bond is so plain that the cost of a bond would be a waste of money;

(5) Whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Asarco LLC v. Americas Mining Corp.*, 419 B.R. 737, 743 (S.D. Tex. 2009)(citing *Halliburton Energy Servs., Inc. v. NL Indus.*, Nos. H–05–4160, H–06–3504, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008)).

14. Courts have typically required judgment debtors to post a supersedeas bond in order to effectuate a stay on the judgment while an appeal is pending. *United States v. Kurtz*, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981). The approval of alternative security methods are typically reserved for fact patterns containing extraordinary circumstances. "Only extraordinary circumstances will support the provision of security other than a supersedeas bond." *Id*. "In no case, however, has a court approved security different from a full supersedeas bond without a specific showing of good cause by the party seeking the stay." *Id*; see also *Asarco*, 419 B.R. at 743 (the court modified the bond requirements because the circumstances in that case were indeed extraordinary—judgment was for over 260 million shares of stock, $1.4 billion in cash, and the judgment-debtor owned 100% of the judgment-creditor and sat in a position to receive some of the judgment back in a parallel bankruptcy proceeding).

15. The Defendants have not shown that any extraordinary circumstances are present supporting their motion for alternate security, nor have they shown good cause for posting an alternate method of security.  Moreover they have not shown that the proposed "letter of credit" is sufficient to protect Plaintiff's rights. Therefore, this Court should deny the Defendants' Motion in all things and allow the garnishment to proceed.

Wherefore, Plaintiff requests that the Court deny Defendants' Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings and allow the garnishment to proceed.

Respectfully submitted,

By: /s/ Robert L. Manteuffel
Robert L. Manteuffel
Email: rlmanteuffel@sbcglobal.net
State Bar No. 12957529
J.H. Zidell
Texas Bar No. 24071840
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:     972-233-2264
Fax:    972-386-7610

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 1st day of April, 2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel