**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), § § § Plaintiff, § § v. § § JESS ENTERPRISES, LLC, § SEJ PROPERTIES, L.P., § CALIFCO, LLC and ELIAS SHOKRIAN § also known as § ELIAS SHAKRIAN, § § Defendants. | 3:12-cv-00094-D-BK |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED OPPOPOSED MOTION FOR PERMISSION TO FILE IRREVOCABLE LETTER OF CREDIT IN LIEU OF SUPERSADEAS BOND**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Jess Enterprises, SEJ Properties, L..P, Califco, LLC and Elias Shokrian ("Defendants") file this Reply to Plaintiffs' Response to Defendants' Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings, ("Motion") and in support show as follows:

Plaintiff confuses the concrete facts and applicable law to argue for the denial of Plaintiff's Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersadeas Bond and Stay of Garnishment Proceedings. ("Motion")(Doc. 78). Plaintiff's Motion to post the irrevocable letter of credit for the *full amount of judgment in compliance with the local rules* should undoubtedly be granted by the Court after it has the opportunity to take in the concrete facts and proper precedent.

**Factual Mistakes and Omissions**

Plaintiff ignores the following concrete facts addressed in Defendants' Motion in his Response:

(1) Defendant intends to post a bond for $142,308.90—which accounts for the full amount of judgment, attorneys' fees, and costs (plus 20% for interest and $250 for administrative costs (collectively, "Judgment")—in full compliance with Local Rule 62.1. (Doc. 78, par. 10)

(2) Defendants' Motion provides that the use of the irrevocable "letter of credit in lieu of the supersadeas bond will avoid unnecessary expenses and premiums associated with bond procurement while assuring the same level of judgment security for Plaintiff[]. Such fees would be passed onto either the Plaintiff of Defendants depending on the outcome of appeal." Id. at par. 12.

(3) Defendants' Order asks for the guidance of the court to ensure that a proper irrevocable credit is posted by Defendants to protect Plaintiff's interests during the appeal;[1] Defendants called the clerks office for direction, but were told to inquire with the court about the proper form of the irrevocable letter of credit through a motion.

Contrary to Plaintiff's assertions in his Response,[2] Defendants' Motion provides (1) full security for Plaintiff's judgment; (2) sufficient reasons for posting the alternative security; and (3) the details—via a request from the court regarding irrevocable credit filing procedure—to file the irrevocable credit at issue.

**Plaintiff Cites to Inapposite Case Law**

Plaintiff's Response repeatedly cites to *Poplar Grove*, for the proposition that Defendants' have a heavy burden to post an alternative security for the full amount of the Judgment. Doc. 82, pars. 13-15 (citing to *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 10979). Defendants' citation to this case holds no weight: The Fifth Circuit only disapproved of the security at issue because the district

---

[1] *See* Doc. 78-1.
[2] Doc. 82, par. 12, 15.

court fixed a bond of $10,000 to *secure a judgment of nearly 30 times* that amount. Id.

Defendants, however, propose to post an irrevocable letter of credit for the ***full amount*** of the Judgment in compliance with the local rules, making the case inapplicable. The Court should therefore allow Defendants to post this alternative security and grant a stay to the garnishment proceedings to do the same.

**Appellate Rule of Procedure Implicitly Allow for Alternative Securities and Courts Have Widely Allowed for the Same**

Moreover, the Federal Rules of Appellate Procedure also endorse the use of alternative securities, including irrevocable letters of credit. *See e.g.* Fed. R. App. P. (a), (b). Appellate courts around the country have uniformly allowed for the posting of such irrevocable letters of credit and other forms of security in lieu of supersadeas bonds. *See, e.g., Republic Tobacco v. North Atlantic Trading Co., Inc.*, 481 F.3d 442 (7th Cir. 2007) (security in lieu of a supersedeas bond); *See Bose Corp. v. Consumers Union of U.S.*, 806 F.2d 304 (cost of letter of credit in lieu of supersadeas bond); See *Dana Corp. v. IPC Limited Partnership*, No. 90-1443, 1991 WL 5890, at *2-3 (Fed. Cir. Jan. 25, 1991) (same); *See Johnson v. Pacific Lighting Land Co.*, 878 F.2d 297 (9th Cir. 1989)(same). There is simply no reason to disallow Defendants to post an irrevocable letter of credit, in lieu of a supersadeas bond, for the full amount of Judgment in this case.

**WHEREFORE**, premises considered, Defendants pray that that the Court (1) grant Defendants permission to file an irrevocable letter of credit in lieu of a supersedeas bond to stay execution of Plaintiff's garnishment proceedings pending appeal of this matter; (2) provide directions on how to file such an alternative form of security; and (3) grant a stay of ten days while Defendants procure and file the irrevocable letter of credit with the Court.

Dated: April 1, 2014                                    Respectfully Submitted,

The SIEGEL Law Group

By: /s/ Jack L. Siegel  
Jack Siegel  
Texas Bar No. 24070621  
Jack@Siegellawgroup.biz  
2728 Welborn, Suite 106  
Dallas, TX 75219  
Tel. 469.249.2889  
Fac. 469.339.0204  
www.siegellawgroup.biz  

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 1, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel  
Jack Siegel