IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | § § § | |
| Plaintiff, | § | |
| v. | § § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | § § § § § | |
| Defendants. | | |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISSOLVE WRIT OF GARNISHMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants file this Reply to Plaintiff's Response to Motion to Dissolve Writ of Garnishment (Doc. 75) and in support shows as follows:

**A.   Plaintiff Fails to Address Defendants' Argument that a Stay is Required Pending Oral Argument Regarding Writ of Garnishment**

Plaintiff's Response to Defendants' Motion to Dissolve Writ of Garnishment ("Response") fails to address plaintiff's argument that "the filing of a motion for garnishment dissolution stays all proceedings on a writ . . . until a hearing is had and the issue is determined."[1] As a result, the Court should suspend the writ of garnishment execution and freeze of Defendants' bank account until oral argument on Plaintiff's Motion to Dissolve Writ of Garnishment.[2]

---
[1] Doc. 71, p. 3 (citing to Tex. R. Civ. P. 664(a)).
[2] Id.

**B.     The Garnishment at Issue Must Be Dissolved Because Plaintiff Fails to Meet His Burden of Proving that He Strictly Complied with Rule 663(a) by Serving Defendants within a "Reasonably Practicable Period of Time**

As provided in Defendants' Motion, Texas law is clear: If a judgment-creditor intends to deprive a debtor of his property through a writ of garnishment, he must *strictly* comply with the pertinent rules.[3] If any of the statutory requirements are not met, the right to have a garnishment rendered against the property fails.[4] While Plaintiff believes that the court should resort to the rules of equity to remedy his failure to provide notice, equity has no place in determining the strict compliance necessitated for the imposition of the harsh garnishment remedy.[5]

As Plaintiff notes, a debtor must be served with a notice "as soon as reasonably practicable." Courts have unanimously held that "as soon as reasonably practicable" means that a creditor must serve a debtor within 15 days to fulfill his service obligations or face immediate garnishment dissolution. In *Requena*, the court determined that the judgment-creditor failed to provide adequate notice to the Defendants where the Plaintiff failed to serve the judgment creditor until fifteen days after service.[6] In *Lease Finance Corp.*, the court determined that the judgment creditor failed to serve the writ until twenty days, basing their decision on the fifteen-day rule cited in *Requena*.[7] Here, the Defendants waited 18 days to serve the writ and froze Plaintiff's bank accounts without advising them of their rights.

Plaintiff fails to cite to any ***case law whatsoever*** to support its argument that it complied with Rule 663(a) by providing notice within "as soon as reasonably practicable." Plaintiff, however, attempts to discredit Defendants' case law by arguing that "Defendants herein suffered

---

[3] Doc. 71., p. 2-3.
[4] *See e.g.* St. Louis, Brownsville & Mexico R.R. v. Dallas Cooperage & Woodenware Co., 268 S.W. 769, 771 (Tex.Civ.App.-Dallas 1925, no writ).
[5] *Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.*, 305 S.W.3d 813, 816 (Tex.App. Austin 2010)(citing to *Hanson v. Guardian Trust Co.*, 150 S.W.2d 465, 467 (Tex.Civ.App.-Galveston 1941, writ dism'd).
[6] *Requena v. Salomon Smith Barney, Inc.*, No. 01–00–00783–CV, 2002 WL 1701, at *3 (Tex.App.-Houston [1st Dist.] March 7, 2002, no pet.) (not designated for publication under the former appellate rules).
[7] *Texas Lease Finance Group, LLC v. Childers*, 310 S.W. 3d 120, 124-25 (Tex. App.-Ft. Worth 2010).

no prejudice herein akin to the *Requena* Defendants."[8]  Unfortunately, Plaintiff's argument *totally* misses the mark, as the laws of equity—which the Plaintiff requests the court resort to—have no place in determining whether Plaintiff strictly complies with his due process obligations to impose the harsh garnishment remedy.[9]

Instead of proving strict compliance, Plaintiff creates excuses for failing to timely serve Defendants, including: (1) attorney turnover at the firm; and (2) tardy receipt of service from process server.[10]  Plaintiff seems to think that its firm turnover and failure to adequately communicate with its process server regarding service should allow him to deprive Defendants of their due property without due process.  These arguments obviously hold no weight. Even assuming that Plaintiff had no fault in tardily receiving notice of service on March 12, 2014, Plaintiff provides no excuse for waiting nearly two weeks to notify Defendant of their rights to dissolve the writ. While Plaintiff thinks this deprivation is trivial: Defendants have been wrongfully deprived of their property for nearly a month as a date of this filing.

As demonstrated above, Plaintiff has failed to carry his burden of proof regarding proper service under Rule 663(a), necessitating immediate writ dissolution.

C. **The Court Had No Jurisdiction to Issue Writ Four Months After Appeal of Judgment**

As Plaintiff's Response states, "the process for obtaining a writ of garnishment under Texas Law first requires jurisdiction of the court."[11]  Plaintiff's Response, however, fails to contradict the overwhelming precedent in Plaintiff's Motion establishing that a court lacks

---

[8] Doc. 75, p. 7.
[9] *Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.*, 305 S.W.3d 813, 816 (Tex.App. Austin 2010)(citing to *Hanson v. Guardian Trust Co.*, 150 S.W.2d 465, 467 (Tex.Civ.App.-Galveston 1941, writ dism'd).
[10] Doc. 75, p. 7.
[11] Doc. 75, p. 4.

jurisdiction to issue garnishment following appeal of the underlying judgment. Defendants' Motion provides the following:

> As the Texas Supreme Court has recognized, a trial court's jurisdiction depends entirely on its continued jurisdiction over the main suit; When a trial court loses jurisdiction on appeal, it also loses jurisdiction over the garnishment action.[12]

Moreover, as provided in the Motion, the validity of a garnishment action is also totally dependent on the entry of a final judgment:

> Under Texas Law, the validity of a garnishment action rests on the existence of a final judgment.[13] A "final judgment" exists only when a trial court may no longer set aside the judgment or be reversed on appeal.[14]

Based on this un-contradicted case law, the court unquestionably lacked jurisdiction to issue the writ of garnishment following Defendants' appeal of the underlying judgment because (1) it lacked jurisdiction following appeal of the judgment; and (2) no final judgment exists for the court to issue a writ of garnishment.

While Plaintiff cites to federal case law to suggest that the court had jurisdiction to garnishment proceedings following appeal, none of the decisions cited by Plaintiff apply to garnishment proceedings.[15] The reason why is clear: garnishment proceedings are governed by Texas Law.[16] The few Texas cases cited by Defendants actually support the Defendants' argument, as they only suggest that (1) ancillary proceedings derive jurisdiction based on the

---

[12] Motion, p. 7 (citing to King, 252 S.W. 2d at 102 (Tex. 1923); Kelly v. Gibbs, 19 S.W. 563, 563-564 (Tex. 1892); Baca, 823 S.W.2d at 738 (Tex. App.-Houston 1992); McMurrey v. Bank of America, 1994 WL 416676 at *1 (Tex. App.—Houston [1st Dis.] 1994).
[13] Motion, p. 8 (citing to *Baca*, 823 S.W.2d at 738; *Taylor v. Trans-Continental Properties, Ltd.*, 670 S.W.2d 417, 419 (Tex. App.-Tyler 1984), rev'd on other grounds, 717 S.W.2d 890 (Tex. 1986); *King v. Tom*, 352 S.W.2d 910, 913 (Tex. Civ. App.-El Paso 1961, no writ).
[14] Id.
[15] Doc. 75, p. 4.
[16] *See FG Hemisphere Assoc., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (noting that "as actions supplemental to or in aid of execution according to [Rule 69], garnishment actions are governed by state law").

court's jurisdiction of the underlying suit; and (2) subject matter over a garnishment action lies in the court where the original suit is failed.[17]

Plaintiff then misreads Defendants' Notice of Appeal to argue that the court continues to have jurisdiction over the judgment in this case.[18] Specifically, Plaintiff claims that Defendants have only appealed the November 15, 2013, Memorandum and Order for Attorneys' Fees. (Doc. 75) A close read of the appeal, however, clearly shows that the Defendants have appealed both the "Judgment and Memorandum Opinion and Order for Attorney's Fees." (Doc. 62) As a result his argument based on that misinformation is clearly inconsequential.

Because Defendant has cited to no case law or posed any relevant argument to support that the Court had jurisdiction to issue the writ of garnishment nearly four months after appeal, the court must dissolve Plaintiff's writ of garnishment.

D. **Defendants' Predictable Argument Regarding the Necessity of a Supersedeas is Inconsequential if the Court Lacked Jurisdiction to Issue the Writ**

In regards to Plaintiff's predictable and unpersuasive argument that a supersadeas bond was necessary under the circumstances, Defendants merely cite the paragraph dedicated to that issue in their Motion:

> While Defendants expect Plaintiff to attempt circumvention of Defendants' jurisdictional argument by contending a superseadeas bonds is necessary for garnishment cessation, Plaintiff cannot rebut—based on case law or statute—that that the Court had no jurisdiction to issue the Writ after relinquishing jurisdiction to the 5th Circuit. While Defendants admit that would have needed a supersedeas if Plaintiff had validly obtained the Writ through a court with jurisdiction, no bond is necessary to void the effectiveness of an invalidly obtained writ.

III. **Conclusion**

---

[17] Motion, p. 4.
[18] Motion, p. 5.

WHEREFORE, premises considered, Defendants pray that the enforcement of the judgment be dissolved and the funds be released to the Defendants, and for such and further relief to which Defendants may be entitled.

Dated: April 4, 2014                                  Respectfully Submitted,

The SIEGEL Law Group

        By: /s/ Jack L. Siegel
        Jack Siegel
        Texas Bar No. 24070621
        Jack@Siegellawgroup.biz
        2728 Welborn, Suite 106
        Dallas, TX 75219
        Tel. 469.249.2889
        Fac. 469.339.0204
        www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel
Jack Siegel