**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**PEDRO GARCIA ARRIAGA,**

      **Plaintiff,**

**v.**                                        **Civil Action No. 3:12-CV-094-L-BK**

**JESS ENTERPRISES, SEJ
PROPERTIES, L.P., CALIFCO,
LLC, and ELIAS SHOKRIAN,**

      **Defendants.**

## <u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>

Pursuant to the District Court's *Order of Reference* dated April 1, 2014, this cause is before the undersigned on Defendants' *Motion to Dissolve Writ of Garnishment* (Doc. 71), *Motion to Stay Garnishment Proceedings and Request for Emergency Hearing* (Doc. 74), *Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings* (Doc. 78), and Plaintiff's *Motion to Disburse Garnished Funds* (Doc. 79).  For the reasons that follow, it is recommended that Defendants' *Motion to Dissolve Writ of Garnishment* (Doc. 71) be **GRANTED**, Defendants' *Motion to Stay Garnishment Proceedings and Request for Emergency Hearing* (Doc. 74) and *Amended Opposed Motion for Permission to File Irrevocable Letter of Credit* (Doc. 78) be **DENIED**, and Plaintiff's *Motion to Disburse Garnished Funds* (Doc. 79) be **DENIED**.

### A.  Background

Following a bench trial, the District Court entered judgment in Plaintiff's favor for $29,000.62 in damages, $85,245.00 in attorneys' fees, and $4,136.80 in costs.  (Docs. 48, 52, 58).  On December 4, 2013, Defendants appealed the Court's award of attorneys' fees.  (Doc.

62).  At Plaintiff's request, the Clerk issued a writ of garnishment to JPMorgan Chase Bank

("Chase") based on Plaintiff's representation that Chase possessed property belonging to

Defendants that could be used to satisfy the judgment.  (Doc. 59 at 2; Doc. 67).  Chase filed its

answer on March 26, 2014, and asserted a counterclaim for attorneys' fees of $600 against

Defendants and Plaintiff.  (Doc. 73).  Defendants now move to dissolve the writ, to stay these

garnishment proceedings, and to provide alternate security while Plaintiff seeks the release of the

garnished funds to satisfy the judgment in his favor.

### B.  Applicable Law

Pursuant to Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a

writ of execution.  The procedure for execution and supplementary proceedings, including

garnishment, must accord with the procedure of the state where the court is located, in this case

Texas.  *See FG Hemisphere Assoc., LLC v. Republique du Congo, 455 F.3d 575, 595 (5th Cir.

2006)* (noting that "as actions supplemental to or in aid of execution according to [Rule 69],

garnishment actions are governed by state law to the extent it does not conflict with federal

law").  Texas Rule of Civil Procedure 663a requires that the judgment debtor be served with

specified garnishment documents in a precise way and "as soon as practicable following the

service of the writ."

The purpose of the service requirement is to advise the debtor that the writ has issued and

to inform him of his rights to contest the garnishment.  *Zeecon Wireless Internet, LLC v. Am.

Bank of Texas, N.A., 305 S.W.3d 813, 817-18 (Tex. App.–Austin, 2010)*.  "The requirement of

service on the debtor is not a mere technicality but is an integral part of the statutory

requirements in a garnishment proceeding."  *Id.* at 818.  If any of the statutory requirements are

not met, the right to have a garnishment judgment rendered against the property of the debtor

fails.  *Id.* at 816 (citing *St. Louis, Brownsville & Mexico R.R. v. Dallas Cooperage & Woodenware Co.*, 268 S.W. 769, 771 (Tex. Civ. App.–Dallas 1925)).  Though the requirement that a judgment debtor be served with a garnishment writ "as soon as practicable" is not susceptible to an exact definition, the requirement does establish a prescribed period in which the garnishor must serve the writ on the debtor, and a 15-day delay does not comply with such requirement.  *Lease Finance Group, LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.–Ft. Worth, 2010).

   **C.   Arguments and Analysis**

   *1.   Motion to Dissolve Writ of Garnishment* (Doc. 71); *Motion to Stay Garnishment Proceedings and for Emergency Hearing* (Doc. 74); *Motion to Disburse Garnished Funds* (Doc. 79)

   As an initial matter, Defendants argue that this Court should dissolve the writ on jurisdictional grounds because the Court relinquished control of the case when Defendants appealed.  (Doc. 71 at 2, 7-8).  This argument is misplaced.  The "filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to . . . enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005); *see FG Hemisphere*, 455 F.3d at 595 (noting that garnishment actions are governed by state law to the extent it does not conflict with federal law).  The Court's judgment in this case has not been stayed or superseded, thus the Clerk had jurisdiction to issue the writ.  Moreover, the garnishment remains in effect unless the Court's judgment is reversed.  *Matter of Bohart*, 743 F.2d 313, 324 (5th Cir. 1984) (holding that a post-judgment garnishment was effective after its service and until the decision of the Texas Court of Appeals reversed the judgment of the

garnishor against the debtor, and the garnishment became effective again after the Texas Supreme Court reinstated the trial court's judgment).

Defendants next contend that the writ should be dissolved because Plaintiff did not comply with the notice requirements of Rule 663a by serving them with the writ as soon as practicable following service upon Chase. (Doc. 71 at 1, 3, 7). Plaintiff responds that he properly served Defendants with notice of the writ as soon as practicable after service on Chase. (Doc. 75 at 6). The writ was issued on March 3, 2014, served on Chase by the constable on March 6, and the return of service was filed on March 12 and entered on the docket sheet on March 13. (Doc. 67; Doc. 70). Plaintiff filed and served his *Notice of Garnishment* on March 24, 2014. (Doc. 72).

Upon consideration of the law and the parties' arguments, the Court finds that dissolution of the writ is warranted because Plaintiff did not timely serve Defendants with notice of the writ under the circumstances. Rule 663a requires that the judgment debtor be served with notice of the writ "as soon as practicable following the *service of the writ*." Here, the writ was served on Chase on March 6, 2014, but Plaintiff did not provide notice of the writ to Defendants until March 24, 2014 -- 18 days later. (Doc. 70; Doc. 72). This is patently untimely. *Lease Finance Group*, 310 S.W.3d at 126. Although Plaintiff represents to the Court that the attorney responsible for this case left the firm the day after the return of service was filed, that is not sufficient cause to excuse the untimely service. (Doc. 75 at 7 n.2). First, Plaintiff's counsel should have kept better track of their process server and learned prior to the return being filed in court when the writ was served on Chase, as the statute tasks them with such knowledge. Second, two other attorneys have been listed as counsel of record for Plaintiff since January 2012, and there does not appear to be any reason why these attorneys did not timely take action

at this critical juncture of the case.  (Doc. 1 at 5; Doc. 5).   Thus, the Court should grant

Defendants' motion and dissolve the writ; however the dissolution of the writ should be without

prejudice to Plaintiff's refiling.

Defendants also request that the Court stay these garnishment proceedings pending an

immediate hearing, arguing that they are entitled to a stay under Texas Rule of Civil Procedure

Rule 664a.  (Doc. 71 at 3; Doc. 74 at 2).   Rule 664a provides that a defendant whose account has

been garnished may seek to dissolve the writ, and the filing of the motion shall stay any further

proceedings under the writ except for any orders concerning the care, preservation or sale of any

perishable property, until a hearing is had and the issue is determined.  Given the Court's

recommendation to grant Defendants' request to dissolve the writ of garnishment, the Court

should **DENY** as unnecessary Defendants' request for a stay and an emergency hearing.  Further,

Plaintiff's Motion to Disburse Garnished Funds (Doc. 79) in the total amount of $118,382.42

should be **DENIED**.

2.  *Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings* (Doc. 78)

Defendants next request that the Court allow them to secure Plaintiff's judgment with an

irrevocable letter of credit instead of a supersedeas bond and stay these proceedings for ten days

while they procure and file the letter.  (Doc. 78 at 2-3).  Defendants state that use of a letter of

credit in lieu of a supersedeas bond will avoid unnecessary fees and premiums associated with

bond procurement while assuring the same level of judgment security for Plaintiff.  (Doc. 78 at

3).

Plaintiff opposes Defendants' motion, arguing that Defendants have not offered sufficient

justification for providing a letter of credit as security instead of posting a supersedeas bond.

(Doc. 82 at 3).  Additionally, Plaintiff maintains that Defendants have not demonstrated either

that extraordinary circumstances exist for posting this alternate method of security or that a letter of credit is sufficient to protect his rights.  (Doc. 82 at 4-5).

The Court of Appeals for the Fifth Circuit has stated that the amount of a supersedeas bond should include the entire amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay unless the district court, after notice and hearing and for good cause shown, fixes a different amount or orders a security other than a bond.  *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).  Thus, where a judgment debtor objectively demonstrates a present financial ability to easily pay a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the appeal, the district court may exercise its discretion to substitute some other form of guarantee for the usual supersedeas bond.  *Id.*  "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure."  *Id.*

In this case, Defendants have not objectively demonstrated the need for the Court to depart from its usual procedure of requiring a supersedeas bond to secure a judgment pending appeal.  *Id.*  Moreover, Defendants have not shown that they have the present financial ability to easily pay the judgment nor have they presented the Court with a plan to maintain their solvency during the pendency of this appeal.  *Id.*  Accordingly, Defendants' *Amended Opposed Motion for Permission to File Irrevocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings* (Doc. 78) should be **DENIED,** and Defendants should be ordered to post a supersedeas bond forthwith if they desire to stay the execution of the judgment pending the outcome of their appeal.

**D.   Conclusion**

     For the foregoing reasons, it is recommended that Defendants' *Motion to Dissolve Writ of Garnishment* (Doc. 71) be **GRANTED**, Defendants' *Motion to Stay Garnishment Proceedings and Request for Emergency Hearing* (Doc. 74) and *Amended Opposed Motion for Permission to File Irrevocable Letter of Credit* (Doc. 78) be **DENIED**, and Plaintiff's *Motion to Disburse Garnished Funds* (Doc. 79) be **DENIED**.

     **SO RECOMMENDED** on April 10, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE