IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:12-cv-00094-L |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P., | § | |
| CALIFCO, LLC and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| Defendants. | § | |

## PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION [DE87]

COMES NOW Plaintiff, PEDRO GARCIA ARRIAGA, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure and this Court's Rules and file Plaintiff's Objections to the Magistrate's Findings, Conclusions, and Recommendation [DE87] and in support thereof states as follows:

## Background

1. Defendants filed a Motion to Dissolve Writ of Garnishment [DE71], Motion to Stay Ganishment Proceedings and Request for Emergency Hearing [DE74], Amended Opposed Motion for Permission to File Irrrecvocable Letter of Credit in Lieu of Supersedeas Bond and Stay of Garnishment Proceedings [DE78], and Plaintiff's Motion to Disburse Garnished Funds [DE79] in the above-styled matter.

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S**
**FINDINGS, CONCLUSIONS, AND RECOMMENDATION [DE87]**                    **1** of **5**

2. Pursuant to the District Court's Order of Reference, dated April 1, 2014, the Magistrate recommended that Defendants' Motion to Dissolve Write of Garnishment [DE71] be Granted.

3. Plaintiff served the judgment debtor with garnishment writ as soon as was practicable following the service of writ given the circumstances, pursuant to Texas Rules of Civil Procedure 663(a). This Court should not be bound by the interpretation and prescribed period of *Lease Finance Group, LLC v. Childers,* 310 S.W.3d 120, 126 (Tex. App.-Ft. Worth, 2010), which held that a (15)-day delay does not comply with such requirement.

4. Defendants did not designate the Final Judgment as an order to be appealed in their notice of appeal [DE 62] in its entirety pursuant to the Federal Rules of Appellate Procedure and, thus, should not be entitled to stay collection efforts relative same.

5. Thus, Plaintiff respectfully requests that the Court sustain his Objections, overrule the Order, and grant Plaintiff all such other relief that the Court deems appropriate as to them.

## ARGUMENT

Plaintiff Served Defendants As Soon As Practicable Following The Service Of The Writ.

Texas Rules of Civil Procedure 663(a) requires that the judgment debtor be served with specified garnishment documents in a precise way and "as soon as practicable following the service of the writ." The purpose of the service requirement is to advise the debtor that the writ has been issued and to inform him of his rights to contest garnishment. *Zeecon Wireless Internet, LLC v. A,. Bank of Texas, N.A.,* 305 S.W.3d 813, 817-18 (Tex. App.-Austin, 2010). Defendants contend that the writ should be dissolved because Plaintiff did not comply with the notice requirements as set forth in Rule 663(a). The Magistrate Judge, in her recommendation to grant Defendants' request to dissolve the writ of garnishment, specifically states that the requirement "is not susceptible to

an exact definition." [DE87]. However, R&R cites to *Lease Finance Group, LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.-Ft. Worth, 2010), which held that a (15)-day delay does not comply with such requirement. In the case at bar, the writ was issued on March 3, 2014, served on Chase by the Constable on March 6, and the return of service was filed on March 12 and entered on the docket sheet on March 13 [DE 67, 70]. Plaintiff filed and served his Notice of Garnishment on March 24, 2014 [DE72]. Plaintiff provided notice of the writ to Defendants as soon as practicable under the circumstances of this case as explained in the Response to the Motion to Dissolve. Thus, Plaintiff objects to the R&R's finding that notice was not timely served as soon as practicable.

<u>Defendants Did Not Designate The Final Judgment [DE 48] in their Notice of Appeal and should not be able to stay collection efforts in relation to the same.</u>

The Federal Rules of Appellate Procedure plainly directs that the notice of Appeal 3(c) "designate the judgment, order, or part thereof being appealed." "A failure to file a notice of appeal in accordance with the specificity requirement of Federal Rule of Appellate Procedure 3(c) presents a jurisdictional bar to the appeal." *Bates v. Ford Motor Co.*, 174 F.3d 198 (5th Cir. 1999). Subsequent to a bench trial and the District Court entering a judgment in Plaintiff's favor [DE48, 54, 58], Defendants appealed the Court's award of attorneys' fees [DE62]—but not the Final Judgment [DE 48]. While Defendants now move to dissolve the writ and to stay these proceedings, Defendants only designated the Court's award of attorneys' fees as the order appealed, and did not designate the Final Judgment at all. In short, had Defendants wanted to appeal the Final Judgment in its entirety, they should have invested the minimal time and energy necessary to list as such. *Id.* Pursuant to the Federal Rules of Appellate Procedure, no stay on collection efforts as to the Final Judgment should be ordered regardless if a bond is posted or not by the Defendants/Appellants. See attached Notice of Appeal Ex. A. attached hereto.

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S**
**FINDINGS, CONCLUSIONS, AND RECOMMENDATION [DE87]**                    **3** of **5**

In a civil case, a notice of appeal must be filed with the district clerk within (30) days after the judgment is entered. *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.,* 383 F.3d 249, 250 (5th Cir. 2004). Federal Rules of Appellate Procedure 4(a)(4)(A) states if any of the following motions are filed, the time for appeal runs (30) days after than motion is disposed of. Reading (4)(a)(4) and the rule is refers to, Rule 58, together, it is clear that:

> …any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in the final judgment. Post judgment motions addressing attorney's fees can only extend the time for appeal if (1) the motion is filed before the delay for appeal expires and (2) the court orders that the motion be considered as a Rule 59 motion. Furthermore, because 58(c)(2) does not give the district court authority to consider a post-judgment motion for costs as a Rule 59 motion, such a motion addressing costs cannot extend the time for appeal.

*Id.* at 253; See *also Rabo Agrifinance, Inc. v. Veigel Farm Partners*, No.2:05-cv-243 2008 WL 2746996. For these reasons, if a bond is posted timely, it can only apply to the fee order and not the final judgment.

## CONCLUSION

Plaintiff respectfully requests that the Court sustain his Objections, overrule the Magistrate's Findings, Conclusions, and Recommendation [DE87], and grant Plaintiff all such other relief that the Court deems appropriate.

Respectfully submitted,

By:     /s/ Robert L. Manteuffel
        Robert L. Manteuffel
        Texas Bar No. 12957529
        J.H. Zidell, P.C.
        6310 LBJ Freeway, Ste. 112
        Dallas, Texas 75240
        Tel:    972-233-2264
        Fax:    972-386-7610
        E-mail address: rlmanteuffel@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 24th day of April,  2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)