**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | §<br>§<br>§<br>§<br>§ | |
| Defendants. | | |

**RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants file this Response to Plaintiff's Objections to the Magistrate's Findings, Conclusions, and Recommendation and Motion for Sanctions, in support show as follows:

**I.     INTRODUCTION**

When a party disregards the instructions of the Court and files a frivolous motion in contravention of those instructions, the Court should impose sanctions on the party or his attorneys.  In this case, the Plaintiff filed his objection for the exclusive purposes of harassing Defendants and delay the thawing of Defendants' bank accounts. The arguments in their Objection prove the same, as they fail to provide any legitimate argument to (1) contravene the arguments of the Magistrate; or (2) present any claim warranted based on existing law or any argument to extend the same.  Under the circumstances, the Court should utilize its discretion and order sanctions against Plaintiff.

**II.     BACKGROUND**

1.      The Court entered a document entitled "Judgment" on August 19, 2013, awarding Plaintiff damages, and "recover[y] of attorneys' fees and expenses in the sum that the court awards by separate ruling on timely application made no later than 21 days after the date of this judgment." (Doc. 48)

2.      On November 11, 2013, the Court determined the amount of attorneys fees awarded in the "Judgment." (Doc. 55)

3.      Defendant filed their Notice of Appeal on December 4, 2013 appealing the "***Judgment*** and Memorandum Opinion for Attorneys Fees." (Doc. 62)(emphasis added)

4.      Defendants filed their Motion to Dissolve Writ of Garnishment (Doc. 71), causing the magistrate judge to recommend dissolution of the Writ of Garnishment.  The Magistrate Judge determined that this Court should dissolve the Writ of Garnishment because Defendants failed to serve the Writ of Garnishment "as soon as reasonably practicable" as required under Texas Rule of Civil Procedure 663(a). (Doc. 87)   The Court specifically ruled that the Plaintiff's 18 delay in serving the writ was "patently untimely." (Doc. 87)

III.    ARGUMENT

A.      **PLAINTIFF FAILS TO FOLLOW THE MAGISTRATE'S INSTRUCTIONS BY FAILING TO IDENTIFY A SINGLE SPECIFIC OBJECTION TO THE MAGISTRATE'S FINDING THAT THE WRIT SHOULD BE DISSOLVED DUE TO PLAINTIFF'S FAILURE TO NOTIFY DEFENDANT OF THE WRIT OF GARNISHMENT "AS SOON AS RESONABLY PRACTICABLE"**

Plaintiff baselessly objects to the Magistrate's ruling because "Plaintiff served the case as soon as reasonably practicable under the circumstances of the case as explained in the brief." (Doc. 90, p. 3).  Plaintiff's argument is baseless and sanctionable because he fails to (1) provide a good faith argument for a change in the law that a fifteen day delay in providing notice makes a Writ of Garnishment *prima facie* invalid; (D.I. 87, p. 3) or (2) provide a reason why this Court

should stray for the magistrate's finding that the 18 day delay in providing notice was "patently

untimely":

> Upon consideration of the law and the parties' arguments, the Court finds that
> dissolution of the writ is warranted because Plaintiff did not timely serve Defendants
> with notice of the writ under the circumstances. Rule 663a requires that the judgment
> debtor be served with notice of the writ "as soon as practicable following the *service
> of the writ.*" Here, the writ was served on Chase on March 6, 2014, but Plaintiff did
> not provide notice of the writ to Defendants until March 24, 2014 -- 18 days later.
> (Doc. 70; Doc. 72). This is patently untimely. *Lease Finance Group*, 310 S.W.3d at
> 126. Although Plaintiff represents to the Court that the attorney responsible for this
> case left the firm the day after the return of service was filed, that is not sufficient
> cause to excuse the untimely service. (Doc. 75 at 7 n.2). First, Plaintiff's counsel
> should have kept better track of their process server and learned prior to the return
> being filed in court when the writ was served on Chase, as the statute tasks them with
> such knowledge. Second, two other attorneys have been listed as counsel of record
> for Plaintiff since January 2012, and there does not appear to be any reason why these
> attorneys did not timely take action at this critical juncture of the case. (Doc. 1 at 5;
> Doc. 5). Thus, the Court should grant Defendants' motion and dissolve the writ;
> however the dissolution of the writ should be without prejudice to Plaintiff's refiling.

(D.I. 87)

Plaintiff's bad faith tactics have no legal support and constitute sanctionable conduct under the

circumstances.

**B.   DEFENDANTS' ARGUMENT REGARDING NOTICE OF APPEAL IS
IMMATERIAL TO THE VALIDITY OF THE WRIT OF GARNISHMENT AT
ISSUE AND IS NOT BASED ON THE EXTENSION OF ANY EXISTING CASE
LAW**

Plaintiff's argument regarding the Notice of Appeal is inconsequential and sanctionable

because his legal contention has no potential for success: Even if Defendants failed to effectively

appeal the judgment, Plaintiff has no right to violate Defendants' due process rights by

garnishing Plaintiff's wages under without notice under Texas Rule of Civil Procedure 663(a).

Because Defendants' claims are not warranted either by existing law or by a non-frivolous

argument for extending, modifying or reversing existing or establishing new law, the court

should use its discretion as its sees fit to impose sanctions against Plaintiff and/or Plaintiff's

Counsel. *See e.g. Trusdell v. Southern Cal. Permanente Med Group*, 293 F.3d 1146, 1153 (9th Cir. 2002).

**C.      REGARDLESS OF THE IMMATERIALITY, PLAINTIFF DID APPEAL THE JUDGMENT**

Even assuming *arguendo* that Defendants' argument held merit, Defendants designated the "Judgment" (Doc. 48) in their notice of appeal by stating their intention to appeal the "Judgment and Memorandum Opinion for Attorneys Fees." (Doc. 62)   This notice clearly satisfies Fed. R. App. P. 3(c) by designating the "Judgment" being appealed.

Defendants also filed a timely notice of appeal because the deadline for filing a motion began after the entry of the Court's Attorney's Fees Order based on controlling Fifth Circuit Precedent.  In *Echols v. Parker*, the Fifth Circuit Court of Appeals held that a judgment which holds a defendant liable for attorney's fees, but defers the decision on the amount of fees is "interlocutory in nature." 909 F.2d 795, 708 (5th Cir. 1990). Because the "Judgment" in this case held Defendants liable for attorneys fees—while deferring judgment on the amount of those fees until a later date—the time period for appeal did not accrue until the Court determined the amount of fees. Because the Court the time period to appeal the "Judgment" did not begin to run until November 5, 2013, Defendants' Notice of Appeal was properly filed less than 30 days after the Final Judgment, on December 4, 2013. (Doc. 62)

**D.      PLAINTIFF'S OBJECTIONS ARE SANCTIONABLE BECAUSE PLAINTIFF FAILED TO FOLLOW THE MAGISTRATE COURT'S INSTRUCTION AND HAD NO GOOD FAITH REASON FOR FILING HIS OBJECTION**

Plaintiff's filing of the Objection subjects him and his attorneys for sanctions under Fed. R. Civ. P. 11 for the following reasons:

(1) His arguments merely incorporate the references his Response to Plaintiff's Motion to Dissolve the Writ and therefore does not comply with the specific instructions of the

Magistrate Judge to "identify the specific finding or recommendation to which the objection is made, state the basis of the objection, and specify the place" in the Findings "where the determination is found; (Doc. 87)

(2) His arguments has been presented for the improper purposes of harassment and delaying the proceedings in the case in order to cause additional freezing of Plaintiff's bank accounts;

(3) His defenses are not warranted under existing case law or by non-frivilous argument for extending or modifying Texas Case Law; and

(4) His contention that Plaintiff's Notice of Appeal is inconsequential to the argument at hand and has no chance for success.

The Court should award sanctions to deter others from violating Magistrate Judges' specific instructions regarding objections and to prevent other litigant's from presenting patently frivolous arguments to multiply proceedings, deny opposing litigant's due process rights, and cause delay in court proceedings.

## IV.    Conclusion

WHEREFORE, premises considered, Defendants pray the Court swiftly Approve the Magistrate Judge's Findings, Conclusions, and Recommendations (Doc. 87) as it pertains to Plaintiff's Motion to Dissolve Writ of Garnishment, (Doc. 71) and use its power—as it sees fit— to sanction the Plaintiff and his attorneys, in the following manner: (1) awarding attorney's fees costs to Defendants for the time expended in responding to Plaintiff's baseless Objection and other proceedings related to the Objection; (2) disallowing Plaintiff from filing another writ of garnishment in this proceeding; and (3) any other appropriate sanction as the court sees fit under the circumstances.

Dated: April 25, 2014                    Respectfully Submitted,

## The SIEGEL Law Group

By: /s/ Jack L. Siegel
Jack Siegel
Texas Bar No. 24070621
Jack@Siegellawgroup.biz
2728 Welborn, Suite 106
Dallas, TX 75219
Tel. 469.249.2889
Fac. 469.339.0204
www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 25, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a  "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

/s/ Jack Siegel
Jack Siegel
