**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | § § § | |
| Plaintiff, | § | |
| v. | § § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | § § § § | |
| Defendants. | | |

**MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND REQUEST FOR EXPEDITED INDICATIVE RULING PURSUANT TO RULE 62.1**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Jess Enterprises, SEJ Properties, L.P., SEJ Enterprises, L.P., Califco, LLC (collectively, "Corporate Defendants") and Elias Shokrian ("Shokrian") file this Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b) and Request for Expedited Indicative Ruling Pursuant to Rule 62.1, and in support show as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................... 2

TABLE OF AUTHORITIES ...........................................................................................3

I. INTRODUCTION ..................................................................................................... 4

II. FACTS ................................................................................................................ 5

III. ARGUMENT AND AUTHORITY ........................................................................ 9

    A. RULE 60(B) ............................................................................................................9

    B. THE COURT MUST GRANT RELIEF PURSUANT TO RULE 60(B)(4) ……………9

        1. The Court Must Grant Relief From Judgment Under 60(B)(4) When Court Acts in A Manner Inconsistent with Due Process.............................................................................9

        2. Due Process Violation Number One: No Grounds Existed for the Court to Enter Default Judgment Against Corporate Defendants Under Fifth Circuit Law ..............10

        3. Due Process Violation Number Two: Even Assuming the Default against Corporate Defendants was Valid, the Corporate Defendants Due Process Rights were Violated Based on Lack of Service in Compliance with Rule 55(b)(2) .....................................10

        4. Due Process Violation Number Three: The Court Deprived All Defendants of Their Seventh Amendment Rights to a Jury Trial .............................................................11

        5. Due Process Violation Number Four: The Court Never Provided Shokrian with Notice that He Needed to Attend the Trial on the Date of the Proceeding …………12

        6. Due Process Violation Number Five: The Court Deprived All Defendants of Their Fundamental Right to Be Heard and Defendant Themselves ………………………12

        7. The Combined Circumstances of Due Process Violations Exceed Those Present in Bass, Requiring Vacation from Judgment …………………………………………..12

    C. THE COURT SHOULD SET ASIDE THE JUDGMENTS AGAINST DEFENDANTS PURSUANT TO RULE 60(B)(1) ……………………………………………………… 14

        1. The Rule 60(b)(1) and Rule 60(b)(6) …………………………………………... 14

        2. The Fifth Circuit Liberal Application of Rule 60(B) Applies to Any Proceeding a Party and the Court form Full Examination of the Case on the Merits …………15

        3. The Mistakes and Evidence Regarding Defendants' Non-Willful Default ……..16

        4. The Defendants Possessed Meritorious Claims ……………………………….. 17

        5. No Unusual Prejudice to Defendants Would Occur if the Court Vacates the Judgment …………………………………………………………………………… 18

        6. Other Reasons for Granting Relief from Judgment Under 60(b)(1) …………… 19

    D. THE COURT SHOULD SET ASIDE THE JUDGMENTS PURSUANT TO RULE 60(B)(6) ……………….....................................19

IV. CONCLUSION ................................................................................ 22

# TABLE OF AUTHORITIES

**Cases**

*Fehlhaber v. Fehlhaber,* 681 F.2d 1015 (5th Cir.1982) *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983) ..................................................................................................... 12

Fine v. Evergreen Aviation Ground Logistics Enter., Inc., No. 2:07–CV–165, 2009 WL 793753, at *2 (E.D.Tex. Mar.20, 2009) ..................................................................................... 13

Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 773–74 (5th Cir.1995)..... 19

*Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428 ................................................................. 16

Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277 (5th Cir.1985). ................................................................................................................................. 18

Ihegword v. Harris Cnty. Hosp. Dist., 929 F.Supp.2d 635, 668 (S.D. Tex. 2013) ....................... 17

*Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 379, 113 S.Ct. 1489, 123 L.Ed.2 d 74 (1993). ..................................................................................................................... 18

*Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1948). ............................ 19

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)......................................... 8, 11

Recreational Prop. Inc. v. Southwest Mortgage Serv. Corp., 804 F.2d 311, 313 (5th Cir.1986)... 8

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 400 n. 2 (5th Cir. 1981) .................................... 11, 19

*Williams v. New Orleans Public Serv., Inc.,* 728 F.2d 730, 735 (5th Cir.1984)............................. 8

Williams v. New Orleans Public Serv., Inc.,728 F.2d 730, 735 (5th Cir.1984). ...................... 8, 11

## I. INTRODUCTION

Our constitution guarantees that no party should have its property taken without proper notice, an opportunity to present a defense, or the opportunity to present their case to a properly demanded jury. Unfortunately, the default judgment and expedited, uncontested bench trial in this case violated these basic rights. The Court must act accordingly and grant Defendants relief from the constitutionally defective proceedings and subsequent judgment of over $100,000.

Fifth Circuit precedent dictates that the default judgment against the Corporate Defendants violated due process. First, the default judgment entered against defendants violated due process because the court had no power to enter default against the Corporate Defendants after they properly answered Plaintiff's Complaint. Secondly, Defendants' suffered from due process violations because they never received any notice of the default judgment pursuant to Rule 55(b)(2). Third, the default judgment violated the Corporate Defendants seventh amendment rights by denying them the right to their properly demanded jury trial. Finally, the default judgment entered against the Defendants disallowed them from their fundamental right to be heard in the proceeding.

Likewise, the Court's decision to hold a *sua sponte* uncontested, bench trial against Mr. Shokrian based on his failure to appear at trial violated Mr. Shokrian's basic due process rights. First, Mr. Shokrian received no notice that he needed to attend court on the day of the truncated proceedings: The Court excused his presence from the first day of trial, but later revoked its decision based on his counsel's unilateral decision to withdraw from the case. Secondly, the default judgment violated Mr. Shokrian's seventh amendment rights by denying him the right to his properly demanded jury trial. Finally, the proceedings violated Mr. Shokrian's basic right to be heard in the proceeding in order to defend himself.

While the parties may have different interpretations regarding the mistakes leading up to the *sua sponte* default judgment and uncontested bench trial, one thing will remain clear: These proceedings do not, in any way, shape or form ". . . look like due process of law under the constitution. . . ."[1] and unjustly denied Defendants of their property without due process. The Court must remedy this constitutional deprivation by granting relief from judgment.

## II.     FACTS

Plaintiff filed his complaint alleging Fair Labor Standards Act violations for overtime pay and requested a trial by jury on January 11, 2012. (Doc. 1) Defendants timely filed their answer to the complaint on February 2, 2012. (Doc. 2)  After over a year of litigation, the Court set a Jury Trial for August 19, 2013. (*See* Docs. 2, 57)

On August 14, 2013, the parties submitted their joint pre-trial order.  In the joint pre-trial order, Defendant presented its chief Defense: Plaintiff could not prove the amount and extent of his overtime claims, because he admitted that a fellow employee had fraudulently entered his time while he was not physically present at the relevant job site. *See* Doc 43.

During pre-trial conference on August 14, 2013, the Court and Plaintiff agreed to excuse Mr. Shokrian from the first day of trial.[2] (Doc. 592)  Mr. Shokrian could not attend the first day of trial due to his obligation to attend court proceedings in another matter.[3] Based on communication with his attorney, Shokrian also actually believed that the Court had postponed the proceeding until August 20, 2013.[4]

---

[1] *Bass v. Hoagland,* 172 F.2d 205, 209 (5th Cir. 1949) *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).
[2] Trial Transcript, attached hereto as Exhibit A, at p. 20.
[3] Shokrian Affidavit, attached hereto as Exhibit B.
[4] Id.

The night before trial, Shokrian and his attorney became embattled in an argument regarding his attorney's poor representation.[5] Mr. Shokrian did not understand why or how his attorney had not obtained his dismissal as an individual defendant; He had never spoken with Plaintiff, nonetheless directed his work as an employee.[6] As a result, Mr. Shokrian requested that Mr. Carse obtain a trial continuance in order to obtain new counsel, but never terminated Mr. Carse from representation.[7]

On the day of trial and before the scheduled jury trial, Mr. Carse requested a continuance and withdrawal from the case. The Court denied the trial continuance, but allowed for the attorney's withdrawal from the case because the attorney informed the court that Shokrian had terminated his representation of all Defendants.[8] Prior to granting the Defense Counsel's withdrawal, Defense Counsel requested that the Court allow the Corporate Defendants' Corporate Representative to inform Shokrian of the Court's decision to enter default judgment against the Corporate Defendants based on the Attorney's withdrawal. The Court granted the request:

> And if you like, it will take us a few minutes to get the panel up here, you -- you can step outside, have the representative advise Mr. Shokrian that under the well-settled law of this circuit the -- three of the four defendants would have default judgments entered against them and the court would simply as to those three be determining the amount of unpaid overtime, but the default would default as to liability, it would default as to willfulness, it would default as to attorney's fees, and the trial of the case would be limited to Elias Shokrian, also known as Elias Shakrian[9]

The Corporate Representative relayed the following details about the conversation with Mr.

---

[5] Id.
[6] Id.
[7] Id.
[8] *See* Exhibit A, p. 3.
[9] Exhibit A, p. 7.

Shokrian to the District Court:

> I talked with Mr. Elias Shokrian. I let him know that he needed to be here today. He said he could not be here today. He can't be here until tomorrow. And I let him know what the attorney had explained to me as -- as far as the punishment -- what is the word? He understood as far as the consequences of his not being here today. And he said that was okay.[10]

The District Court then asked the Corporate Representative—a maintenance supervisor with a tenth grade education who required an interpreter in the court proceeding[11]—whether he had advised Mr. Shokrian about the grave, highly nuanced default judgment issue:

> Q: Mr. Villenueva, did you communicate with Mr. Shokrian that it -- that the court had said that there were three defendants, Jess Enterprises, SEJ Properties, and Califco, as to whom default judgments would be entered if they did not have lawyer to represent them at the trial?
> A: No, sir.[12]

Former Defense Counsel later obtained a conflicting answer from the Corporate Representative indicating that the maintenance supervisor had informed Mr. Shokrian about the District Court's decision.[13] Mr. Shokrian attests that he never obtained information that the court required his attendance on the day of the proceedings—on a day in which the Court previously excused his absence—to avoid default judgment or preserve his own right to a present a defense.[14]

Following the questionable notification, Plaintiff's Counsel requested that the Court conduct an uncontested bench trial against Mr. Shokrian based on his non-appearance.[15] The

---

[10] Id. at p. 12.
[11] Id. at p. 7.
[12] Id. at p. 14.
[13] Id.
[14] Exhibit B.
[15] Id. at 16 ("Well, would the court entertain perhaps—an I would have to speak to—to our client about that, but waiving a jury trial under these circumstances and perhaps the court would accept an affidavit from the plaintiff as to his damages within a certain time, along with other post-trial motions, and perhaps that would be the most efficient way to handle that part. I believe that the plaintiff would be in agreement to waive a jury trial. I don't think that we need to encumber the jury or the court's time under—just for that purpose."

Judge responded to the request by stating: "What I'm concern about is Mr. Shokrian waiving a jury trial."[16] The Judge later defied his judicial instinct by moving forward with an uncontested bench trial, ruling that Mr. Shokrian had waived his seventh amendment right by failing to appear:

> I will conclude that a jury trial has been waived by Mr. Shokrian based on his failure to appear at today for trial as scheduled and I will proceed with a nonjury trial against all four defendants.[17]

The District Court then punished the Defendants by conducting an expedited and uncontested bench trial against Mr. Shokrian to determine liability and damages against all Defendants. Based on the one-sided, truncated proceedings, the Court held that Plaintiff had established Mr. Shokrian liable for a willful violation of the FLSA and found all Defendants joint and severally liable for the **_exact amount_** total amount of damages and liquidated damages requested by Plaintiff.[18] To this day, Defendants have not had the opportunity to defend themselves in this matter.

Defendants instead were forced to scamper and file a Notice of Appeal, which is currently pending before the Fifth Circuit. (Doc. 62). Current Defense Counsel made his appearance on March 13, 2014. (Doc. 68). Defendants are currently pursuing a legal malpractice against their former attorney. *See* Exhibit B.

## III.   ARGUMENT AND AUTHORITY

### A.   RULE 60(B)

Federal Rule of Civil Procedure 60(b) provides a mechanism to relieve a party or its legal representative from a judgment by asking the court to set aside the judgment and retry the case.

---

[16] Id.

[17] Id. at 23.

[18] Id. at p. 64.

*See* Fed R. Civ. P. 60(b). Specifically, Rule 60(b) provides that "the court may relieve a party from a final judgment . . . for (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) [circumstances rendering] the judgment [] void; . . . and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

**B.      THE COURT SHOULD SET ASIDE THE JUDGMENTS AGAINST DEFENDANTS PURSUANT TO RULE 60(B)(4)**

**1.      The Court Must Grant Relief From Judgment Under 60(B)(4) When Court Acts in A Manner Inconsistent with Due Process**

Rule 60(b)(4) allows district courts to relieve a party from a final judgment if the judgment is void. While 60(b) district courts typically possess discretion in denying 60(b) motions, the district court has no discretion in determining whether a judgment is void under Rule 60(b)(4).[19] As the Fifth Circuit has observed, no discretion is provided to the District Court because of the absolute nature of void judgments: "the judgment is either void or it is not."[20]

Courts should grant Rule 60(b)(4) circumstances when the district court acts "in a manner inconsistent with due process of law."[21] The Fifth Circuit has described the due process in the context of Rule 60(b)(4) motions as follows:

> [A]ll that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack. However, "a departure from established modes of procedure (can) render the judgment void," where the procedural defects are of sufficient magnitude to constitute a violation of due process, or, as sometimes more circularly put, where the defects are "so unfair as to deprive the ... proceedings of vitality. . . ." or "where the procedural irregularities are serious enough to be deemed "jurisdictional. . . ."[22]

---

[19] *Recreational Prop. Inc. v. Southwest Mortgage Serv. Corp.,* 804 F.2d 311, 313 (5th Cir.1986).
[20] Id.
[21] *Williams v. New Orleans Public Serv., Inc.,*728 F.2d 730, 735 (5th Cir.1984).
[22] Id. at 735 (5th Cir.1984).

Of the due process requirements, the most fundamental requirement is the opportunity to be heard; A denial of this opportunity renders a judgment void as a matter of law.[23]

**2.      Due Process Violation Number One: No Grounds Existed for the Court to Enter Default Judgment Against Corporate Defendants Under Fifth Circuit Law**

Rule 55(a) authorizes default "When a party against whom a judgment or affirmative relief is sought or has failed to plead or otherwise defend as provided under these rules." Fed. R. Civ. P. 55(a). The Fifth Circuit has determined a party does not fail to "otherwise defend" in this context when the party files a denial to the plaintiff's claims, but fails to attend trial.[24] In such a scenario, "no default [is] generated; the case was not confessed. The Plaintiff [can] proceed, but he [has] to prove his case."[25]  The entry of default judgment against the Corporate Defendants based on their non-appearance at trial through counsel—after they answered Plaintiff's Complaint and litigated the case for over a year[26]—is therefore invalid, rending the default judgment against them void.

**3.      Due Process Violation Number Two: Even Assuming the Default against Corproate Defendants was Valid, the Corporate Defendants Due Process Rights were Violated Based on Lack of Service in Compliance with Rule 55(b)(2)**

Federal Rule of Civil Procedure 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative *must* be served with written notice of the application at least 3 days before the hearing." Fed. R. Civ. P. 55(b)(2) (emphasis added).  The Fifth Circuit has determined that if a a default judgment entered by a court based on a party or his attorney's failure to attend trial is

---

[23] *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996).
[24] *Bass v. Hoagland,* 172 F.2d 205, 209 (5th Cir. 1949) *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).
[25] Id.
[26] Docs. 2, 7.

void as a matter of law.[27]

In the case at hand, the court entered the default judgment *sua sponte* and without any prior notice to the Corporate Defendants, despite the Corporate Defendants vigorous defense in the case for over a year.[28] This departure from the "established mode of procedures" rendered the judgment void because it failed to notify the Corporate Defendants of the default proceeding in compliance with Rule 55(b)(2) and totally disallowed the Corporate Defendants from defending the suit.

**4.     Due Process Violation Number Three: The Court Deprived All Defendants of Their Seventh Amendment Rights to a Jury Trial**

The Fifth Circuit similarly has held that the denial of the a demanded jury trial violates due process and renders any judgment based on that denial void:

> The right of jury trial, if not waived but denied after demand, the judge usurping the function of the jury, would seem to be similarly an unconstitutional abuse of power. But the right to jury trial, like the right to assistance of counsel in a criminal trial, may be waived, and in a civil case a waiver is shown by mere acquiescence, when the party or his counsel if present and not objecting. Among many cases it is enough to cite *Kearney v. Case*, 12 Wall. 275, 20 L.Ed. 395, and compare it with *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263. Rule of Civil Procedure 38 requires that the right be asserted by a demand for it. We have found no federal case which has treated as a mere procedural error a flat denial of a jury trial demanded in a civil case, though we have found none holding its denial to be by itself a good ground of collateral attack.[29]

In this case, no dispute exists that (1) Plaintiff demanded a jury trial; (2) Defendants were entitled to depend on the jury trial demand; (3) Defendants did not waive their right to a jury trial by attending trial or through affirmative action; and (4) the Court *sua sponte* decided to conduct alternative proceedings in abrogation of their jury trial right. Based on the deprivation of Defendants' seventh amendment rights, the Court must relieve the Defendants from both the (1) default judgment entered against corporate defendants; and (2) the *sua sponte*, uncontested bench trial conducted against Shokrian.

---

[27] *Bass v. Hoagland,* 172 F.2d 205, 206 (5th Cir. 1949) *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).
[28] Doc. 2, 57.
[29] Id. (citations omitted).

**5. Due Process Violation Number Four: The Court Never Provided Shokrian with Notice that He Needed to Attend the Trial on the Date of the Proceeding**

The Court excused Shokrian's absence from trial, but later used his absence from trial as (1) sufficient reason to conduct a *sua sponte* bench trial against him; and (2) determine—in contravention of Fifth Circuit precedent—that he waived his jury trial right. Such actions and omissions deprived the proceedings of any concept of vitality or due process.

**6. Due Process Violation Number Five: The Court Deprived All Defendants of Their Fundamental Right to Be Heard and Defendant Themselves**

As mentioned *supra,* "under our system of justice, the opportunity to be heard is the most fundamental requirement."[30] Defendants in this case had no opportunity to be heard: The Court (1) entered Default Judgment against Corporate Defendants without Notice; and (2) conducted a bench trial against Shokrian without a chance for him to ever present a defense. The Court should not allow such clear and egregious violations of Defendants' essential due process rights.

**7. The Combined Circumstances of Due Process Violations Exceed Those Present in Bass, Requiring Vacation from Judgment**

In *Bass*, the Fifth Circuit determined that the trial court violated a defendants' due process rights on three grounds, rendering the underlying judgment void, including the court (1) entering default judgment based on the defendant's and his attorney's failure to attend trial, despite the defendant's filing of a sufficient answer;[31] (2) entering default judgment without proper Rule 55(b)(2) notice;[32] and (3) denying the defendant his right to a demanded jury trial.[33]

---

[30] *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996).

[31] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 400 n. 2 (5th Cir. 1981) quoting *Bass v. Hoagland*, 172 F.2d 205, 209-10 (5th Cir. 1949) ("[Rule 55] does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial.... When Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him.").

[32] *Bass*, 172 F.2d 205 at 208 (5th Cir. 1949).

[33] Id. at 210 ("The judgment states the plaintiff was not present at the trial, but only his counsel; and that no defendant was present in person or by counsel, so there could have been no waiver of any right.")

While subsequent Fifth Circuit rulings have limited the *Bass'* application and upheld denial of motions to vacate, the Fifth Circuit has done so by clarifying that the *Bass* Court made its determination based on the "combined circumstances" of due process violations present in the case.[34] For example, in *Fehlaber*, the Fifth Circuit denied an appellant relief by stressing that the *Bass* Court "gave considerable emphasis to the denial of the Defendant's seventh amendment rights to trial by jury," which did not exist in the case before it.

The "combined circumstances" of this case mirror those in *Bass*, rendering the default judgment against the Corporate Defendants void:

- **As in *Bass*:** The Corporate Defendants filed a sufficient answer and contested the case before default entry, making any default judgment entered invalid.[35]

- **As in *Bass*:** The District Court entered the default judgment *sua sponte* and without the prior notice required by Fed. R. Civ. P. 55.[36]

- **As in *Bass*:** The District Court violated the Corporate Defendants' right to a demanded jury trial by determining that the Corporate Defendants had waived their seventh amendment rights by failing to appear through counsel when no such waiver was possible under the circumstances.[37] [ROA.21]

- **As in *Bass*:** The default judgment is void because the District Court entered it based exclusively of counsel's absence from trial.[38]

Moreover, uncontested bench trial against Shokrian posed "combined circumstances" of substantial deprivation of due process because the court (1) excused Shokrian's absence; then sua sponte revoked his right to be absent (lack of any notice); (2) the court denied Shokrian the

---

[34] See *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)( citing to *Fehlhaber v. Fehlhaber,* 681 F.2d 1015 (5th Cir.1982) *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983), (noting void for due process violation finding in *Bass* resulted from the "combined circumstances" of that case, including the deprivation of the defendant's right to a jury trial, the entry of default based exclusively on defendant's attorney's non-appearance, the lack of default notice provided to Bass); See also Fehlaber 681 F.2d 1015 (5th Cir.1982) *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983)(

[35] Doc. 48.

[36] *See* Exhibit A, including trial transcript, at p. 7.

[37] *See* Doc. 1.

[38] See Doc. 48.

right to his properly demanded jury trial; and (3) ultimately prevented him from ever defending the action on the merits in court. As this the Fifth Circuit explained in *Bass*, "this does not look like due process of law under the constitution. . . ."[39] No question exists that the Court denied Defendants the opportunity to defend themselves in Court. As a result, the judgment is void, requiring a retrial on the merits.

**C.      THE COURT SHOULD SET ASIDE THE JUDGMENTS AGAINST DEFENDANTS PURSUANT TO RULE 60(B)(1)**

**1.      Rule 60(b)(1) and Rule 60(b)(6)**

Rule 60(b)(1) provides relief from judgment that results from "mistake, inadvertence, surprise, or excusable neglect," and "is understood to encompass situations in which the movant's failure to defend is attributable to his own negligence."[40] Fed. R. Civ. P. 60(b)(1). In ruling on a motion to set aside a default judgment under 60(b)(1), the courts generally look at three factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct.[41] A district court may consider other factors,[42] such as whether the public interest was implicated or the judgment resulted in a significant financial loss to the defendant. *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992).

The Court has discretion to deny a motion for relief from judgment under 60(b)(1) if the court finds (1) the moving party fails to present a meritorious defense; or (2) the party's default

---

[39] *Bass*, 172 F.2d 205 at 209 (5th Cir. 1949).
[40] *Fine v. Evergreen Aviation Ground Logistics Enter., Inc.,* No. 2:07–CV–165, 2009 WL 793753, at *2 (E.D.Tex. Mar.20, 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).
[41] *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 939 (5th Cir.1999) (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992)).
[42] *Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114, 119 (5th Cir.2008). These factors are not "talismanic." *See CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992).

to be willful.[43] Rule 60(b), however, is applied most liberally to default judgments or other one-sided proceedings, since trial on the merits is favored over truncated proceedings; As the Fifth Circuit has observed, unless it appears that no injustice results from such a proceeding, relief should be granted.[44]

**2.    The Fifth Circuit Liberal Application of Rule 60(B) Applies to Any Proceeding a Party and the Court form Full Examination of the Case on the Merits**

Federal courts generally disfavor default judgments due to a strong policy in favor of deciding cases on the merits.[45] The Fifth Circuit has gone so far as to label default judgments "drastic remed[ies]" that a court should only resort to in "extreme situations."[46]

Due to its distaste of default judgments, the Fifth Circuit has determined that Rule 60(b) should be "liberally construed in order to do substantial justice" and "applied most liberally to judgments in default."[47] As a result, when a proceeding—regardless of whether a traditional default judgment or other truncated proceeding—"precludes examination of the full merits of a case, even a slight abuse [of discretion by the trial court] may justify reversal."[48] This liberal application of Rule 60(b)(1) therefore applies to both the default judgment entered against Defendants *and* the uncontested bench trial conducted against Shokrian.

**3.    The Mistakes and Evidence Regarding Defendants' Non-Willful Default**

Mistakes made by the Defendants, the Judge,[49] and Plaintiff's attorneys all show that the judgment was entered as a result as a combination of errors made by all of these parties. These

---

[43] Id. at 119-120.
[44] *Seven Elves v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981).
[45] *See e.g., Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)(quoting 10 Moore's Federal Practice *3d.*).
[46] *See e.g. E.F. Hutton & Company v. Moffatt*, 460 F. 2d 284, 285 (5th Cir. 1972).
[47] *Seven Elves v. Eskenazi*, 635 F.2d 396, 401-403 (5th Cir. 1981).
[48] Id. at 402.
[49] Rule 60(b)(1) authorizes a court to grant relief from judgments for "mistake, inadvertence, surprise, or excusable neglect." The "mistakes" of judges may be remedied under this

mistakes also go to show that no willful default existed: Defendants at no time intentionally failed to respond to this litigation.[50] Defendants did not willfully fail to attend trial or fail to respond to the litigation as shown by the following mistakes made by the defendants', defendants' attorney, the court, and plaintiff's attorney:

- Evidence that Defendants Intended to Defend Suit: Defendants defended the suit for a period of one and a half years, and up to the date of trial[51]

- Mistake of Defendant/Defendants' Counsel: Mr. Shokrian, based on communication from his counsel, believed the court excused him from the first day of trial and further believed that the Court had postponed the trial for one day based on communications with counsel[52]

- Mistake of Counsel: Mr. Shokrian did not terminate counsel, but requested his counsel to obtain a continuance of trial to obtain new counsel[53]

- Mistake of Defendant: Mr. Shokrian believed that the court would grant a continuance, based in part on his conversation with counsel, on the grounds that counsel had not properly represented him due to his counsel's failure to obtain his dismissal[54]

- Mistake of Court/Defense Counsel: Mr. Shokrian never obtained information that he needed to attend Court on the day of the proceedings due to miscommunication by his maintenance supervisor who Defense Counsel appointed to inform Mr. Shokrian of the proceedings[55]

- Mistake of Court/Surprise to Defendant: On the day of trial, the Court *sua sponte* determined that Shokrian must be present at the trial, despite previously excusing

---

provision. Meadows v. Cohen, 409 F.2d 750, 752 n.4 (5th Cir. 1969). ***840** The rule encompasses mistakes in the application of the law. Oliver v. Home Indemnity Co., 470 F.2d 329 (5th Cir. 1972).

[50] Fed.Rules Bankr.Proc.Rules 7055, 9024, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rules 55(c), 60(b), 28 U.S.C.A. In re OCA, Inc., 551 F.3d 359, 50 Bankr. Ct. Dec. (CRR) 265 (5th Cir. 2008)(citing to *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir.2000)(quoting *In re Dierschke,* 975 F.2d at 184).

[51] *See* Doc. 6, Doc. 48.

[52] *See* Exhibit B.

[53] *See* Id.

[54] *See* Id.

[55] *See* Id.

him[56]

- Mistake of Court: Court entered *sua sponte* default judgment against Corporate Defendants, despite the defendants filing sufficient answer and providing no notice of the proceeding[57]

- Mistake of Court: Court ruled that Shokrian and Corporate Defendants waived their right to a jury trial, by failing to attend trial, in direct contravention of Fifth Circuit precedent[58]

- Circumstantial Evidence of Defendants' Desire to Defend Suit: Defendant at no other time during the year and a half prior to trial had disobeyed a court order or failed to provide a defense to the suit

As provided by the above circumstances, neither Shokrian nor the Corporate Defendants intentionally failed to respond to the litigation; Rather the mistakes of Shokrian, the Court, and Defendants' attorney led to the default judgment and uncontested bench trial.

**4. The Defendants Possessed Meritorious Claims**

Setting aside a default judgment is proper in the absence of a meritorious defense.[59] In determining whether a meritorious defense exists, " '[t]he underlying concern is ... whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.' "[60]

As in *Hibernia*, the Defendants had meritorious defenses that the court proceedings did not allow them to present in court. Specifically, Defendants planned to defend on the grounds that Plaintiff could not prove that he worked any overtime based on his admission that he and a coworker punched each other into work while off the job site,[61] disallowing him from proving the existence and extent of his overtime claims based on Defendants' time records.

---

[56] See Exhibit A, p. 7.
[57] *See* Exhibit A, p. 64.
[58] *See* Id., p. 16.
[59] Id. at 119-120.
[60] Id. at 118.
[61] See e.g. Exhibit C, containing Plaintiff's Deposition, at p. 28-32.

An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated."[62] To meet the requisite burden of proof, the employee need only prove that he has in fact performed work for which she was improperly compensated by producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.[63] However, "an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference."[64] In the event an employee makes such a showing, the "burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."[65]

Defendants—without a doubt—would have had at least "some possibility" of obtaining a contrary result to that achieved at the uncontested bench trial and the default judgment proceeding had the judge allowed them to submit their valid defense. Specifically, Defendants' would have had a strong defense against Plaintiff's overtime claims because he engaged in a scheme with his employees to falsify the time records supporting his overtime claims.[66] Based on this evidence, Plaintiff would have argued (1) that Plaintiff could not prove that he worked any overtime whatsoever; and (2) even if he worked some of the hours that he claimed; his admission to engaging in a scheme to falsify the time records shows that he did not work the

---

[62] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687–88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)).

[63] *See Id.*

[64] *Ihegword v. Harris Cnty. Hosp. Dist.,* 929 F.Supp.2d 635, 668 (S.D. Tex. 2013) (citing *Harvill,* 433 F.3d at 441); *see also* 29 U.S.C. § 207(a)(1).

[65] Id.

[66] See e.g. Exhibit C, containing Plaintiff's Deposition, at p. 28-32.

amount of hours he alleged in his Complaint.  Defendants do not believe that a jury would look favorably upon his fraudulent entry of time, and that a jury would likely rule for Defendants.

**5.      No Unusual Prejudice to Defendants Would Occur if the Court Vacates the Judgment**

If a plaintiff will suffer prejudice by reopening the action, the court may deny a movant's motion for relief.[67]  The prejudice must involve more than the mere possibility of prejudice from delay inherent in every case.[68]  Likewise, delay in the collection of a judgment by a plaintiff or requiring a plaintiff to litigate the merits of the claim is insufficient prejudice to allow a default judgment or a default-like judgment to stand.[69]

In this case, Plaintiff cannot claim anymore than the normal prejudice inherent in every case that is vacated. Moreover, Plaintiff's prejudice is invalidated because his attorney's caused the potential prejudice to himself: Plaintiff's attorneys initially proposed the idea of conducting the uncontested, bench trial against Shokrian.[70] The equities suggest that Defendants should not claim prejudice when their suggestion led to the instant need for a new trial.

**6.      Other Reasons for Granting Relief from Judgment Under 60(b)(1)**

**a.  The Public Interest Implicated by the Denial of Defendants' Jury Trial Supports Vacation from Judgment and Retrial**

"Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury

---

[67]*See Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 379, 113 S.Ct. 1489, 123 L. Ed.2d 74 (1993).

[68]*Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985).

[69] *See  United States v. OneParcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985).

[70] *See* Exhibit A, p. 16.

trial should be scrutinized with the utmost care."[71] The importance placed on institution of jury trials, shows that the denial of a litigant's constitutional right implicates the public interest.

In this case, the court denied the Plaintiff's their right to a jury trial, despite sufficient demand and no finding of waiver. [72] The denial of Plaintiff's constitutional rights constitutes sufficient conduct to implicate the public interest, supporting vacation from the judgment.

**b. The Judgment Resulted in a Significant Financial Loss to Defendants**

The combined judgment, including attorneys' fees and costs, is $118,282.42. This is not a trivial amount and constitutes a significant financial loss to Defendants, which weighs in favor of the Court vacating the judgment.

**D. THE COURT SHOULD SET ASIDE THE JUDGMENTS AGAINST DEFENDANTS PURSUANT TO RULE 60(B)(6)**


In the event the court determines there was no mistake or excusable neglect existed to justify relief, it should vacate the judgment based on the circumstances listed above under Rule 60(b)(6), as they constitute "extraordinary circumstances" justifying relief. As the Supreme Court has held, "[i]n simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[73] As the Fifth Circuit has observed, Rule 60(b)(6) provides "a grand reservoir of equitable power to do justice in a

---

[71] *Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603.
[72] *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 400 n. 2 (5th Cir. 1981) quoting *Bass v. Hoagland,* 172 F.2d 205, 209-10 (5th Cir. 1949) ("[Rule 55] does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial.... When Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him.").
[73] *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1948).

particular case when relief is not warranted by the preceding clauses."[74] The following

circumstances show that the court should tap that reservoir and grant relief from judgment:

- Defendants defended the suit for a period of one and a half years, and up to the date of trial[75]

- Evidence that Defendants Intended to Defend Suit: Defendants defended the suit for a period of one and a half years, and up to the date of trial[76]

- Mistake of Defendant/Defendants' Counsel: Mr. Shokrian, based on communication from his counsel, believed the court excused him from the first day of trial and further believed that the Court had postponed the trial for one day based on communications with counsel[77]

- Mistake of Counsel: Mr. Shokrian did not terminate counsel, but requested his counsel to obtain a continuance of trial to obtain new counsel[78]

- Mistake of Defendant: Mr. Shokrian believed that the court would grant a continuance, based in part on his conversation with counsel, on the grounds that counsel had not properly represented him due to his counsel's failure to obtain his dismissal[79]

- Mistake of Court/Defense Counsel: Mr. Shokrian never obtained information that he needed to Court on the day of the proceedings due to miscommunication by his maintenance supervisor who Defense Counsel appointed to inform Mr. Shokrian of the proceedings[80]

- Mistake of Court/Surprise to Defendant: On the day of trial, the Court *sua sponte* determined that Shokrian must be present at the trial, despite previously excusing him[81]

- Mistake of Court: Court entered *sua sponte* default judgment against Corporate Defendants, despite the defendants filing sufficient answer and providing no notice of the proceeding[82]

---

[74] *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.,* 62 F.3d 767, 773–74 (5th Cir.1995)
[75] *See* Doc. 6, Doc. 48.
[76] *See* Doc. 6, Doc. 48.
[77] *See* Exhibit B.
[78] *See Id.*
[79] *See Id.*
[80] *See Id.*
[81] See Exhibit A, p. 7.
[82] *See* Exhibit A, p. 64.

- Mistake of Court: Court ruled that Shokrian and Corporate Defendants waived their right to a jury trial in direct contravention of Fifth Circuit precedent[83]

- Circumstantial Evidence of Defendants' Desire to Defend Suit: Defendant at no other time during the year and a half prior to trial had disobeyed a court order or failed to provide a defense to the suit

- Mistake of Attorney: Defendants' attorney withdrew on the day of trial, despite no direction to do so by Mr. Shokrian[84]

- Plaintiff's Suggestion: Plaintiff's attorney's suggestion that the Court conduct the uncontested bench trial in contravention of Fifth Circuit precedent[85]

- Mistake of Court: The Court noting that it was concerned about Shokrian not waiving his right to a jury trial, but decided to conducting the uncontested bench trial in contravention of Fifth Circuit precedent

No doubt exists that these facts show "extraordinary circumstances" to justify relief from judgment under Rule 60(b)(6).

## IV.    Conclusion

The default judgment and uncontested bench trial leading to the judgment entered against Defendants had no indicia of due process, resulted from the mistake of the parties' involved, and otherwise present extraordinary circumstances requiring relief from judgment. The circumstances indicate that the Court should provide indication that it would grant relief from judgment, so that Defendants may petition the Fifth Circuit to remand the case for that purpose and eliminate the need for appellate review.


Dated: May 16, 2014                                    Respectfully Submitted,

                                                       The SIEGEL Law Group

                                                       By: /s/ Jack L. Siegel

---

[83] *See* Id., p. 16.
[84] *See* Exhibit B.
[85] Exhibit A, p. 16.

Jack Siegel
Texas Bar No. 24070621
Jack@Siegellawgroup.biz
2728 Welborn, Suite 106
Dallas, TX 75219
Tel. 469.249.2889
Fac. 469.339.0204
www.siegellawgroup.biz

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 16, 2014, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "notice of Electronic filing" to the attorneys of Record who have consented to accept this Notice as service of this document by electronic means.

<u>/s/ Jack Siegel</u>
Jack Siegel