# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

```
PEDRO GARCIA ARRIAGA, and      (    3:12-CV-00094-D
all others similarly situated (
under 29 U.S.C. § 216(B)       (
                               (
              Plaintiff,       (
                               (
                               (
VERSUS                         (    DALLAS, TEXAS
                               (
                               (
CALIFCO, LLC, et al.,          (
              Defendants.      (    AUGUST 19, 2013
```

TRANSCRIPT OF BENCH TRIAL

BEFORE THE HONORABLE SIDNEY A. FITZWATER,

UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:   JAMIE HARRISON ZIDELL
                     J H Zidell PC
                     6310 LBJ Freeway, Suite 112
                     Dallas, TX 75240
                     972/233-2264
                     Email: zabogado@aol.com


                     ROBERT LEE MANTEUFFEL
                     J H Zidell PC
                     6310 LBJ Freeway
                     Suite 112
                     Dallas, TX 75240
                     972/233-2264
                     Email: rlmanteuffel@sbcglobal.net

```
FOR THE DEFENDANT:    TOM A. CARSE
                      Carse Law Firm
                      6220 Campbell Rd
                      Building 4 Suite 401
                      Dallas, TX 75248
                      972/503-6338
                      Email: tom@carselaw.com
```

```
COURT REPORTER:            PAMELA J. WILSON, RMR, CRR
                           1100 Commerce Street, Room 1535
                           Dallas, Texas 75242
                           214.662.1557
                           pam_wilson@txnd.uscourts.gov
```

Proceedings reported by mechanical stenography,

transcript produced by computer.

Case 3:12-cv-00094-D   Document 57   Filed 11/14/13   Page 3 of 81   PageID 533
Case 3:12-cv-00094-BK   Document 97-1   Filed 05/16/14   Page 4 of 9   PageID 798

3

BENCH TRIAL - AUGUST 19, 2013

**P R O C E E D I N G S**

THE SECURITY OFFICER:  All rise.

THE COURT:  Be seated, please.

Good morning counsel and litigants.

The matter before the court is Arriaga versus Jess Enterprises, LLC and others.

I've been advised by the court reporter of a need of counsel to address the court before jury selection begins, and I note that we have Mr. Zidell and Mr. Manteuffel present.

Mr. Carse.

MR. CARSE:  Good morning, Your Honor.

I -- also for the court our corporate representative, Albino Villenueva is clearing security.

THE COURT:  All right.  And who wishes to speak to the court at this time?

MR. CARSE:  I do, Your Honor.

THE COURT:  Mr. Carse.  If you would approach the lectern.

MR. CARSE:  Good morning.

May it please the court.  Late last night I was advised by Mr. Elias Shokrian that on behalf of all defendants my representation was terminated immediately and that he further instructed me to inform the court of that termination and to also request a continuance to permit the defendants time to

Case 3:12-cv-00094-D Document 57 Filed 11/14/13 Page 7 of 81 PageID 537
Case 3:12-cv-00094-BK Document 97-1 Filed 05/16/14 Page 5 of 9 PageID 799

7

need to try this case this week. It's not like I can move it back. So I'm going to deny the continuance.

And if you like, it will take us a few minutes to get the panel up here, you -- you can step outside, have the representative advise Mr. Shokrian that under the well-settled law of this circuit the -- three of the four defendants would have default judgments entered against them and the court would simply as to those three be determining the amount of unpaid overtime, but the default would default as to liability, it would default as to willfulness, it would default as to attorney's fees, and the trial of the case would be limited to Elias Shokrian, also known as Elias Shakrian.

So that's -- that's what I -- that's the status of the case as it stands, Mr. Carse -- excuse me -- Mr. Carse.

MR. CARSE: Thank you, Your Honor.

THE COURT: All right. I would like to avoid undo delay. Do you have an idea of how long you will need?

I think our panel is ready downstairs.

Is that correct?

THE SECURITY OFFICER: Yes.

THE COURT: So it would probably be, you know, 15 or 20 minutes.

MR. CARSE: I don't need any more time than that.

THE COURT: Okay. Then what I'd like you to do -- the other thing I should mention is if you have been

Case 3:12-cv-00094-D   Document 57   Filed 11/14/13   Page 12 of 81   PageID 542
Case 3:12-cv-00094-BK   Document 97-1   Filed 05/16/14   Page 6 of 9   PageID 800

12

has, then I'm not going to wait until tomorrow to do anything, I'm going to proceed today.  I just want that to be clear.

MR. CARSE:  All right.  What was communicated and what I -- what the court communicated to me was what I understood to be for tomorrow, not for today.  I know he's not going to be here today and I -- and I've known that.

THE COURT:  All right.

MR. CARSE:  So I don't want any misunderstanding there.  And Mr. Villenueva has known that, that he would not be here, not be present today.

THE COURT:  All right.  If -- if Mr. Villenueva wishes to address the court, he may.

THE WITNESS (Through interpreter):  I talked with Mr. Elias Shokrian.  I let him know that he needed to be here today.  He said he could not be here today.  He can't be here until tomorrow.

And I let him know what the attorney had explained to me as -- as far as the punishment -- what is the word?  He understood as far as the consequences of his not being here today.  And he said that was okay.

THE COURT:  Mr. Carse, do you have any objection if I ask Mr. Villenueva whether you have been terminated?

MR. CARSE:  No objection, Your Honor.

THE COURT:  Mr. Villenueva, do you know whether Mr. Carse has been terminated as the attorney for all of the

Case 3:12-cv-00094-D   Document 57   Filed 11/14/13   Page 25 of 81   PageID 555
Case 3:12-cv-00094-BK   Document 97-1   Filed 05/16/14   Page 7 of 9   PageID 801

25

MR. ZIDELL:  No, judge.

THE COURT:  All right.

MR. ZIDELL:  That's correct.

THE COURT:  And if the interpreter would like to pull the microphone down where you can speak into it.

INTERPRETER QUILLIAN:  Yes, sir.

THE COURT:  Thank you.

You may proceed, sir.

And I think, Mr. Zidell, your microphone was bent a little.

MR. ZIDELL:  Yes, sir.

DIRECT EXAMINATION

BY MR. ZIDELL:

Q.   Mr. Villenueva, can you tell the court where you are from?

A.   (Through Interpreter):  I am originally from Mexico.

Q.   And how old are you?

A.   (Through Interpreter):  42 years old.

Q.   And what is your level of education?

A.   (Through Interpreter):  Up through the 10th grade.

Q.   Okay.  And in this case is it true that you appeared as the 30(b) corporate representative for all of the defendant companies named in this action?

A.   (Through Interpreter):  In this case, yes.

Q.   Okay.  And you testified in order -- as the

Case 3:12-cv-00094-D   Document 57   Filed 11/14/13   Page 64 of 81   PageID 594
Case 3:12-cv-00094-BK   Document 97-1   Filed 05/16/14   Page 8 of 9   PageID 802

64

compensation against each of the four defendants, that he has established the individual liability of Mr. Elias Shokrian, that the remaining three defendants have defaulted as to liability, but moreover, the plaintiff has shown their liability by his evidence, including the exhibits that were admitted.

The plaintiff has also established a willful violation, therefore, the period of time goes back three years prior to the filing of suit.

He's established that the unpaid overtime equals $14,500.31.

And he has further established a willful violation.

And the court concludes that he is also entitled to recover liquidated damages in light of the evidence and therefore awards an additional sum of $14,500.31.

The court will enter a judgment for joint and several liability against the four defendants for $29,000.62.

And the plaintiff may also make application for attorney's fees.

The court has granted the plaintiff's request for a period of 21 days to make that submission. And if he will at that time submit proposed findings and conclusions. Usually that's done by submission electronically to Fitzwater orders, that way if I want to edit them I can more easily edit them.

MR. ZIDELL: Sure.

Case 3:12-cv-00094-D   Document 57   Filed 11/14/13   Page 81 of 81   PageID 611
Case 3:12-cv-00094-BK   Document 97-1   Filed 05/16/14   Page 9 of 9   PageID 803

81

C E R T I F I C A T I O N

I, PAMELA J. WILSON, CSR, certify that the foregoing is a transcript from the record of the proceedings in the foregoing entitled matter.

I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.

This the 14th day of November, 2013.

                           s/Pamela J. Wilson
                           PAMELA J. WILSON, RMR, CRR
                           Official Court Reporter
                           The Northern District of Texas
                           Dallas Division