# EXHIBIT C

1

Pedro Garcia Arriaga    1/15/13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PEDRO GARCIA ARRIAGA, and        *
all others similarly             *
situated under 29 U.S.C.         *
216(B),                          *
                                 *
          Plaintiff              *     CIVIL ACTION NO.:
                                 *     3:12-CV-00094-D
v.                               *
                                 *
CALIFCO, LLC, JESS               *
ENTERPRISES, LLC, SEJ            *
PROPERTIES, L.P., ELIAS          *
SHOKRIAN A/K/A ELIAS             *
SHAKRIAN                         *
                                 *
          Defendant.             *

ORAL DEPOSITION OF

PEDRO GARCIA ARRIAGA

JANUARY 15, 2013


          ORAL DEPOSITION OF PEDRO GARCIA ARRIAGA,

produced as a witness at the instance of the Defendants,

taken in the above-styled and numbered cause on the 15th

day of January, 2013, from 10:05 a.m. to 12:00 p.m.,

before Frances M. Blacha, a Certified Shorthand Reporter

in and for the State of Texas, reported by machine

shorthand, in the offices of J.H. Zidell, P.C., 6310 LBJ

Freeway, Suite 112, in the City of Dallas, County of

Dallas and State of Texas, in accordance with the

Federal Rules of Civil Procedure.    ORIGINAL

Pedro Garcia Arriaga    1/15/13

A P P E A R A N C E S

FOR THE PLAINTIFF:

    Mr. Robert L. Manteuffel
    J.H. Zidell, P.C.
    Concourse Office Park
    6310 LBJ Freeway, Suite 112
    Dallas, Texas 75240
    972.233.2264 (telephone)
    972.386.7610 (facsimile)
    rlmanteuffel@sbcglobal.net

FOR THE DEFENDANTS:

    Mr. Tom Carse
    Carse Law Firm
    6220 Campbell Road, Suite 401
    Dallas, Texas   75248
    972.503.6338 (telephone)
    972.503.6348 (facsimile)
    tom@carselaw.com

ALSO PRESENT:

    Mr. Jody Quillian, Interpreter

3

Pedro Garcia Arriaga    1/15/13

I N D E X

PAGE

Appearances ...................................    2

WITNESS:    PEDRO GARCIA ARRIAGA

    Examination by Mr. Carse .................    4
    Examination by Mr. Manteuffel ............    23
    Further Examination by Mr. Carse .........    23

Signature and Changes .........................    48

Reporter's Certificate ........................    50

E X H I B I T S

PAGE

Exhibit 1 ....................................    38
    Time cards for Arriaga

Exhibit 2 ....................................    38
    Time cards for Arriaga

Exhibit 3 ....................................    38
    Checks and pay stubs for Arriaga

Pedro Garcia Arriaga    1/15/13

somebody in or doing something you shouldn't have done with timecards?

A    Albino?  Albino was always looking at the cards, and, if he saw that two cards were identical, then he would say, hey, you punched in someone that wasn't here.

Q    Did he ever say that to you?

A    Yes.  Yes.

Q    How many times?

A    Like three times.

Q    So you had punched somebody in that wasn't there?

A    Yes, I did punch in the cards just like I explained it to you.

Q    And what you told me was whoever you punched in was sitting outside in their car.

A    Yes.  Yes.

Q    Now, when you did this, did you know or had you been instructed by CalifCo or Albino Villanueuva that you were only to clock yourself in and out and no one else?

A    After he told me that, I never did punch in anybody else's card.  And after that each one punched in his own card.

Q    Did Gary ever talk to you about clocking

Pedro Garcia Arriaga    1/15/13

Daniel in and out at the same time that you clocked in and out?

A    Gary never talked to any of us about that.

Q    Did Gary have Albino come talk to you about that?

A    Maybe he did.

Q    Because if you clocked somebody in that wasn't there, that's stealing, isn't it?

A    Yes.

MR. MANTEUFFEL:  Objection.  Assumes facts not in evidence.

Q    Would you agree that if somebody clocked you in at 7:00 a.m. and you weren't at work at 7:00 a.m. that would be wrong?

A    If someone marked -- punched my card and I wasn't there and Albino saw it later, then he would come and reprimand me.

Q    And you've said you've been reprimanded three times by Albino for that; is that correct?

A    Not three times.  Not three times.  I marked -- I punched in someone's card three times.

Q    Well, how many times have you been disciplined by Albino for doing that?

A    Just one time.

Q    When was that?

Pedro Garcia Arriaga    1/15/13

A    I couldn't say.  It's been a long time since he reprimanded me.

Q    Was it close in time to January of 2012 when you left?

A    Yes.

Q    So isn't it true, sir, that you got mad at them, at Albino, for reprimanding you for cheating on the timecard?

MR. MANTEUFFEL:  Objection.  Assumes facts not in evidence.

You can answer.

A    How could I get mad at Albino?  He was my supervisor.  If I go to a job and the supervisor is the one that is telling me what to do, if I had gotten mad with Albino, he could have fired me at that moment.  You don't know how Albino is.  Albino is the type of person that if we had disrespected him, he would have called the police on us.

Q    Would you agree that if you clocked Daniel in and he's not on the premises when you clocked him in that that's cheating?

MR. MANTEUFFEL:  Objection.  Assumes facts not in evidence.  Hypothetical.

A    Yes.

Q    In fact, you testified earlier that you

Pedro Garcia Arriaga   1/15/13

clocked Daniel in when Daniel was outside in a car on the property, not at the time clock when you clocked him in; correct?

A     Yes.

Q     When you did that, did you tell Albino you did that?

A     I did tell Albino because if I -- if he had found out about it through someone else, he would have fired me.

Q     So it's your testimony under oath that when you clocked Daniel in, as Daniel sat in -- was it your car or when he sat in his car?

A     No.  In his car.

Q     Okay.  So he's sitting in his car.  Did he bring you to work?

A     No.  We both arrived some times together at the same time each in his own vehicle so that one or the other wouldn't have to get out of the car.  One would say to the other could you clock me in when you clock yourself in.

Q     Well, how would you know where you were going to go work and how would you know where Daniel was going to go work after he clocked in if he didn't go inside -- both of you go inside, clock in and get your instructions for the day?

32

Pedro Garcia Arriaga    1/15/13

A    Daniel would get there and he would clock in and then he would start gathering up the trash. And then I would arrive and I would start to gather up trash too. And so we would be working together gathering up trash.

Q    Did you start gathering trash before you clocked in?

A    No. We would first clock in. The first one to arrive would start picking up the trash.

Q    Who would clock in first?

A    Well, it would depend on who got there first. Sometimes if he got there first he would clock in.

Q    Were there any other employees present to witness you or Daniel clocking in?

A    Well, sometime among all of the employees, sometime just one employee would clock in all the other employees if we were all there at the same time.

Q    Were there any managers or supervisors there to observe this?

A    No.

Q    So there wasn't anybody to verify whether or not everybody that had been clocked in was actually there?

MR. MANTEUFFEL:  Objection. Assumes facts not in evidence. Mischaracterizes his testimony.

Pedro Garcia Arriaga    1/15/13

SIGNATURE AND CHANGES

NAME OF WITNESS:   PEDRO GARCIA ARRIAGA

DATE OF DEPOSITION:   JANUARY 15, 2013

PAGE/LINE              CORRECTION           REASON

Pedro Garcia Arriaga    1/15/13

I, PEDRO GARCIA ARRIAGA, have read the foregoing deposition and hereby affix my signature that same is true and correct except as noted herein.

_____
Signature of Witness

THE STATE OF _Texas_                    *
                                        *
COUNTY OF _Dallas_                       *

Before me, _Pedro Garcia Arriaga_, on this day personally appeared PEDRO GARCIA ARRIAGA, known to me (or proved to me under oath or through _____) (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _8th_ day of _February_, 2013.

_Rosa Owens_
_____
NOTARY PUBLIC IN AND FOR THE
STATE OF _Texas_

ROSA OWENS
Notary Public, State of Texas
My Commission Expires
December 02, 2014

(817) 261-9095    FAX (817) 274-6679
GOODENOUGH & ASSOCIATES

Pedro Garcia Arriaga    1/15/13

C E R T I F I C A T E

I, FRANCES M. BLACHA, Certified Shorthand Reporter in and for the State of Texas, certify that the foregoing deposition of PEDRO GARCIA ARRIAGA was reported stenographically by me at the time and place indicated, said witness having been placed under oath by me, and that the deposition is a true record of the testimony given by the witness.

I further certify that the time used by all counsel is as follows:

Mr. Carse:  1 hour, 32 minutes

Mr. Manteuffel:  Less than one minute

I further certify that pursuant to FRCP Rule 30(e) the signature of the deponent was requested by the deponent or a party before the completion of the deposition;

I further certify that I am neither counsel for nor related to or employed by any party in this cause and am not financially interested in its outcome.

CERTIFIED TO the 22nd day of January, 2013.

Frances M. Blacha, Texas CSR #305
Expiration Date:  12/31/2014
Firm Registration No. 400
Goodenough & Associates
2012 Franklin Drive
Arlington, Texas  76011
(817) 261-9095

(817) 261-9095    FAX (817) 274-6679
GOODENOUGH & ASSOCIATES