**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEDRO GARCIA ARRIAGA and** | § | |
| **all others similarly situated** | § | |
| **under 29 U.S.C. 216(b),** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Cause No. 3:12-cv-00094-BK** |
| | § | |
| **JESS ENTERPRISES, LLC,** | § | |
| **SEJ PROPERTIES, L.P.,** | § | |
| **CALIFCO, LLC and ELIAS SHOKRIAN** | § | |
| *also known as* | § | |
| **ELIAS SHAKRIAN,** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE**
**60(B) AND REQUEST FOR EXPEDITED INDICATIVE RULING PURSUANT TO**
**RULE 62.1**

Respectfully submitted,

By: /s/ Robert L. Manteuffel
Robert L. Manteuffel
Email: rlmanteuffel@sbcglobal.net
State Bar No. 12957529
J.H. Zidell
Texas Bar No. 24071840
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

Attorneys for Plaintiff

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS...........................................................................................................2

TABLE OF AUTHORITIES ....................................................................................................3

INTRODUCTION ....................................................................................................................4

STATEMENT OF THE CASE.................................................................................................5

     Procedural History ...........................................................................................................5

     Statement of the Facts .....................................................................................................6

ARGUMENT AND AUTHORITIES.......................................................................................8

1.  Because an appeal is pending, this Court does not currently have jurisdiction to grant a Rule 60(b) motion for relief from the judgment, but does have jurisdiction to deny the Motion......8

2.  Defendant is not entitled to relief from the judgment under Rule 60(b)(4) because the judgment is not void.............................................................................................................9

        a.  Jury Trial......................................................................................................10

        b.  Defendant Shokrian's Failure to Appear at Trial...........................................11

        c.  The Right to be Heard....................................................................................12

        d.  The Fifth Circuit's Combined Circumstances Test ........................................13

3.  Defendants are not entitled to relief from the Merits Judgment because Defendants' conduct was willful...........................................................................................................................16

4.  There are no extraordinary circumstances that justify relief from the judgment under Rule 60(b)(6) ...........................................................................................................................18

CONCLUSION.......................................................................................................................20

CERTIFICATE OF SERVICE ...............................................................................................20

## TABLE OF AUTHORITIES

**PAGE(S)**

**SUPREME COURT**

*Rowland v. California Men's Colony*, 506 U.S. 194 (1993)......................................................9, 15

**FEDERAL COURT OF APPEALS**

*Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949) ......................................................................10, 14

*Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112 (5th Cir. 1987).....................................11

*Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1949) ................................................14, 15

*Flaska v. Little River Marine Const. Co.*, 389 F.2d 885 (5th Cir. 1968)..........................................9

*In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)......................................................................17

*Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976) ...................................................8

*New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996)...............................................12, 13

*Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404 (5th Cir. 1994) .............................8

**STATUTES**

Fed. R. Civ. P. 16(f)(1) ...................................................................................................................10

Fed. R. Civ. P. 38............................................................................................................................19

Fed. R. Civ. P. 55..............................................................................................................................9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under 29 U.S.C. 216(b), | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Cause No. 3:12-cv-00094-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN *also known as* ELIAS SHAKRIAN, | § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND REQUEST FOR EXPEDITED INDICATIVE RULING PURSUANT TO RULE 62.1**

Plaintiff Pedro Garcia Arriaga ("Plaintiff" or "Mr. Arriaga") files this Response to Defendants Jess Enterprises, LLC, SEJ Properties, L.P., Califco, LLC (collectively "Corporate Defendants") and Elias Shokrian ("Defendant Shokrian") (together collectively "Defendants") Motion for Relief From Judgment Pursuant to Rule 60(b) and Request for Expedited Indicative Ruling Pursuant to Rule 62.1 ("Motion"). The Plaintiff requests that the Motion be denied and, in support, shows as follows:

## A.   INTRODUCTION

On August 19, 2013, judgment was entered in favor of Mr. Arriaga in the underlying action ("Merits Judgment").  Defendants have filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) alleging that:

1) the Merits Judgment entered against the Defendants is void;

2) the Merits Judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect; or

3) extraordinary circumstances exist that require Defendants be relieved from the Merits Judgment.

The present motion was filed after Defendants submitted their appellate brief in the related appeal and after Mr. Arriaga submitted his motion to dismiss the appeal for lack of jurisdiction due to the significant delay between the District Court entering the Merits Judgment in this case and the filing of Defendants' Notice of Appeal.  While Defendants do their best to argue for relief from this Court as well, their arguments simply do not align with the facts of this case as established in the record.  For the reasons set out below, Defendants' Motion for Relief From Judgment must be denied.

## B.  STATEMENT OF THE CASE

### PROCEDURAL HISTORY

On January 11, 2012 Plaintiff filed his Complaint alleging violations of the Fair Labor Standards Act ("FLSA") under 29 U.S.C. 201-2016.  (**D.E.** 1).  The Court rendered judgment in favor of Plaintiff, and the clerk entered the Merits Judgment on August 19, 2013.  (**D.E.** 48)

A pretrial conference was held on August 14, 2013.  At that pretrial conference, Defendant Shokrian was given leave to be absent on the first day of trial, on the assumption that the trial would commence without him.  (**D.E.** 57 at p. 21).

Through Defendant Shokrian, all four Defendants terminated their counsel the evening before trial was to begin.  (**D.E.** 57 at p. 3).  Defendants' former counsel appeared the morning of trial to inform the District Court of this development.  (**D.E.** 57 at p. 3).  Defendants were

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND REQUEST FOR EXPEDITED INDICATIVE RULING PURSUANT TO RULE 62.1**

**PAGE 5 OF 20**

informed by communication with their chosen representative of the potential consequences of the termination of their counsel. (**D.E.** 57 at p. 11). After that discussion, the District Court denied a continuance. (**D.E.** 57 at p. 20). Default judgments were entered against Corporate Defendants at that time. (**D.E.** 57 at p. 20). Mr. Arriaga proceeded to waive his right to a jury trial under these unique circumstances. (**D.E.** 57 at p. 22). Defendants never requested a jury trial in their Answer to the Complaint. (**D.E.** 6). A bench trial was conducted as to both liability and damages concerning Defendant Shokrian and damages only concerning Corporate Defendants and judgment was entered in favor of Mr. Arriaga at the conclusion of that trial in the amount of $29,000.62. (**D.E.** 57 at pp. 63-64). A record of that judgment was entered by the trial judge on August 19, 2013. (**D.E.** 48). The trial court filed a Memorandum Opinion and Order awarding attorney's fees to Mr. Arriaga in the amount of $85,245.00 on November 5, 2013. (**D.E.** 52). Defendants filed no further motions, responses, or notices until they filed their Notice of Appeal on December 4, 2013. *See generally* (**D.E.** 54 – **D.E. 62**). (lack of activity on part of Defendants until Notice of Appeal).

## STATEMENT OF FACTS

Mr. Arriaga was employed by Defendants as a property maintenance man from about June 15, 2005 through about January 7, 2012. (**D.E.** 1 at p. 3). During that time, Mr. Arriaga worked an average of sixty-two hours per week, but was never paid the extra half-time rate for weekly hours worked over forty as required by the FLSA. (**D.E.** 1 at p. 4).

Defendant Shokrian was given permission to be absent from the first day of trial on the assumption by the District Court that trial would be able to begin without him. (**D.E. 57** at p. 21). Defendant Shokrian in fact did not appear on the first day of trial, and informed the court,

through his counsel on the morning of August 19, that it was doubtful that he could come on the second scheduled day of trial.  (**D.E.** 57 at p. 8).

Additionally, Defendant Shokrian arbitrarily terminated the attorney who was to represent him and the Corporate Defendants at trial the night before the proceedings were to begin.  (**D.E.** 57 at p. 3).  Defendant Shokrian made one additional request of the terminated attorney; he asked that attorney to request a continuance from the court the morning of trial to allow both himself and the Corporate Defendants to retain new counsel.  (**D.E.** 57 at p. 8).  The court responded to the request for continuance as follows:

> Mr. Carse, I'm going to deny any continuance, and so if that information helps you in talking with Mr. Shokrian, then you certainly may share that.  And I want to put this on the record, so that this – the record will be complete
>
> …
>
> The court has not been given any cause for continuing the case other than the termination of counsel and has no basis for concluding that the termination of counsel has any valid reason, other than the whim or caprice of the client, and a defendant – no matter can avoid a day in court simply by terminating its counsel at the last minute.[1]

Shortly thereafter, the Defendants' trial attorney explained the consequences of his termination and the denial of the continuance to the representative of the Corporate Defendants who was present in Court on August 19.  (**D.E.** 57 at p. 11).  That representative then communicated the information to Defendant Shokrian.  (**D.E.** 57 at p. 14).  After his communication with Defendant Shokrian, the corporate representative told the court, in two separate instances, that he had informed Defendant Shokrian of the  consequences of the denial of the continuance.  (**D.E.** 57 at pp. 12 and 14).  Mr. Arriaga proceeded to waive his right to a jury trial in open court.  (**D.E.** 57 at p. 22).  Given Mr. Arriaga's waiver and having found that

---

1) **D.E.** 57 at p. 22.

Defendant Shokrian waived any right he might have asserted to a jury trial by failing to appear[2] and the failure of any of the Defendants to appear for trial, the court entered a default judgment against Corporate Defendants and proceeded with a bench trial against Defendant Shokrian. (**D.E.** 57 at p. 22).

### C.  ARGUMENT

1. **Because an appeal is pending, this Court does not currently have jurisdiction to grant a Rule 60(b) motion for relief from the judgment, but does have jurisdiction to deny the Motion.**

    Precedent in the Fifth Circuit is clear regarding the lack of power of a trial court to grant a 60(b) motion filed after a notice of appeal without leave of the appellate court.  In *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, the court explained, "Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1407 fn 3 (5th Cir. 1994) (internal citations omitted).

    However, this Court does retain the power to deny the Motion without any action by the appellate court.  In *Lairsey v. Advance Abrasives Co.*, the court stated succinctly, "But this circuit, along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal." *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) (citing *Ferrel v. Trailmobile, Inc.*, 223 F.2d 697 (C.A.5, 1955)).  As such, this court lacks jurisdiction to grant the Motion without a

---

2) Defendants did not request a jury trial in their Answer to the Complaint. (**D.E.** 6)

remand from the Court of Appeals, but may deny the motion in furtherance of the appeal without leave of the Court of Appeals.

2. **Defendant is not entitled to relief from the judgment under Rule 60(b)(4) because the judgment is not void.**

Defendants make a number of arguments concerning alleged due process violations that would render the judgment void.  Their first argument is that no grounds for entry of default judgment against the Corporate Defendants exists in Fifth Circuit law.  This is simply not true.  Defendants' arguments are related to the entry of default judgment authorized by Federal Rule of Civil Procedure 55 ("Rule 55").  Rule 55 sets out the procedures to be used when entering a default judgment *requested by a party* for failure of the opposition to plead or otherwise defend.  Fed. R. Civ. P. 55 (a).  Whether entered by the clerk or the court, a Rule 55 default judgment must be requested by a plaintiff with an affidavit or through application to the court for a hearing on the motion.  Fed. R. Civ. P. 55 (b)(1) – (b)(2).

Mr. Arriaga made no request for a default judgment against the Corporate Defendants in this litigation.[3]  The District Court entered that judgment on its own accord when the Corporate Defendants failed to appear through counsel at trial.  It is well-settled law that under 28 U.S.C. § 1654 only natural persons may appear pro se in federal courts.  *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).  It is also well established that the District Court has the power to enter a default judgment against a defendant who fails to comply with its orders.  *Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968).

---

3) It is Plaintiff's position that the District Court entered judgment based on uncontroverted evidence presented at trial on 08/19/13 through the Plaintiff and two witnesses—both of whom worked for the Defendants in managerial positions up to and including the day of trial.

Additionally, trial courts are expressly authorized to enter sanctions against parties that fail to comply with their scheduling orders, including the setting of a date for trial. Fed. R. Civ. P. 16(f)(1)(C). Those sanctions include entering a default judgment against the offending party. Fed. R. Civ. P. 16(f)(1) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(vi)). For these reasons, it is clear that, contrary to Defendants' assertions, both Fifth Circuit precedent and statutory authorization exist to authorize entering a default judgment against the Corporate Defendants in this case for failing to appear through counsel on the scheduled day of trial and failing to comply with the Court's orders. While default judgments should not be entered lightly, this is a case where the use of a default judgment was proper. The Defendants arbitrarily, intentionally, and knowingly terminated their legal representation on the eve of trial in the hope to postpone the proceedings. Stripping the District Court of the power to enter default judgments as Defendants suggest would leave the District Court hamstrung and unable to exert authority over the proceedings before it.

### a. Jury Trial

Next, Defendants argue that they were denied their demanded jury trial. However, Defendants never demanded a jury trial in their Answer to the Complaint, or at any other time during the pre-trial proceedings. (*See* **D.E.** 6). Defendants' sole basis that they demanded a jury trial is their unsupported contention that they were unequivocally "entitled to depend on the jury trial demand [made by Mr. Arriaga]." In fact, Defendants' own Motion includes the following: "Rule of Civil Procedure 38 requires that the right [to a jury trial] be asserted by a demand for it." (**D.E.** 97 at p. 11 (quoting *Bass v. Hoagland*, 172 F.2d 205, 206 (5th Cir. 1949))).

Particularly informative on the issue of jury trial waiver in this case is *Casperone v. Landmark Oil & Gas Corp.* In *Casperone*, the appellant failed to appear at a pretrial conference where the other parties involved consented to a nonjury trial. *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987). Additionally, the appellant failed to make any objections during the course of the bench trial as to the absence of a jury. *Id.* The appellant did make a post-trial motion for a new trial before a jury, but it was denied by the trial court. *Id.*

On appeal, the court held that because the appellant had not raised the issue until after the trial, the trial court had not abused its discretion in holding that the appellant had waived his right to a jury trial. *Id*. Additionally, the court noted specifically that "Under certain circumstances, failure to appear at trial may constitute a waiver of the right to a jury trial." *Id.* The current case is similar to the facts in *Casperone*; here, the Defendants' only claim to a jury trial "demand" is that Mr. Arriaga demanded a jury. Defendants never demanded a jury trial in their Answer to the Complaint, Defendants failed to appear-- not at a pre-trial conference-- but at the trial itself, and the only party that appeared, Mr. Arriaga, consented to a nonjury trial. Additionally, Defendants' former counsel was present at the beginning of the proceedings and a corporate representative for the Corporate Defendants, who is also an employee of Defendant Shokrian, was present throughout the entire trial and raised no objections whatsoever to the bench trial. These facts, compared to the situation in *Casperone*, strongly support a finding that the District Court did not err in conducting a bench trial.

### b.  Defendant Shokrian's Failure to Appear at Trial

Defendants next assert that the District Court improperly used Defendant Shokrian's absence from trial against him.  Defendants note that the District Court had excused Defendant Shokrian from the first day of trial but do not go into any detail concerning the parameters of that excusal.  An examination of the record regarding Defendant Shokrian's absence is informative.  According to the District Court,

> "[a]lthough he was excused from the trial today, this was on the assumption that the trial would commence today without him.  He cannot effectively delay the trial for his own purposes by terminating the attorney for all defendants and relying on being excused for trial today." [4]

Defendant Shokrian was aware that his absence was excused only on the condition that trial could go forward as scheduled because he would have legal counsel there to represent both himself and the Corporate Defendants.  Defendant Shokrian knowingly terminated that legal representation on the eve of trial and did not inform the District Court as such until thirty minutes before the trial was set to begin.  Parties to litigation cannot be allowed to engage in such maneuvers in an attempt to circumvent the orderly administration of justice.

### c.  The Right to be Heard

Citing *New York Life Ins. Co. v. Brown*, Defendants next argue that they were denied their right to be heard.  (**D.E.** 91 at p. 12).  In support of this assertion, Defendants again briefly reference the default judgment and bench trial issues discussed above.  Briefly, *New York Life Insurance* concerned entry of default judgment against a defendant for failure to appear or defend after motion for summary judgment by the plaintiff.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141-143 (5th Cir. 1996).  Importantly, the alleged failure to defend occurred after the court attempted to serve the defendant with notice of an impending summary judgment at an address that the court knew or should have known was not the

---

4) **D.E.** 57 at p. 21.

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) AND REQUEST FOR EXPEDITED INDICATIVE RULING PURSUANT TO RULE 62.1**

**PAGE 12 OF 20**

defendant's current address.  *Id.* at 142.  There, it was found that default was not proper because the court's own error prevented the defendant from ever offering a response because the defendant never received notice of the impending summary judgment.  *Id.* at 143.

The current case is easily distinguished.  The only thing that prevented the Defendants from presenting their defense and being heard were the Defendants' own actions. Defendants knew of the trial date, Defendants arbitrarily terminated their own counsel, leaving them without legal representation, the night before trial, and failed to notify the District Court of this until thirty minutes before the trial was set to begin.  Defendants cannot be allowed to blame the District Court for the consequences of their own willful and knowing actions.

Defendants also briefly discuss the public interest in jury trials.[5]  Mr. Arriaga's arguments concerning the Defendants' waiver of a jury trial are discussed *supra*. Furthermore, the public interest in jury trials is not implicated in this case as the District Court properly found a waiver by all parties only under the very particular facts of this case. If anything, the public interest in the orderly administration of justice is furthered by holding Defendants responsible for their attempt to delay the proceedings for their own ends at the expense of the Court, Mr. Arriaga, and the potential jurors who took the time from their schedules to prepare to do their civic duty.

### d.  The Fifth Circuit's Combined Circumstances Test

Finally, Defendants argue that the circumstances in this case amount to due process violations in excess of the violations that the Fifth Circuit found in *Bass v. Hoagland*.  *Bass*

---

5) Defendants seem to have confused the parties in their brief on this point, and while Mr. Arriaga understands this was undeniably a simple typo, he would like to clarify for the record that he does not contend that he was denied his right to a jury trial. *See* **D.E.** 97 at p. 20.

is the leading case in the Fifth Circuit setting out the circumstances in which a party may make a collateral attack on a default judgment for procedural errors. *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1949). However, *Bass* is "a rare exception to the normal rules of collateral attack." *Id.* at 1029. In short, the combined circumstances of the very particular facts in *Bass* led to the holding in that case. *Id.* at 1027. A summary of those facts is as follows:

1) A citizen of Texas was sued in Kansas for damages resulting from an automobile accident; 2) The defendant appeared by counsel and filed an answer to the merits; 3) Plaintiff filed a demand for jury trial and defendant did not consent to its withdrawal; 4) Defendant's counsel withdrew, but defendant was never notified of this; 5) At trial, only plaintiff's counsel appeared. Defendant, defendant's counsel, and plaintiff were all absent; 6) The trial judge entered default judgment against defendant for the exact amount sued for without hearing any evidence at all; 7) The judgment was filed on April 5, 1944; three months after it was purportedly entered; 8) Defendant did not receive notice of the fact that there had been a trial or a judgment entered against him until November 19, 1946, more than two and a half years later. *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949). Given the confluence of all the above factors, the court in *Bass* held that the standards of due process had not been met. *Id.* at 210-211.

The facts in the current case simply do not come close to supporting the same conclusion reached in *Bass*. In the present case, all parties are from or regularly conduct business in Dallas County, Texas. (**D.E.** 1). Defendants never requested a jury trial in their answer to the complaint. (**D.E.** 6). Defendants knowingly terminated their own counsel on the eve of trial and first notified the court of this approximately thirty minutes before the trial was set to

commence.  (**D.E.** 57 at p. 3).  A corporate representative for the Corporate Defendants appeared at trial, and Defendant Shokrian was in contact with the corporate representative and his former counsel and was made aware of the consequences of having terminated counsel.  (**D.E.** 57 at pp. 3-12).  Mr. Arriaga was present at trial and made an informed waiver of his requested trial by jury on the record in open court.  (**D.E.** 57 at p. 22).  Evidence was heard at trial regarding liability and damages.  (**D.E.** 57 at pp. 20-65).  Judgment on the merits was promptly entered and filed on August 19, 2013, the same day as the trial.  (**D.E.** 48).

Additionally, it is important to note that the defendant in *Bass* was a natural person, whereas the default judgment in this case was entered against corporations.  This distinction is important as it is well-settled law that under 28 U.S.C. §1654, only natural persons may appear pro se in federal courts.  *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

The requirements for due process in a civil case are stated succinctly in *Fehlhaber*.  There, the court stated,

> "Thus, ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack."[6]

The appellant in *Fehlhaber* had been declared in default in California for failing to file an answer to a complaint concerning spousal support, legal separation, attorney's fees and a determination of marital property rights and was ultimately found liable for over $12.6 million.  *Id.* at 1019.  The appellant had previously made a special appearance in California court to contest personal jurisdiction and was aware of the proceedings.  *Id.*  The appellant raised issues regarding the default procedures and his due process rights as well as a number

---

6) *Fehlhaber*, 681 F.2d at 1027.

of other issues including the full faith and credit clause and divorce proceedings in different states that are separate from the due process issues before this Court today.[7]  In regards to the appellant's due process arguments, the court made the following findings: 1) the appellant had been properly found in default; 2) the appellant had been properly notified of the default; 3) appellant had been served with notice of the judgment and could have appealed it or moved to set it aside in a post-trial motion.  *Id.* at 1028.  Following the discussion of those factors, the court found that *Bass* did not apply to the facts in *Fehlhaber* and that the appellant's due process rights were not violated.  *Id.* at 1029.

The present case bears a much greater resemblance to *Fehlhaber* than *Bass*.  Defendants here were aware of the proceedings against them, had participated in the litigation until the day of trial, arbitrarily terminated their own counsel to leave them without representation on the day of trial, were informed of the potential consequences of doing so, and made no post-trial motions attacking the Merits Judgment despite being noticed of said Judgment until the present Motion for Relief.  Defendants cannot be allowed to claim that their due process rights were violated when a court, acting within its statutory and inherent powers, makes the defendants accountable for their willful and informed actions.

3.   **Defendants are not entitled to relief from the Merits Judgment because Defendants' conduct was willful.**

Defendants then seek to invoke Federal Rule of Civil Procedure 60(b)(1) ("Rule 60(b)(1)") and ask this Court to set aside the Merits Judgment because of mistake, inadvertence, surprise, or excusable neglect.  Defendant correctly states that three factors generally guide a court's decision on a Rule 60(b)(1) motion; 1) extent of prejudice to the

---

[7] ) For a full discussion of the other various issues brought for appeal in *Fehlhaber*, s*ee id* at 1019.

opposing party; 2) merits of defendant's asserted defense; and 3) culpability of defendant's conduct. *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).  A finding against the moving party under *any one* of those three factors is proper grounds for denying the Rule 60(b)(1) motion. *Id.*at 183-184 (emphasis added).  In *Dierschke*, the defendant was served with a complaint and summons and chose not to file any responsive pleadings. *Id.* at 183.  The plaintiff eventually moved for entry of default and at that point the defendant filed a number of motions, including a Rule 60(b)(1) motion to set aside the default. *Id.*  The trial court denied the motion. *Id.* Of particular note was the trial court's finding in *Dierschke* that the defendant's conduct was willful because the defendant was "playing games with the court." *Id.*  The defendant claimed he was involved in another suit and did not realize that he had been served, but the trial court found that the defendant "chose to make a decision that he hadn't been served when, in fact, he had." *Id.* at 184.  Despite the appellate court noting earlier in its opinion that the courts "universally prefer trial on the merits," the denial of the motion was affirmed on appeal. *Id.* at 184-185.

The current litigation is analogous to *Dierschke*.  Here, Defendant Shokrian was aware that the trial was scheduled for August 19 and that he was given leave to be absent from trial for one day on the condition that legal counsel would be present to represent him and the Corporate Defendants.  Defendant Shokrian wilfully and arbitrarily terminated the Defendants' legal counsel the night before trial and informed the District Court of this through his recently terminated counsel thirty minutes before trial was to begin with the hope of being granted a continuance.  No explanation was offered for the termination of Defendants' legal counsel at the time of trial.  The trial court explained that it would not allow Defendant Shokrian to delay the trial for his own purposes and properly denied the,

quite literally, last minute motion for continuance. The facts on the record require a finding that Defendants' conduct leading to the entry of the Merits Judgment against them was willful and therefore the Rule 60(b)(1) motion to vacate the judgment must be denied.

4. **There are no extraordinary circumstances that justify relief from the judgment under Rule 60(b)(6).**

Defendants have compiled a lengthy list of circumstances that they purport to be "extraordinary circumstances to justify relief from judgment." (**D.E.** 97 at pp. 21-22). For the first time, Defendant Shokrian now contends that he did not know the trial was set to begin on August 19. *Id.* Defendant Shokrian now, for the first time, contends that he did not terminate legal counsel for the Defendants on the night before trial. *Id.* Defendant Shokrian also contends that he believed a last minute motion for continuance, entered verbally thirty minutes before trial was to begin, would be granted. *Id.* Defendants contend that it was a mistake to enter default judgment against Corporate Defendants attempting to appear *pro se* at trial. *Id.* Defendant Shokrian also contends that the District Court acted in direct contravention of Fifth Circuit precedent when it conducted a bench trial after finding that any requested jury trial had been waived. *Id.*

First, as to the issue of the bench trial, Fifth Circuit precedent supports the District Court's finding that Defendants had waived their right to a jury trial. *See supra*, discussion of *Casperone*. Defendant Shokrian also contends that the bench trial was a result of a mistake by Mr. Arriaga's attorney and references page 16 of Exhibit A to his Motion to support that contention. While Plaintiff's copy of said exhibit contains only 9 pages, none of which are marked as "page 16," Plaintiff believes that Defendant meant to reference page 16 of the trial transcript. At page 16 of the trial transcript, Plaintiff's counsel informed the

District Court that he believed Mr. Arriaga would be willing to waive his properly requested right to a jury trial given the very unusual circumstances brought about by the actions of the Defendants in this case. (**D.E.** 57 at p. 16.). Mr. Arriaga later waived his properly requested right to a jury trial in open court. (**D.E.** 57 at p. 22). Mr. Arriaga disagrees that his informed waiver of his own requested jury trial could be classified as a mistake. Additionally, Defendants never asserted their right to a jury trial in their Answer or any other document as required by Federal Rule of Civil Procedure 38. (**D.E.** 6); Fed. R. Civ. P. 38.

As to Defendant Shokrian's assertion that he did not know the trial was to begin August 19, this directly contradicts the record as it was developed at trial. First, Defendant Shokrian's legal counsel participated in the pretrial conference the week prior to trial. (**D.E.** 57 at p. 8). Defendant Shokrian was also in communication with the Corporate Representative of the Corporate Defendants, one of his own employees, on the day of trial. (**D.E. 57** at p. 12). Defendant Shokrian's assertion that he believed trial would begin August 20 if a continuance was not granted is also without merit as it became clear on the day of trial that Defendant Shokrian had no intent to be present in court on August 20 either. *Id.* at 8 ("And on that note, Mr. Shokrian also advised me that not only is he in mediation all day today, he is in the 168th Judicial District Court of Dallas County on Tuesday morning …").

Defendant Shokrian's assertion that he did not terminate the Defendants' legal counsel is also squarely at odds with the facts established at trial. Both the terminated counsel and the Corporate Representative present at the trial stated to the District Court that Defendant Shokrian had terminated Defendants' counsel the night before trial. *Id.* at 3, 13. As to Defendant Shokrian's belief that a motion for continuance would be granted, that simply was not a mistake. Defendant Shokrian chose to believe a motion for continuance would be

granted just as the defendant in *Dierschke* chose to believe that he had not been properly served. Wishful thinking is simply not the kind of mistake contemplated by Rule 60(b)(6).

### Conclusion

For all the above stated reasons, including that the Merits Judgment is not void, Defendant's conduct was willful, and no extraordinary circumstances exist to support granting relief from the judgment, Plaintiff respectfully asks the Court to deny Defendants' Motion for Relief from Judgment.

Respectfully submitted,

By: /s/ Robert L. Manteuffel
Robert L. Manteuffel
Email: rlmanteuffel@sbcglobal.net
State Bar No. 12957529
J.H. Zidell
Texas Bar No. 24071840
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 2nd day of June, 2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel