# Plaintiff's Notice of Filing Opinion and Mandate Issued by Fifth Circuit Court of Appeals

# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

No. 13-11327

PEDRO GARCIA ARRIAGA, and all Others Similarly Situated Under 29 U.S.C. 216(B),

        Plaintiff - Appellee

v.

JESS ENTERPRISES, L.L.C.; SEJ PROPERTIES, L.P.; CALIFCO, L.L.C.; ELIAS SHOKRIAN, also known as Elias Shakrian,

        Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-00094-D-BK

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:*

    Defendants - Appellants, Jess Enterprises, L.L.C., SEJ Properties, L.P., Califco, L.L.C., and Elias Shokrian (collectively "Defendants"), appeal the district court's judgment in favor of Plaintiff, Pedro Arriaga ("Arriaga"), awarding him damages and attorney's fees for violations of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Arriaga argues that

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11327

the appeal was not timely filed and we have no jurisdiction. We agree and dismiss the appeal.

I.

Arriaga filed this suit against Defendants to recover unpaid overtime wages together with penalties for a willful violation, liquidated damages, and attorney's fees. On the morning of trial, defense counsel notified the court that the defendants had terminated his services. Counsel then requested a continuance on behalf of Defendants so that Defendants could seek new representation. The district court denied the continuance on the grounds that it appeared that Defendants improperly terminated counsel to delay the trial. The district court then entered a default judgment against each corporate defendant because corporate defendants cannot proceed pro se. Shokrian—the only natural person defendant—did not appear for trial. Finding no good cause for delay, the district court allowed the plaintiff, Arriaga, to waive a jury trial and conduct an unopposed bench trial on the merits. At the conclusion of the bench trial, the court made oral findings on the record.[1]

That same day, August 19, 2013, the district court entered a judgment finding the defendants jointly and severally liable for damages and liquidated

---

[1] The court stated, in pertinent part:

The court finds based upon the presentation of the evidence that the plaintiff has established his claim for unpaid overtime . . . compensation against each of the four defendants. that he has established the individual liability of Mr. Elias Shokrian, that the remaining three defendants have defaulted to liability, but moreover, the plaintiff has shown their liability by his evidence, including the exhibits that were admitted.

The plaintiff has also established a willful violation, therefore, the period of time goes back three years prior to the filing of suit. He's established that the unpaid overtime equals $14,500.31. . . .[T]he court concludes that he is also entitled to recover liquidated damages in light of the evidence and therefore awards an additional sum of $14,500.31.

The court will enter a judgment for joint and several liability against the four defendants for $29,000.62.

2

No. 13-11327

damages in the amount of $29,000.62. The court also ruled that "Plaintiff shall . . . recover attorney's fees and expenses in the sum that the court awards by separate ruling on timely application made . . . after the date of this judgment." On November 5, 2013, the district court entered its findings of fact and conclusions of law and included an award for attorney's fees in the amount of $85,245.00. On December 4, 2013, approximately 107 days after the August 19th judgment was entered, Defendants filed a notice of appeal. In that notice, Defendants challenged "the Judgment and Memorandum Opinion and Order for Attorney's Fees, entered . . . on the 5th day of November 2013." Arriaga has filed a motion to dismiss this appeal as untimely.

## II.

Before reaching the substance of an appeal, we must be certain that we have appellate jurisdiction.[2] According to 28 U.S.C. § 1291, we have appellate jurisdiction over "final decisions" of the district courts. The Supreme Court has held that a final decision under § 1291 is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[3] A timely notice of appeal is also a jurisdictional requirement in a civil case.[4] Federal Rule of Appellate Procedure 4(a)(1)(A) requires the notice of appeal "be filed with the district court clerk within 30 days after entry of the judgment or order appealed from."[5]

Arriaga argues that the district court's judgment became a final and appealable judgment under § 1291 when it was entered on August 19, 2013.

---

[2] *Stewart v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981).

[3] *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 867 (1994) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)) (internal quotation marks omitted).

[4] *Bowles v. Russell*, 551 U.S. 205, 213-214 (2007).

[5] There are three recognized exceptions to the thirty-day rule. None of those exceptions are applicable to this appeal.

3

No. 13-11327

Defendants argue that the judgment did not become final under § 1291 until the district court formally entered its findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a).[6] According to Defendants, the notice of appeal, filed 29 days after the court entered its findings, is timely.

The time to file a notice of appeal begins to run from "entry of the judgment or order appealed from."[7] We therefore look to the judgment entered to determine when the clock begins to run for filing a notice of appeal. Because the record is clear that the district court entered a judgment on the merits on August 19, 2013, the time to file a notice of appeal on the merits issues began to run on that date.[8] The subsequent findings of fact and conclusions of law does not toll the period for filing a notice of appeal on the merits.[9] The court did not determine the amount of attorney's fees the defendants were cast for until it issued its findings and memorandum opinion on November 5, 2013. Thus, the appeal as to the award of attorney's fees is timely.

Because the notice of appeal was filed more than 30 days after the court's final judgment was entered on the merits, we lack jurisdiction to hear this appeal on the merits issues. The motion to dismiss the appeal for lack of jurisdiction to that extent is GRANTED.

Because the district court entered the amount of attorney's fees on November 5, 2013, Defendants' timely filed the notice of appeal from the award

---

[6] Fed. R. Civ. P. 52(a) states, in pertinent part, "In an action tried on the facts without a jury . . ., the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court."

[7] Fed. R. App. P. 4(a)(1)(A).

[8] The fact that the attorney's fees issue has not been completely resolved does not prevent the judgment from being a final judgment. *Ray Haluch Gravel Co. v. Cent. Pension Fund*, 134 S. Ct. 773, 782 (2014).

[9] *Billings v. Sabine River & N. R. Co.*, 409 F.2d 988 (5th Cir. 1969) (per curiam).

4

## No. 13-11327

of attorney's fees. Defendants, however, have failed to brief the issue. "Failure to prosecute an issue on appeal constitutes waiver of the issue."[10] We, therefore, dismiss Defendants' appeal of the order for attorney's fees for failure to prosecute.

Appeal DISMISSED.

---

[10] *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

5