IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and<br>all others similarly situated<br>under 29 U.S.C. 216(b),<br><br>    *Plaintiff,*<br><br>v.<br><br>JESS ENTERPRISES, LLC,<br>SEJ PROPERTIES, L.P.,<br>CALIFCO, LLC and ELIAS SHOKRIAN<br>*also known as*<br>ELIAS SHAKRIAN,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 3:12-cv-00094-BK |

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES PURSUANT TO 29 U.S.C. § 216(b)**

COMES NOW, Plaintiff Pedro Garcia Arriaga ("Plaintiff"), through undersigned counsel, and files this Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b), and would respectfully show as follows:

**INTRODUCTION**

1. This is an action for unpaid wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. Following a bench trial, the Court awarded Plaintiff judgment against all defendants, jointly and severally, in the principal sum of $14,500.31 and liquidated damages in an equal amount as well as post-judgment interest. (**DE 48**).

3. On November 5, 2013, the Court awarded Plaintiff attorney's fees in the amount of $85,245.00. (**DE 52**).

4. Defendants Jess Enterprises, LLC, SEJ Properties L.P., Califco LLC, and Elias Shokrian (collectively, "Defendants") (together with Plaintiff, the "Parties") filed their Notice of Appeal on December 4, 2013. (**DE 62**).

5. After appeal was taken to the Fifth Circuit and the appellate case was fully briefed by the Parties, the Fifth Circuit entered an order dismissing the appeal for lack of jurisdiction on December 3, 2014, making Plaintiff the prevailing party on appeal. (**DE 104-1**); (**DE 104-2**).

6. Plaintiff has incurred additional attorney's fees since the Court initially awarded fees on November 5, 2013 related to collection of the judgment entered by the Court and the Defendants' appeal.

### BASIS OF THE AWARD

A prevailing Plaintiff is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 603 (2001). The Court has already found that the Plaintiff was the prevailing party in the underlying case. *See* MEMORANDUM OPINION AND ORDER, (**DE 52**). The Fifth Circuit granted Plaintiff's motion to dismiss Defendants' appeal for lack of jurisdiction, making Plaintiff the prevailing party on the appeal as well. *See* (**DE 104-1**); (**DE 104-2**). Pursuant to 29 U.S.C. § 216(b), having prevailed on his underlying FLSA claims and all issues raised in the resulting appeal, the Plaintiff is entitled to recover reasonable attorney fees and costs from the Defendants, as 29 U.S.C. § 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory.[1] The Fifth Circuit has previously found that a prevailing Plaintiff's attorney's fees included those fees necessarily incurred in the

---

1) "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

course of an appeal. *See* <u>Weisel v. Singapore Joint Venture, Inc.</u>, 602 F.2d 1185, 1190-91 n. 18 (5th Cir. 1979) (stating, "On remand, therefore, the Trial Court should determine whether liquidated damages are appropriate, and if so, how much. It should also award attorneys' fees in an amount deemed reasonable, *including those for this appeal*.") (emphasis added).

While both the Court of Appeals and this Court have the authority to award appellate attorney fees, the amount to be awarded "should normally be determined in the first instance by a trial court, subject of course to appellate review."[2] This is especially true in this case as this Court has already considered the issue of Plaintiff's attorney's fees once and found the rates charged by Plaintiff's attorneys to be reasonable and a portion of the fees requested are related to actions taken in the District Court after judgment was entered and before the appeal was filed.[3] Plaintiff was required to expend substantial effort to collect the final judgment entered in his favor after trial. In <u>DiFrancesco v. Home Furniture Liquidators, Inc.</u>, the United States District Court for the Southern District of Florida found that attorney's fees related to the collection of a final default judgment are available in FLSA cases. *See* <u>DiFrancesco v. Home Furniture Liquidators, Inc.</u>, No. 06-21709-CIV, 2009 WL 36550, *4-5 (S.D. Fla. Jan. 6, 2009).

The attorney's fees claimed by Plaintiff are detailed in the Ledger attached as **Exhibit A.** Plaintiff's only claim for additional costs incurred in this case are the costs for serving the Writ of Garnishment in this action, totaling $140.00 as stated on the Officer's Return for the writ of garnishment (**DE 70**). Plaintiff claims fees in this case totaling $70,265.00 and costs and expenses in the amount of $140.00.

---

2) <u>Stone v. City of Wichita Falls</u>, 668 F.2d 233 (5th Cir. 1982); *see also* <u>Perkins v. Standard Oil of Cal.</u>, 399 U.S. 222, 223 (1970).
3) *See* MEMORANDUM OPINION AND ORDER, (**DE 52**).

## ATTORNEY'S FEES

The attorney's fees sought in this case are based on 242.8 hours of work done by the

following attorneys and legal assistant:

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees |
|---|---|---|---|---|
| J.H. Zidell, Esq. | JZ | $350.00/hr. | 69.9 | **$24,465** |
| Robert Manteuffel, Esq. | RM | $350.00/hr. | 74.8 | **$26,180** |
| Niki Zhou, Esq. | CC[4] | $200.00/hr. | 2.6 | **$520** |
| Steven Levesque, Esq. | CC[4] | $200.00/hr. | 50.8 | **$10,160** |
| Joshua Petersen, Esq. | CC[4]  JAP | $200.00/hr.[5] | 44.7 | **$8,940** |

The Court's own expertise is utilized to establish a reasonable fee and cost award in this

case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The

determination of reasonable attorneys' fees is left to the sound discretion of the trial court. *See*

Weeks v. Southern Bell Telephone and Telegraph Co., 467 F.2d 95, 97 (5th Cir. 1972), and cases

cited therein. No expert opinion evidence is required on the issue. *See* Matter of First Colonial

Corp. of America, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar method" to

assess attorneys' fees in FLSA suits. Saizan v. Delta Concrete Prods., Co., 448 F.3d 795, 799

4) "CC" reflects work performed by Mr. Petersen for time entries dated on or after 5/1/2014. Where annotated with [NZ], other "CC" entries reflect work done by Niki Zhou, who was an attorney licensed in Texas, and new to the firm when her work done. Other "CC" entries in the ledger occurring in the time period between March of 2014 and April 30, 2014 refer to work done by Steven Levesque, who was also an attorney licensed in Texas and new to the firm at the time his work was done. The notation for Mr. Petersen's work changed to "JAP" in the ledger during the pendency of this litigation.
5) Mr. Petersen's hourly rate changed to $230 per hour late in this case as noted in the attached ledger, but all of Mr. Petersen's time is being billed at $200 per hour for the purposes of this motion.

(5th Cir.2006).[6] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. Id. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. Id.

The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors setting out the attorney's qualifications and skill. *See* Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court may also consider the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). *See* Hilton v. Exec. Self Storage Assoc., 2009 WL 1750121 at *8 (S.D. Texas 2009).[7]

After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. Hilton, 2009 WL 1750121 at *8.

The most important factor to consider is the degree of success obtained. Id. In this case, Plaintiff achieved nearly complete success in the underlying case and achieved a full dismissal of Defendants' appeal. *See* (**DE 52**) at p. 3; (**DE 104-2**). Further, even if the claimed fees are not proportional to the amount recovered for Plaintiff, the fee award need not be precisely proportionate to the result obtained. *See* Saizan, 448 F.3d at 802-03 & n.42. This argument should have no bearing on the fees awarded to Plaintiff for this case.[8]

---

6) In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987).

7) "The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at *8 n.5

8) *See* Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be

Moreover, while a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972).

As much of the additional costs incurred by Plaintiff in this matter are a direct result of defending against the appeal filed by Defendants', this is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D.Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).

The attorneys that performed work on this case are listed by initials on the fee ledger attached hereto at **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel. The hourly rates claimed for these attorneys are $350/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel. "CC" without further annotation and "JAP" refers to Joshua A. Petersen; the hourly rate claimed for him is $200.00/hr. "CC" further annotated with [NZ] refers to Niki Zhou, the hourly rate claimed for her is $200.00/hr. "CC" further annotated with [SL] refers to Steven Levesque, the hourly rate claimed for him is $200.00/hr.

The rates charged have been found to be reasonable in this district, and the rates charged for Mr. Zidell and Mr. Manteuffel were previously found reasonable by Judge Fitzwater in this

---

valued solely in monetary terms."'). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." Powell v. Carey Int'l., Inc., 547 F. Supp. 2d 1281, 1286 (S.D.Fla. 2008)

very case.[9]  Therefore, the total fee that J.H. Zidell P.C. requests, $70,265.00, is an amount buttressed by analysis of the <u>Johnson</u> factors, as follows:

**(1)**  Time and Labor Required: Significant additional time was required to fully brief the case on appeal on multiple issues.  As Defendants did not take any action to enter into an agreement to make payments on the underlying judgment, Plaintiff was also required to take action to collect the judgment.  Defendants ultimately placed a sum in trust pending the outcome of the appeal that was used to pay the underlying judgment after the Plaintiff successfully defended the appeal.

**(2)**  The novelty and difficulty of the questions: While the issue of overtime is not ordinarily a novel or complex issue, the issues raised by Defendants on appeal included Constitutional protections and in-depth procedural issues concerning the finality of judgments and when the time to file an appeal begins to run.

**(3)**  The skill required to perform the legal services properly: The litigation of this case required a high level of skill to prosecute this case properly, especially due to Defendants' appeal and the issues raised therein.

**(4)**  The preclusion of other employment by the attorney due to acceptance of the case: While taking on this case did not prohibit Plaintiff's Counsel from taking on other cases, it did prohibit Plaintiff's Counsel from working on other pending matters, as this case required a great concentration of time and effort to prevail on appeal.

**(5)**  Customary fee in the community: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

---

9)  *See* MEMORANDUM OPINION AND ORDER, (**DE 52**); PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 29 USC 216(B) (**DE 50**) and Exhibits A – N attached thereto.

**(6)**     The fee is fixed or contingent: The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiff's Counsel.

**(7)**     Time limitations imposed by the client or circumstances: While there were no time limitations imposed by the clients, the Court and the Fifth Circuit imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery, appellate briefing schedule etc.). Therefore, Plaintiff's Counsel were required to perform said work within the deadlines imposed by the Court and the Fifth Circuit.

**(8)**     The amount involved and the results obtained: Plaintiff recovered $14,500.31 and liquidated damages in an equal amount at trial. Ordinarily, the amount recovered has no bearing on the fees awarded to a plaintiff in a case of this type.[10] Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972).  In the present motion, the fees requested are entirely related to collecting the underlying judgment and defending against Defendants' appeal.  Plaintiff was entirely successful on both of these issues as Defendants' appeal was dismissed entirely and as result, Plaintiff was able to collect the full amount of his judgment against Defendants.  This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d

---

10) See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

947, 956 (E.D. Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).

**(9)**     The experience, reputation, and ability of the attorneys: J.H. Zidell was the lead attorney on the case and successfully tried the case before Judge Fitzwater. J.H. Zidell has been an attorney in the state of Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since 1999; in Texas (both State and N.D. Tex.) since 2010 and the 5th Circuit Court of Appeals since 2013.  He has tried many FLSA cases.  Robert L. Manteuffel has been licensed to practice in the State of Texas since November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013.  He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings and depositions. He successfully tried this case with Mr. Zidell.  Joshua A. Petersen has been licensed to practice in the State of Texas since May 3, 2013 and has been admitted in the Northern District of Texas since May 14, 2014.  He was primarily responsible for drafting the motions and briefs in the appellate case. Niki Zhou has been licensed in the State of Texas since May 3, 2013 and has been admitted to the Northern District since October 18, 2013.  Ms. Zhou was involved in early post-trial motion practice.  Steven Levesque has been licensed in the State of Texas since May 3, 2013 and has been admitted to the Northern District since April 7, 2014.  Mr. Levesque was involved in the post-judgment collection actions and early work on the appeal.  The rates charged by these professionals are fair and reasonable as set out above.

**(10)**     The "undesirability" of the case: This was an undesirable case as this was not a simple question of employee versus employer but involved numerous defendants, unusual

procedural developments, and a client who required translation. Further, Plaintiff cannot read or write English which made communication with counsel difficult and time intensive.

**(11)**   The nature and length of the professional relationship with the client: This was the only case that Plaintiff and counsel had together.

**(12)**   Awards in similar cases: As noted above, Plaintiff's counsel have been awarded similar rates in other cases and by Judge Fitzwater in this very case.

### COSTS

Costs are claimed herein pursuant to Rule 54(d) and 28 U.S.C. § 1920. The costs and expenses claimed include only the cost of serving the writ of garnishment in this matter; totaling $140.00 as stated on the Officer's Return for the writ of garnishment (**DE 70**).

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Hilton v. Exec. Self Storage Assoc. at *16.  There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. Id. citing Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir.2006). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award." Id. citing Quintanilla v. A & R Demolition Inc., No. H-04-1965, 2007 WL 5166849, at *9 (S.D. Tex. May 7, 2007). Costs such as court-reporter fees, copying fees, and docket fees, are similarly compensable under 28 U.S.C. § 1920.12 Id.  Consequently the costs Plaintiff claims are all compensable under Rule 54(d) and he should be awarded recovery of those costs. *See* Id.

The undersigned have reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

**PRAYER**

WHEREFORE, the Plaintiff respectfully requests that the Court award the fees and costs claimed herein under 29 U.S.C. § 216(b), 28 U.S.C. § 1920 and Rule 54(d) for the reasons stated above.

Respectfully submitted,

By:   /s/ Robert L. Manteuffel
      Robert L. Manteuffel
      Texas Bar No. 12957529
      E-mail: rlmanteuffel@sbcglobal.net

And

By:   _____
      J.H. Zidell
      Texas Bar No. 24071840
      Email: zabogado@aol.com

Attorneys For Plaintiffs

J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610

## VERIFICATION

On _Feb 4, 2015_ appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

_Rosa Owens_

NOTARY PUBLIC/STAMP



ROSA OWENS
Notary Public, State of Texas
My Commission Expires
December 09, 2018

On _2/3/15_ appeared J.H. Zidell who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

NOTARY PUBLIC/STAMP



Aleida Menir
COMMISSION # FF174224
EXPIRES: November 5, 2018
WWW.AARONNOTARY.COM

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by e-mail on February 3, 2015 with Mr. Myron E. Mims, counsel for the Defendants, regarding this Motion. As of the filing of this Motion, agreement has not been reached. Consequently, the Motion is presented to the Court for determination. Given the nature of the relief sought, it is presumed that Defendants oppose the Motion.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 4th day of February, 2015.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
COUNSEL FOR THE PLAINTIFF(S)