**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and all others similarly situated under U.S.C. 216(b), | § § § | |
| Plaintiff, | § § | |
| v. | § § | 3:12-cv-00094-D-BK |
| JESS ENTERPRISES, LLC, SEJ PROPERTIES, L.P., CALIFCO, LLC and ELIAS SHOKRIAN also known as ELIAS SHAKRIAN, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE AND OBJECTION**
**TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES**

COMES NOW, Defendants Jess Enterprises, LLC; SEJ Properties, L.P.; Califco, LLC, and Elias Shokrian (collectively, "Defendants"), filing their Response and Objection to Plaintiff's to Motion for Attorneys Fees pursuant to Fed. R. Civ. P. 54(d), for the following reasons:

**RELEVANT FACTS**

1.   Plaintiff seeks and award of post-judgment attorneys fees totaling $70, 265.00, for successfully procuring a dismissal of Defendants' appeal to the 5th Circuit Court of Appeals, who dismissed Defendants' appeal for lack of jurisdiction on the basis that it was not filed timely.

2.   Four (4) attorneys were tasks to handle the post judgment proceedings, generating fees totaling $70, 265 over a combined 242.8 hour billed.  See *Plaintiff's Supplemental Motion for Attorneys Fees*, Page 4. Sixty percent (60%) of the attorneys' fees request were for hours billed by the most senior members that Plaintiff's firm employed in this matter. *See* Exhibit A to Plaintiff's Motion.

3.   There is no time billed for paralegals, and there is no indication of any unbilled time. Id.

## BASIS FOR OBJECTIONS AND DOWNWARD LODESTAR ADJUSTMENT

4. Plaintiff bears the burden of establishing its entitlement to an attorney fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433. The first requirement for deciding the appropriate attorney fee award is to determine the "Lodestar Fee", which is calculated by multiplying the **reasonable** number of hours expended by the reasonable hourly rate in the subject community. *Rutherford v. Harris County, Tex., 197* F.3d 1228, 1249 (5th Cir. 1999) (emphasis added). Only compensable hours can be multiplied by the prevailing community rate in the Lodestar calculation. *Rutherford., 197* F.3d at 1232.

5. The Lodestar may be adjusted based on a list of twelve factors (the "Lodestar Factors"). *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The Lodestar Factors applicable to Defendants' First Objection to the number of hours and manner of Plaintiff's billing are set forth in Defendants I below. Set forth in II below is Defendants basis for a downward adjustment from Lodestar.

I. **Defendants First Objection is that Plaintiff billed for an unreasonable number of hours and attempting to collect fees that are excessive, redundant and unnecessary.**

(A) **Plaintiff exercised poor billing judgment by unnecessarily employing multiple counsel**.

6. Multiple attorneys are billing for the same or substantially similar tasks at a time when the other party is not represented by multiple attorneys. Exhibit A to Plaintiff's Supplemental Motion for Attorneys Fees is filled with correspondences between four lawyers regarding the same subject matter. In other words, time was taken to communicate the same thing to multiple attorneys. "Double dipping … cannot be condoned." *Barrow v. Greenville I.S.D.* 2005 WL 6789456, at 10, citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983).

**Defendants Response and Objection to Plaintiff's
Motion for Post-Judgment Attorneys Fees**

2

**(B)    Plaintiff's attorney fee request is for hours billed that were excessive, redundant and unnecessary**.

7.    Only hours reasonably expended can be included as compensable in an attorney fee award. *Barrow v. Greenville I.S.D.* 2005 WL 6789456, at 2; citing *Shipes v. Trinity Indus., 987 F.2d 311, 319 (5ᵗʰ Cir. 1993)*. Attorneys seeking court-awarded fees are expected to exercise voluntary "billing judgment," excluding from a fee request "hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933.

8.    Multiple attorneys have billed to review the same documents… on several occasions there have been multiple reviews of the same document/draft by multiple attorneys.

9.    Redundant billing is especially unnecessary when the amount in dispute is not extraordinary, as is the case in this litigation.

**(C)    Third basis for objection to hours billed is that Plaintiff's did not use good billing judgment, as many of the hours charged to Defendants could not be billed to Plaintiff's client**.

10.    An attorney's experience is not only relevant to the allowable hourly rate charged, but also helps the court establish the number of hours reasonable for him/her to expend on a given task. *Barrow,* 2005 WL 6789456 at 10, citing *Rainey v. Phila. Hous. Auth.,* 832 F.Supp. 127, 130 (E.D.Pa.1993). "A fee applicant cannot demand a high hourly-rate-which is based on his or her experience, reputation, and a presumed familiarity with the applicable law-and then run up an inordinate amount of time researching that same law. *Id*.

11.    The fact that the most senior attorneys are responsible for well appears to be well over sixty percent of the total bill is a failure to use good billing judgment where: (a) the amount in controversy is $14,000, and the award is $29,000; (b) the issues in dispute were statutory and rendered moot due on a procedural technicality; and/or (c) the adverse party is represented by a single attorney.

## II. Basis for Downward Lodestar Adjustment

12.   After calculating the Lodestar the court must determine if the attorney fee calculation should be adjusted upward or downward based on the "Johnson Factors". *Barrow,* 2005 WL 6789456 at 17, citing *Rutherford.*, F.3d at 192, and *Johnson.*, 488 F.2d at 714.

13.   Success is **not** the only "critical factor" to determine the reasonableness of a fee award. Indeed **the amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded."** *Barrow,* 2005 WL 6789456 at 18, citing *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, See Also *Green v. Adm'rs of the Tulane Educ. Fund,* 284 F.3d 642, at 663 (5th Cir. 2002).  **"**Proportionality is an appropriate consideration in the typical case". *Hernandez v.*  849 F2d at 144.

14.   In the case at bar Plaintiff was awarded $29,000.62, plus attorneys fees in the amount of $85,245.00 for services rendered through trial.  Plaintiff is are now seeking attorneys fees for post judgment services in excess of eighty percent (80%) of the fees they were awarded through trial, twice the amount of the judgment.

## PRAYER

Wherefore, premises considered, Plaintiff requests that the court modify the Lodestar Fee and apply a downward adjustment of at least fifty percent (50%) to the modified Lodestar Fee, and that all costs and fees be taxed against the party incurring same.

Respectfully submitted,

E-siged    *M.E. Mims*
Myron E. Mims,
State Bar No. 24008611
2633 McKinney Ave. #130-400
Dallas, Texas 75204
214.882.2740
myron@memimsesq.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing document was filed on all counsel and parties of record by electronic service in accordance with the local rules of the United States District Court for the Northern District of Texas, Dallas Division, on February 25, 2015.


E-siged     *M.E. Mims*