IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA ARRIAGA and | § | |
| all others similarly situated | § | |
| under 29 U.S.C. 216(b), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Cause No. 3:12-cv-00094-BK** |
| | § | |
| JESS ENTERPRISES, LLC, | § | |
| SEJ PROPERTIES, L.P., | § | |
| CALIFCO, LLC and ELIAS SHOKRIAN | § | |
| *also known as* | § | |
| ELIAS SHAKRIAN, | § | |
| | § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S REPLY REGARDING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES PURSUANT TO 29 U.S.C. § 216(b)**

---

COMES NOW, Plaintiff Pedro Garcia Arriaga ("Plaintiff"), by and through undersigned counsel, and files this Reply Regarding Plaintiff's Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b), and would respectfully show as follows:

**INTRODUCTION**

1. This is an action for unpaid wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. Following a bench trial, the Court awarded Plaintiff judgment against all defendants, jointly and severally, in the principal sum of $14,500.31 and liquidated damages in an equal amount as well as post-judgment interest. (**DE 48**).

3. On November 5, 2013, the Court awarded Plaintiff attorney's fees in the amount of $85,245.00. (**DE 52**).

4.  Defendants Jess Enterprises, LLC, SEJ Properties L.P., Califco LLC, and Elias Shokrian (collectively, "Defendants") (together with Plaintiff, the "Parties") filed their Notice of Appeal on December 4, 2013.  (**DE 62**).

5.  After appeal was taken to the Fifth Circuit and the appellate case was fully briefed by the Parties, the Fifth Circuit entered an order dismissing the appeal for lack of jurisdiction on December 3, 2014, making Plaintiff the prevailing party on appeal.  (**DE 104-1**); (**DE 104-2**).

6.  Plaintiff has incurred additional attorney's fees since the Court initially awarded fees on November 5, 2013 related to collection of the judgment entered by the Court and the Defendants' appeal.

7.  Currently before the Court are Plaintiff's Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b) (**DE 116**) (hereinafter the "Supplemental Fee Motion") and Defendants' Response and Objection to Plaintiff's Motion for Attorneys' Fees (**DE 117**) (hereinafter the "Response").

## ARGUMENT

Defendants raise four arguments in their Response to support a downward adjustment of the Lodestar amount based in part on the analysis set out in <u>Johnson v. Georgia Highway Expres, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).  Response (**DE 117**) at pp. 2-4.  Three of those arguments address whether the hours billed by Plaintiff's attorneys are reasonable and seek to reduce the number of hours used to calculate the Lodestar.  <u>Id.</u> at pp. 2-3.  The fourth argument applies a <u>Johnson</u> factor and seeks a further reduction of the modified Lodestar.  <u>Id.</u> at p. 4.

1. PLAINTIFF DID NOT UNNECESSARILY EMPLOY MULTIPLE ATTORNEYS

Defendants' first argument is that Plaintiff unnecessarily employed multiple attorneys in this matter. RESPONSE (**DE 117**) at p. 2. Defendants' cite to the case of Barrow v. Greenville I.S.D. to support this proposition. Id. (citing Barrow v. Greenville I.S.D., Civil Action No. 3:00-cv-0913-D, 2005 WL 6789456 at *10 (N.D. TX Dec. 20, 2005) (Fitzwater, J.) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983))). However, Barrow's language concerning "double dipping" quoted by Defendants has nothing to do with multiple attorneys working on a case or communicating with each other; the "double dipping" in Barrow was a reference to attorneys charging very high hourly rates and also performing significant amounts of basic legal research that should have been performed by associates or other less experienced attorneys. Barrow, 2005 WL 6789456 at *10.

As to the number of attorneys who worked on this case for Plaintiff, only two of those attorneys, Mr. Zidell and Mr. Manteuffel, worked on the case during the entirety of the time period relevant to Supplement Fee Motion. Ms. Zhou, Mr. Levesque, and Mr. Petersen all worked on the case during different times that did not overlap as each of these three attorneys worked for Plaintiff's counsel's firm at different times. Ms. Zhou billed a minimal amount of time on the case, Mr. Levesque worked mostly on issues concerning the efforts to collect the original judgment after Defendants did not make prompt arrangements for payment, and Mr. Petersen worked primarily on issues related to the appeal taken by Defendants. Plaintiff did not unnecessarily employ multiple attorneys.

2. PLAINTIFF DID NOT BILL FOR EXCESSIVE, REDUNDANT, OR UNNECESSARY HOURS

The next argument raised by Defendants is that Plaintiff billed for hours that were excessive, redundant or unnecessary. RESPONSE (**DE 117**) at p. 3. Defendants' only factual

contentions in support of this argument are that multiple attorneys for Plaintiff reviewed documents on "several occasions" and the amount in dispute in this case is not extraordinary. Id.

While the amount in dispute during the appeal of this case may not be extraordinary, it was significant. As outlined in more detail below, the total judgment in this case amounted to over $118,000.00. Defendants filed an appellate brief attempting to reverse the entire judgment and procure a new trial. Given the unusual history of this case, the amount of the judgment at issue, Defendants' previous unwillingness to pay the judgment, and the novel arguments raised by Defendants on appeal, Plaintiff's attorneys addressed the issues raised on appeal by Defendants carefully. Review of documents by both Mr. Zidell and Mr. Manteuffel ultimately reduced the amount of time required for research due to their experience. Plaintiff did not bill for excessive, redundant, or unnecessary hours.

3. PLAINTIFF DID NOT BILL FOR TIME THAT COULD NOT BE BILLED TO A CLIENT

Defendants' third argument for reducing the number of reasonable hours spent by Plaintiffs' counsel on this matter appears to be that Plaintiff's counsel could not bill a client for some of the hours because the legal issues involved were not complex and that the amount in controversy was not significant. RESPONSE (**DE 117**) at p. 3. First, Defendants' statements concerning the amount in controversy are misleading. In addition to the $29,000.62 in damages awarded to Plaintiff, the Court also awarded $85,245 in attorneys' fees and $4,136.80 in costs to Plaintiff for a total judgment of $118,382.42. *See* JUDGMENT (**DE 48**); MEMORANDUM OPINION AND ORDER (**DE 52**); BILL OF COSTS (**DE 58**).

As to the legal issues involved, Plaintiff was required to enact enforcement procedures after the judgment was entered as Defendants did not make payment or contact Plaintiff concerning making arrangements for payment of the judgment after it was entered. Plaintiff

incurred expenses related to using a writ of garnishment to attempt to collect the judgment that helped lead to funds being placed in a trust account for purposes of paying the judgment pending the outcome of the appeal. Furthermore, Defendants filed an appeal that attempted to raise relatively novel arguments based on Constitutional law that had nothing to do with the statutory law relevant to the Fair Labor Standards Act. While Defendants' appeal was ultimately denied on a procedural issue, Plaintiff filed a Motion to Dismiss based on the timeliness of the appeal on May 9, 2014 before Plaintiff filed his appellate brief on June 2, 2014. Defendants opposed the Motion to Dismiss and after Plaintiff filed his Reply, the Court of Appeals entered an Order carrying the Motion to Dismiss with the appeal.

As Defendants' opposed the Motion to Dismiss filed in the appeal and the Court of Appeals carried the Motion to Dismiss with the appeal until briefing was complete, Plaintiff was required to respond fully to the appeal and all of the issues raised by Defendants therein. Defendants cannot now complain that Plaintiff was required to fully brief issues of Constitutional law that Defendants themselves raised and continued to pursue despite being informed of the procedural problems with their appeal.

4. PROPORTIONALITY DOES NOT SUPPORT A DOWNWARD ADJUSTMENT IN THIS CASE

Defendants' final argument is that the attorney's fees awarded to Plaintiff for collection of the judgment and the defense of the appeal should be reduced to be proportional to the damages awarded to Plaintiff. RESPONSE (**DE 117**) at p. 4. Defendants support this argument with citations to Barrow. Id. (citing Barrow, 2005 WL 6789456 at *10 (citing City of Riverside v. Rivera, 477 U.S. 561, 574 (1986))). Defendants also cite Hernandez v. Hill Country Telephone Co-op., Inc. for the proposition that "proportionality is an appropriate consideration in

the typical case." Id. (citing Hernandez v. Hill Country Telephone Co-op., Inc., 849 F.2d 139, 144 (5th Cir. 1988)).

In Hernandez, the 5th Circuit clarified its statement regarding proportionality as follows:

> Albeit not dispositive, proportionality is an appropriate consideration in the typical case. In *Rivera,* the Supreme Court approved attorney's fees markedly exceeding the damage award. Although exceeding the monetary recovery, the fees awarded herein are substantially less disproportionate than those approved in *Rivera.* We are not prepared to say that the district court erred or abused its discretion in making this award.[1]

The Supreme Court's position on proportionality in civil rights cases as set out in City of Riverside further refutes Defendants' argument that the fees requested in the Supplemental Fee Motion should be reduced on the basis of proportionality. The Supreme Court noted that a rule requiring proportionality between fees and damage awards would make it very difficult or impossible for individuals with legitimate civil rights claims to retain representation. City of Riverside, 477 U.S. at 578. In fact, after analyzing the legislative history and case law relevant to the particular civil rights legislation at issue in the case, the Supreme Court expressly declined to adopt a rule requiring proportionality between damages and attorney's fees in cases involving civil rights. Id. at 581; *see also* City of Riverside, 477 U.S. at 576-581 (discussing rationale for not requiring proportionality between damages and attorney's fees in civil rights cases).

Reducing the attorney's fees requested by Plaintiff in the Supplemental Fee Motion on the basis of proportionality would be especially inappropriate in this case as the additional fees incurred by Plaintiff were brought about directly by Defendants' own actions. Defendants chose not to pay the judgment entered against them. Defendants chose to file an appeal and

---

1) Hernandez, 849 F.2d at 144.

raise issues that were time-barred.  Defendants chose to continue to prosecute their appeal after being put on notice that their claims were time-barred.  In summary, the additional fees requested in the Supplemental Fee Motion were incurred because of Defendants' own actions and should not be reduced because of proportionality.[2]

## PRAYER

WHEREFORE, the Plaintiff respectfully requests that the Court award the fees and costs claimed in Plaintiff's Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b) under 29 U.S.C. § 216(b), 28 U.S.C. § 1920 and Rule 54(d) for the reasons stated above.

Respectfully submitted,

By:    /s/ Joshua A. Petersen
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

**ATTORNEYS FOR PLAINTIFF**

---

2) *See also*, SUPPLEMENTAL FEE MOTION (**DE 116**) at p. 8 (discussing the 8th Johnson factor).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 11th day of March, 2015.

/s/ Joshua A. Petersen
Joshua A. Petersen
COUNSEL FOR THE PLAINTIFF(S)