**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**PEDRO GARCIA ARRIAGA,**
        **Plaintiff,**

**v.**                                                          **Civil Action No. 3:12-CV-0094-BK**

**JESS ENTERPRISES, SEJ
PROPERTIES, L.P., CALIFCO,
LLC, and ELIAS SHOKRIAN,**
        **Defendants.**

**ORDER**

The Court now considers Plaintiff's *Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b)*. Doc. 116.  Plaintiff seeks an award of $71,920.00 in fees and $140.00 in costs.  Doc. 116 at 3; Doc. 119.  For the reasons that follow, the motion is **GRANTED** to the extent that Plaintiff is entitled to recover attorneys' fees in the amount of $61,132.00 and costs in the amount of $140.00.

### A.     Procedural History

On May 6, 2014, the parties consented to proceed before the Magistrate Judge on this Fair Labor Standards Act ("FLSA") case.  Doc. 95.  By that time, the case already had proceeded to a bench trial on August 19, 2013, after which the District Court entered judgment in favor of Plaintiff for the principal sum of $14,500.31, liquidated damages in the same amount, and attorneys' fees of $85,245.00.  Doc. 48; Doc. 52.  Defendants filed an appeal that ultimately was dismissed for lack of jurisdiction.  Doc. 62; Doc. 108 at 2.  Plaintiff now moves for an award of attorneys' fees incurred post-judgment.  Doc. 116; Doc. 119.

### B.     Applicable Law

A prevailing party in a civil action is entitled to recover his costs unless a federal statute, the federal rules, or the court provides otherwise.  *See* FED. R. CIV. P. 54(d)(1).  Taxable court

1

costs include: (1) fees paid to the clerk and the marshal; (2) court reporter fees; (3) witness fees; (4) printing costs; and (5) fees for copies of papers obtained for use in the case.  *See* 28 U.S.C. §§ 1821 & 1920.  Because Plaintiff is the prevailing party in this matter, he may also recover his reasonable attorney's fees.  29 U.S.C. § 216(b).  The purpose of the FLSA attorney fee provision is "to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances."  *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 802 (5th Cir. 2006) (quoting *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994)).

The most common starting point for assessing a reasonable attorney's fee under fee-shifting statutes is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (considering a fee award under Civil Rights Attorney's Fee Awards Act, 42 U.S.C. § 1988).  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  The most critical factor in determining an attorney's fee award is the degree of success obtained.  *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quotations omitted).  When calculating the lodestar, the district court should exclude hours that were not reasonably expended, for example, if the case was overstaffed or the hours were redundant or unnecessary.  *Hensley*, 461 U.S. at 433.

Once the lodestar figure is calculated, it then may be adjusted "upward or downward depending upon the respective weights of the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*"  *Matter of Fender*, 12 F.3d 480, 487 (5th Cir. 1994).  The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)*, overruled on other grounds by* Blanchard v. Bergeson, 489 U.S. 871 (1989)).

### C.    Parties' Arguments

Plaintiff submits that five attorneys worked on the case at various stages, leading to a total lodestar amount of $71,920.00:  (1) J.H. Zidell for 69.9 hours x $350.00 per hour; (2) Robert Manteuffel for 74.8 hours x $350.00 per hour; (3) Niki Zhou for 2.6 hours x $200.00 per hour; (4) Steven Levesque for 50.8 hours x $200.00 per hour; and (5) Joshua Peterson for 44.7 hours x $200.00 per hour. Doc. 116 at 4.  Plaintiff notes that much of the additional cost of the supplemental litigation was due to defending the appeal as well as collecting the judgment. Doc. 116 at 6-7.  In particular, Plaintiff states that Defendants would not pay the judgment and filed an appeal that was time-barred, but the appellate court required briefing on the merits before ultimately dismissing the case for lack of jurisdiction. Doc. 118 at 5-7.  Plaintiff has submitted in support billing records dating from November 6, 2013 through January 23, 2015. Doc. 116-1 at 2-25.  Additionally, Plaintiff seeks $140.00 in costs associated with serving a writ of garnishment in the case. Doc. 70; Doc. 116 at 3, 10.

Defendants oppose Plaintiff's motion, arguing first that Plaintiff exercised poor billing judgment by unnecessarily employing multiple attorneys to work on the case and communicating among four attorneys regarding the same subject matter. Doc. 117 at 2.  Relatedly, Defendants

contend that Plaintiff's total hours billed are excessive and redundant. Doc. 117 at 3. Next, Defendants assert that the most senior attorneys at Plaintiff's law firm were unnecessarily involved in the case too heavily considering the amount in controversy and the issues in dispute. Doc. 117 at 3. Finally, Defendants argue that a downward adjustment to the lodestar calculation is warranted based on the disproportionality between the fees sought and the amount of damages awarded to Plaintiff. Doc. 117 at 4. Plaintiff has filed an addendum to his fee motion, seeking reimbursement of the $1,655.00 in attorneys' fees incurred in drafting his reply brief. Doc. 119.

**D.      Analysis**

Defendants do not challenge the reasonableness of counsels' hourly rates. Moreover, the undersigned finds such rates to be reasonable based on the Court's familiarity with hourly rates charged by attorneys of similar experience and skill. Accordingly, the Court will only address the other lodestar factor, namely the number of reasonable hours expended. Defendants bring four challenges to that figure: (1) multiple attorneys were billing for the same service, thereby exercising poor billing judgment; (2) the hours billed were excessive and redundant insofar as numerous documents were unnecessarily reviewed by multiple attorneys; (3) many of the hours billed could not have been charged to Plaintiff because the appeal was mooted on a "technicality," and the Court should consider that Defendants were represented by one attorney; and (4) the lodestar should be adjusted downward due to the disproportionality between the amount of fees sought and the amount of damages Plaintiff obtained. The first and second issues are interrelated and will be considered together below.

*1.      Poor Billing Judgment/Duplicative Billing*

The exercise of billing judgment refers to the usual practice of law firms writing off unproductive, excessive, or duplicative hours. *Walker v. U.S. Dept. of Housing and Urban*

*Dev't*, 99 F.3d 761, 769 (5th Cir. 1996). The party seeking an award of attorneys' fees bears the burden of proving that it exercised billing judgment. *Id.* at 770. "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Id.* In *Walker*, the appellate court found no evidence of billing judgment merely because the law firm did not charge for (1) inadequately documented time; (2) time spent on losing issues; and (3) time spent on issues that ultimately were not pursued. *Id.* at 769. The court noted that the deletion of those items did not indicate the exercise of billing judgment because the firm had no right to bill for them at all. *Id.* Further, the appellate court noted that the district judge did not find that any other time had been written off, and indeed there was no record of such since the attorneys claimed to have written the hours off before recording them. *Id.* The panel ruled that the district court's finding that the attorneys had exercised billing judgment was clearly erroneous and held that a 15% reduction in the fee award was warranted. *Id.*

Although the Court will not endeavor to list each instance of poor billing judgment, the undersigned agrees with Defendants that Plaintiff's counsel failed to exercise sufficient billing judgment insofar as counsel has engaged in various acts of (1) billing an excessive amount of time considering the nature of the task; (2) billing time for unnecessary tasks; and (3) billing for multiple attorneys engaging in the same tasks, resulting in duplicative efforts. Further, there is no indication in the billing sheets that counsel wrote off any time. Upon consideration, the Court finds that an across-the-board reduction in the amount of 15% of the fee request is warranted. Accordingly, Plaintiff's fee award now stands at $61,132.00.

*2.    The Appeal*

Defendants suggest that because their appeal in this matter was dismissed "on a technicality," Plaintiff is not entitled to an award of all of the fees incurred in the prosecution of the appeal.  What Defendants fail to mention, however, are the nuances of the post-judgment proceedings and the appeal, which included (1) entry of a writ of garnishment in an attempt to collect the judgment and fees; (2) Defendants' constitutional arguments on appeal relating to the bench trial, which did not directly involve the FLSA claims; (3) although Plaintiff's motion to dismiss the appeal based on lack of jurisdiction was ultimately granted, the appellate court carried the motion with the case, so Plaintiff was required to fully brief the constitutional claims; and (4) Defendants' filing of a post-judgment motion for relief from judgment while the appeal was pending.  Upon consideration of the law and the parties' arguments, Defendants are not entitled to a reduction of fees based on this basis.

*3.    Johnson Factors/Proportionality of the Fee Award*

Defendants maintain that because Plaintiff recovered only $29,000.00 in damages and already were awarded attorneys' fees of more than $85,000.00, the Court should downwardly adjust the lodestar in accordance with *Johnson* so the fee award is proportional to the damages Plaintiff obtained.  Doc. 117 at 4.  The cases Defendants cite in support of downwardly adjusting the lodestar for that reason, however, do not wholly stand for the proposition professed.  In *City of Riverside v. Rivera*, the Supreme Court noted that while the amount of damages a plaintiff recovered was relevant to the amount of attorneys' fees awarded under the Civil Rights Attorney's Fees Awards Act, it was one of many factors, and fee awards need not "necessarily be proportionate" to the amount of damages obtained.  477 U.S. 561, 574 (1986).  Indeed, the Court noted that a rule of proportionality "would make it difficult, if not impossible, for individuals

with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *Id.* at 578.  In relying on *Riverside*, the Court of Appeals for the Fifth Circuit has noted that counsel for a prevailing party in a Title VII case need not be paid based on the actual amount of money awarded to the plaintiff, but rather "should be paid as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter." *Green v. Admin. of Tulane Ed. Fund* 284 F.3d 642, 663 (5th Cir. 2002), *overruled on other grounds, Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 66 (2006).

Upon independent review of the *Johnson* factors, there does not appear to be any justification for lowering the lodestar fee detailed above.  In reference to Defendants' proportionality challenge, the attorneys' fees Plaintiff requested amount to almost two and one half times the damages award he obtained.  Appellate courts have upheld similar fees. *Rivera,* 477 U.S. at 564-654 (upholding fee award that was 3.7 times the jury verdict against proportionality challenge); *Hernandez v. Hill Country Tel. Co-Op., Inc.*, 849 F.2d 139, 141 (5th Cir. 1988) (Title VII/Section 1981 case in which fee award 3.1 times the judgment was upheld against proportionality challenge).  The attorneys' fees requested, as modified by the Court, are not disproportionate and the Court declines to downwardly adjust them on that basis.

**E.    Conclusion**

For the reasons stated above, Plaintiff's *Supplemental Motion for Attorney Fees Pursuant to 29 U.S.C. § 216(b)*, Doc. 116, is **GRANTED** to the extent that Plaintiff is entitled to an award of $61,132.00 in fees and $140.00 in costs.

**SO ORDERED** on June 9, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE